**WARNING: AT LEAST ONE DOCUMENT COULD NOT BE INCLUDED!**
**You were not billed for these documents.**
**Please see below.**

| Document Number | Document Description | Pages | Document Error |
|---|---|---|---|
| Document 34 attachment | Attachment | 2 | **DOCUMENT COULD NOT BE RETRIEVED! However, it may still be viewable individually.** |
| Document 34 attachment | Attachment | 9 | **DOCUMENT COULD NOT BE RETRIEVED! However, it may still be viewable individually.** |

1   Lawrence J. Joseph (SBN 154908)
    Law Office of Lawrence J. Joseph
2   1250 Connecticut Ave, NW, Suite 700-1A
    Washington, DC 20036
3   Tel: 202-355-9452
    Fax: 202-318-2254
4   Email: ljoseph@larryjoseph.com

5   Counsel for Movant Immigration Reform Law Institute

6

7                  **IN THE UNITED STATES DISTRICT COURT**

8                  **NORTHERN DISTRICT OF CALIFORNIA**

9   East Bay Sanctuary Covenant; Al Otro        )
    Lado; Innovation Law Lab; and Central       )   Case No. 3:18-cv-6810-JST
10  American   Resource   Center   in   Los     )
    Angeles,                                     )   **NOTICE OF MOTION AND MOTION**
11                                               )   **OF IMMIGRATION REFORM LAW**
                *Plaintiff*,                     )   **INSTITUTE FOR LEAVE TO FILE AN**
12                                               )   ***AMICUS CURIAE* BRIEF IN SUPPORT**
                v.                               )   **OF FEDERAL DEFENDANTS IN**
13                                               )   **OPPOSITION TO INTERIM RELIEF**
    Donald J. Trump, President of the United     )
14  States, in his official capacity; Matthew G. )
    Whitaker, Acting Attorney General, in his   )   NO HEARING NOTICED
15  official capacity; U.S. Dep't of Justice;   )
    James McHenry, Director of the Executive    )   Complaint filed: November 9, 2018
16  Office for Immigration Review, in his       )   Honorable Jon S. Tigar
    official capacity; the Executive Office for  )
17  Immigration Review; Kirstjen M. Nielsen,    )
    Secretary of Homeland Security, in her      )
18  official capacity; U.S. Dep't of Homeland   )
    Security; Lee Francis Cissna, Director of   )
19  the U.S. Citizenship & Immigration          )
    Services, in his official capacity; U.S.    )
20  Citizenship  &  Immigration  Services;      )
    Kevin K. McAleenan, Commissioner of         )
21  U.S. Customs & Border Protection, in his    )
    official capacity; U.S. Customs & Border    )
22  Protection; Ronald D. Vitiello, Acting      )
    Director of Immigration & Customs           )
23  Enforcement, in his official capacity;      )
    Immigration & Customs Enforcement,          )
24                                               )
                *Defendants*.                    )
25                                               )
                                                 )
26  _____         )

**PLEASE TAKE NOTICE** that movant Immigration Reform Law Institute ("IRLI") respectfully moves this Court for leave to file the accompanying *amicus curiae* brief in support of the federal defendants and their opposition to the plaintiffs' motion for a temporary restraining order ("TRO"). As a motion for administrative relief, Local Rule 7-11 does not require a hearing for this motion. Although IRLI's motion does not require a hearing, IRLI's *amicus* brief concerns the matter being heard on November 19, 2018, at 9:30 a.m., before Judge Jon S. Tigar in San Francisco, Courtroom 9, 19th Floor.

At the hearing on November 19, 2018, plaintiffs will seek a TRO against actions by the federal defendants. The *amicus* brief that is the subject of IRLI's motion questions the justiciability of plaintiff's claims. The issue raised in IRLI's motion (*i.e.*, *this* motion) is whether, in the exigencies of briefing a TRO, the Court should allow an *amicus* brief that raises additional arguments on which to question the jurisdictional appropriateness of this Court's entertaining plaintiffs' suit or grant interim relief. The parties take no position on IRLI's motion.[1]

## IDENTITY AND INTEREST OF *AMICUS CURIAE*

IRLI is a nonprofit 501(c)(3) public-interest law firm incorporated in the District of Columbia. IRLI is dedicated to litigating immigration-related cases on behalf of, and in the interests of, United States citizens and legal permanent residents and to assisting courts in understanding and accurately applying federal immigration law. IRLI has litigated or filed *amicus* briefs in many important immigration cases. For more than twenty years, the Board of

