Lawrence J. Joseph (SBN 154908)
Law Office of Lawrence J. Joseph
1250 Connecticut Ave, NW, Suite 700-1A
Washington, DC 20036
Tel: 202-355-9452
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

Counsel for Movant Immigration Reform Law Institute

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| East Bay Sanctuary Covenant; Al Otro Lado; Innovation Law Lab; and Central American Resource Center in Los Angeles,<br><br>  *Plaintiff*,<br><br>  v.<br><br>Donald J. Trump, President of the United States, in his official capacity; Matthew G. Whitaker, Acting Attorney General, in his official capacity; U.S. Dep't of Justice; James McHenry, Director of the Executive Office for Immigration Review, in his official capacity; the Executive Office for Immigration Review; Kirstjen M. Nielsen, Secretary of Homeland Security, in her official capacity; U.S. Dep't of Homeland Security; Lee Francis Cissna, Director of the U.S. Citizenship & Immigration Services, in his official capacity; U.S. Citizenship & Immigration Services; Kevin K. McAleenan, Commissioner of U.S. Customs & Border Protection, in his official capacity; U.S. Customs & Border Protection; Ronald D. Vitiello, Acting Director of Immigration & Customs Enforcement, in his official capacity; Immigration & Customs Enforcement,<br><br>  *Defendants*. | Case No. 3:18-cv-6810-JST<br><br>***AMICUS CURIAE* BRIEF OF IMMIGRATION REFORM LAW INSTITUTE IN SUPPORT OF FEDERAL DEFENDANTS IN OPPOSITION TO INTERIM RELIEF**<br><br>Date: November 19, 2018<br>Time: 9:30 a.m. |

## TABLE OF CONTENTS

Table of Contents ................................................................................................................. i
Table of Authorities ............................................................................................................ ii
Memorandum of Points and Authorities ............................................................................ 1
Statement of Issues ............................................................................................................. 1
Identity and Interest of *Amicus Curiae* ............................................................................. 1
Statement of Facts .............................................................................................................. 1
Argument ............................................................................................................................ 2
I.   Plaintiffs lack standing. ............................................................................................. 2
II.  The Government did not waive any of the arguments raised in this brief. ............. 4
Conclusion .......................................................................................................................... 4

# TABLE OF AUTHORITIES

## CASES

*Action Alliance of Senior Citizens v. Heckler*,
   789 F.2d 931 (D.C. Cir. 1986) ...................................................................................... 4

*Animal Legal Def. Fund v. USDA*, 632
   F.App'x 905 (9th Cir. 2015) ......................................................................................... 2

*City of Los Angeles v. Cty. of Kern*,
   581 F.3d 841 (9th Cir. 2009) ........................................................................................ 4

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983) ........................................................................................................ 2

*Clapper v. Amnesty Int'l USA*,
   133 S.Ct. 1138 (2013) ................................................................................................... 2

*Gladstone, Realtors v. Bellwood*,
   441 U.S. 91 (1979) ........................................................................................................ 3

*Havens Realty Corp. v. Coleman*,
   455 U. S. 363 (1982) ............................................................................................. 1, 3-4

*Mountain States Legal Found. v. Glickman*,
   92 F.3d 1228 (D.C. Cir. 1996) ..................................................................................... 3

*Pennsylvania v. New Jersey*,
   426 U.S. 660 (1976) ...................................................................................................... 2

*People for the Ethical Treatment of Animals v. U.S. Dept. of Agriculture*,
   797 F.3d 1087 (D.C. Cir. 2015) ................................................................................... 2

*Sierra Club v. Morton*,
   405 U.S. 727 (1972) .................................................................................................. 2-3

*Warth v. Seldin*,
   422 U.S. 490 (1975) ...................................................................................................... 3

*Yee v. Escondido*,
   503 U.S. 519 (1992) ...................................................................................................... 4

## STATUTES

U.S. CONST. art. III ............................................................................................................. 2-3