---

[1] Specifically, defendants' counsel indicated that the defendants "take no position on your motion to submit an amicus brief at this point unless we hear in writing from plaintiffs that they will have sufficient time to respond to your brief," and the plaintiffs' counsel indicated "Plaintiffs take no position, but note that your proposed amicus brief would be filed, at most, only hours before our reply is due, leaving us no time to address it. Plaintiffs also note that the one amicus brief filed in support of our side was filed the day before the government's opposition brief was due, allowing the government time to address the brief."

Immigration Appeals has solicited *amicus* briefs drafted by IRLI staff from IRLI's affiliate, the Federation for American Immigration Reform, because the Board considers IRLI an expert in immigration law. For these reasons, IRLI has direct interests in the issues here.

## REASONS TO GRANT LEAVE TO FILE

At the outset, IRLI and the undersigned counsel regret the timing of this motion in the fast-moving briefing of plaintiffs' TRO motion. The undersigned counsel receives notice of court filings in district court via LexisNexis's CourtLink product, which provides next-day notice of filings. Accordingly, IRLI and the undersigned counsel did not learn of yesterday's order unsealing the case until this morning; prior to this morning, it had been IRLI's plan to move to unseal the case today, as IRLI had done in. *Sajous v. Decker*, No. 1:18-cv-2447-AJN (S.D.N.Y.),[2] with the eventual goal of moving for leave to file an *amicus* brief here after IRLI had the opportunity to review the parties' filings.

Now that IRLI has access to the parties' filings, IRLI has prepared the accompanying four-page *amicus* brief, confined to justiciability and standing for diverted-resource injuries under *Havens Realty Corp. v. Coleman*, 455 U. S. 363 (1982), and its progeny. IRLI respectfully submits that its short *amicus* brief could aid this Court's consideration of the federal courts' proper role in this dispute:

> All of the doctrines that cluster about Article III — not only standing but mootness, ripeness, political question, and the like — relate in part, and in different though overlapping ways, to an idea, which is more than an intuition but less than a rigorous and explicit theory, about the constitutional and prudential limits to the powers of an unelected, unrepresentative judiciary in our kind of government.

---

[2]   IRLI thanks the Court for unsealing the case without the need for (and expense of) limited-purpose intervention to move to unseal the case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

*Allen v. Wright*, 468 U.S. 737, 750 (1984) (interior quotation marks omitted). Courts thus consider these issues *sua sponte*, even if the parties do not raise them. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998). For that reason, jurisdictional arguments are an exception to courts' hesitation to consider arguments raised solely by an *amicus*. *Kamen v. Kemper Fin. Servs.*, 500 U.S. 90, 97 n.4 (1991). Moreover, the federal defendants *did raise* all the relevant *issues* about *Havens Realty*, with IRLI's merely providing a few additional *arguments* in support of those issues to distinguish *Havens Realty*. Insofar as the defendants have raised these issues sufficiently to raise IRLI's supporting arguments on appeal, *Yee v. Escondido*, 503 U.S. 519, 534-35 (1992), this Court clearly can and should consider IRLI's arguments now.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should grant leave to file IRLI's *amicus* brief.

Dated: November 16, 2018                    Respectfully submitted,


                                             /s/ Lawrence J. Joseph
                                            _____
                                            Lawrence J. Joseph (SBN 154908)

                                            Law Office of Lawrence J. Joseph
                                            1250 Connecticut Ave, NW, Suite 700-1A
                                            Washington, DC 20036
                                            Tel: 202-355-9452
                                            Fax: 202-318-2254
                                            Email: ljoseph@larryjoseph.com

                                            *Counsel for Movant*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of November, 2018, I electronically filed the foregoing motion for leave to file together with the accompanying *amicus curiae* brief, with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Notice of this filing will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

    /s/ Lawrence J. Joseph

Lawrence J. Joseph (SBN 154908)

Law Office of Lawrence J. Joseph
1250 Connecticut Ave, NW, Suite 700-1A
Washington, DC 20036
Tel: 202-355-9452
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Movant*

**CERTIFICATE OF SERVICE, No. 3:18-cv-6810-JST**                                    **1**