Administrative Procedure Act,
   5 U.S.C. §§551-706 ...................................................................................................... 1

Immigration and Naturalization Act,
   8 U.S.C. §§1101-1537 .................................................................................................. 1

Fair Housing Act,
   PUB. L. NO. 90-284, Title VIII, 82 Stat. 83 (1968) ...................................................... 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## MEMORANDUM OF POINTS AND AUTHORITIES

Several groups concerned about immigration issues (collectively, "Plaintiffs") have sued various federal officials and offices (collectively, the "Government") to enjoin the Government's actions regarding immigration matters under the Immigration and Naturalization Act, 8 U.S.C. §§1101-1537 ("INA") and Administrative Procedure Act, 5 U.S.C. §§551-706 ("APA").

## STATEMENT OF ISSUES

In addition to the issues raised by the parties, this Court should consider whether groups such as Plaintiffs can premise their standing on diverted resources under *Havens Realty Corp. v. Coleman*, 455 U. S. 363, 373 (1982), and its progeny when the statute that the groups seek to enforce either does not remove prudential concerns from the standing analysis (as the *Havens Realty* statute did) or does not include such groups' expenditures within the zone of interests that the statute protects.

## IDENTITY AND INTEREST OF *AMICUS CURIAE*

*Amicus curiae* Immigration Law Reform Institute ("IRLI") is a nonprofit 501(c)(3) public-interest law firm incorporated in the District of Columbia. IRLI is dedicated to litigating immigration-related cases on behalf of, and in the interests of, United States citizens and legal permanent residents and to assisting courts in understanding and accurately applying federal immigration law. IRLI has litigated or filed *amicus* briefs in many important immigration cases. For more than twenty years, the Board of Immigration Appeals has solicited *amicus* briefs drafted by IRLI staff from IRLI's affiliate, the Federation for American Immigration Reform, because the Board considers IRLI an expert in immigration law. For these reasons, IRLI has direct interests in the issues here.

## STATEMENT OF FACTS

In the interest of brevity, IRLI adopts the facts as stated by the Government. Gov't Memo.

at 1-7.

## ARGUMENT

**I.     PLAINTIFFS LACK STANDING.**

Before a federal court can even consider the underlying merits, plaintiffs must establish their standing to obtain a preliminary injunction. *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983). As the Government argues, Plaintiffs lack constitutional and prudential standing. Gov't Memo. at 7-9 (Article III standing), 9-11 (zone of interests).

Plaintiffs premise their organizational standing on the theory that the Government's actions will cause Plaintiffs to expend additional resources to combat the Government's rule. Compl. ¶¶ 78-99. Because such diverted-resource injuries are entirely self-inflicted and outside the INA's zone of interests, *amicus* IRLI respectfully submits that such injuries do not suffice.

This type of diverted-resources standing derives from *Havens Realty*; as Judge Millett of the U.S. Court of Appeals and Judge Chhabria of this Court have explained, "[t]he problem is not *Havens*[; the] problem is what our precedent has done with *Havens*." *People for the Ethical Treatment of Animals v. U.S. Dept. of Agriculture*, 797 F.3d 1087, 1100-01 (D.C. Cir. 2015) (Millett, J., dissenting); *accord Animal Legal Def. Fund v. USDA*, 632 F. App'x 905, 909 (9th Cir. 2015) (Chhabria, J., concurring[3]). Under the unique statutory and factual situation in *Havens Realty*, a housing-rights organization's diverted resources provided it standing, but in most other settings such diverted resources are mere self-inflicted injuries. *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1152-53 (2013); *Pennsylvania v. New Jersey,* 426 U.S. 660, 664 (1976). Moreover, if mere spending could manufacture standing, any private advocacy group could establish standing against any government action. But that clearly is not the law. *Sierra Club v.*

---

[3]     Judge Chhabria was sitting on the Ninth Circuit panel by designation.

*AMICUS CURIAE* **BRIEF OF IMMIGRATION REFORM LAW INSTITUTE, No. 3:18-cv-6810-JST**                                                                         **2**

*Morton,* 405 U.S. 727, 739 (1972) (organizations lack standing to defend "abstract social interests"). To avoid overstepping its constitutional authority, this Court should not count the diverted-resources rationale for Article III standing.

Relying on *Gladstone, Realtors v. Bellwood*, 441 U.S. 91, 102-09 (1979), *Havens Realty* held that the Fair Housing Act at issue there extends "standing under § 812 … to the full limits of Art. III," so that "courts accordingly lack the authority to create prudential barriers to standing in suits brought under that section," 455 U.S. at 372, thereby collapsing the standing inquiry into the question of whether the alleged injuries met the Article III minimum of injury in fact. *Id.* The typical organizational plaintiff and typical statute lack several critical criteria from *Havens Realty*.

First, the *Havens Realty* organization had a statutory right (backed by a statutory cause of action) to truthful information that the defendants denied to it. Because "Congress may create a statutory right[,]

 … the alleged deprivation of [such rights] can confer standing." *Warth v. Seldin,* 422 U.S. 490, 514 (1975). Under a typical statute, a typical organizational plaintiff has no claim to any rights related to its own voluntarily diverted resources.

Second, and related to the first issue, the injury that an organizational plaintiff claims must align with the other components of its standing, *Mountain States Legal Found. v. Glickman,* 92 F.3d 1228, 1232 (D.C. Cir. 1996), including the allegedly cognizable right. In *Havens Realty,* the statutorily protected right to truthful housing information aligned with the alleged injury (costs to counteract false information, in violation of the statute). By contrast, under INA (or any typical statute), there will be no rights even *remotely* related to a third-party organization's discretionary spending.

Third, and most critically, the *Havens Realty* statute eliminated prudential standing, so the zone-of-interest test did not apply. When a plaintiff — whether individual or organizational — sues under a statute that *does not eliminate prudential standing*, that plaintiff cannot bypass the zone-of-interest test or other prudential limits on standing.[4] Typically, it would be fanciful to suggest that a statute has private, third-party spending in its zone of interests. Certainly that is the case for the INA.

## II. THE GOVERNMENT DID NOT WAIVE ANY OF THE ARGUMENTS RAISED IN THIS BRIEF.

Although the zone-of-interests test is a prudential doctrine that a defendant can waive by failing to raise it, *City of Los Angeles v. Cty. of Kern*, 581 F.3d 841, 845 (9th Cir. 2009), the Government's memorandum of law not only argues that Plaintiffs fall outside the INA's zone of interests but also distinguishes *Havens Realty*. Accordingly, the Government has not waived any of the arguments that IRLI makes because IRLI's brief supports *issues* that the Government already has raised. As such, the Government could raise these arguments on appeal, *Yee v. Escondido*, 503 U.S. 519, 534-35 (1992), so it would be passing strange if this Court cannot consider them here.

## CONCLUSION

This Court should deny the request for interim relief because Plaintiffs lack standing.

---

[4] For example, applying *Havens* to diverted resources in *Action Alliance of Senior Citizens v. Heckler*, 789 F.2d 931, 939 (D.C. Cir. 1986) (R.B. Ginsburg, J.), then-Judge Ginsburg correctly recognized the need to ask whether those diverted resources fell within the zone of interests of the Age Discrimination Act. 789 F.2d at 939. There was no such inquiry here or in most diverted-resource decisions.

| | |
|---|---|
| Dated: November 16, 2018 | Respectfully submitted, |

  /s/ Lawrence J. Joseph
Lawrence J. Joseph (SBN 154908)

Law Office of Lawrence J. Joseph
1250 Connecticut Ave, NW, Suite 700-1A
Washington, DC 20036
Tel: 202-355-9452
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Amicus Curiae*

*AMICUS CURIAE* **BRIEF OF IMMIGRATION REFORM LAW INSTITUTE, No. 3:18-cv-6810-JST**                                                               5