# DECLARATION OF MICHAEL SMITH, REFUGEE RIGHTS PROGRAM DIRECTOR, EAST BAY SANCTUARY COVENANT

I, Michael Smith, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I make this declaration based on my personal knowledge except where I have indicated otherwise. If called as a witness, I would testify competently and truthfully to these matters.

2. I am the Refugee Rights Program Director of the East Bay Sanctuary Covenant ("EBSC"). I helped start EBSC's affirmative asylum program in 1992, and have been with the organization since. In my current role, I oversee our affirmative asylum practice, which includes over 500 cases currently pending before the U.S. Citizenship and Immigration Services ("USCIS"). The vast majority of clients in our affirmative asylum program—approximately 80%—entered without inspection.

3. I submit this declaration to supplement my previous declaration in *East Bay Sanctuary Covenant v. Trump*, which was executed on November 9, 2018.

4. The Presidential Proclamation and Interim Final Rule at issue in *East Bay Sanctuary Covenant v. Trump* frustrate EBSC's mission to assist asylum seekers in filing affirmative applications for asylum.

5. EBSC's affirmative asylum program is the organization's most important program. It is the reason EBSC has grown and developed other programs.

6. EBSC cannot represent asylum seekers who enter at a port of entry along the southern border, for two principal reasons.

7. First, EBSC cannot represent asylum seekers who enter at a port of entry because EBSC is not located near the southern border. We are located hundreds of miles away, in Berkeley, California. Most of the asylum seekers who enter at a port of entry remain detained in detention facilities located near the border.

8. Second, EBSC cannot represent asylum seekers who enter at a port of entry because we only rarely represent people in removal proceedings. Our program is focused on representing individuals who file affirmative applications for asylum. Noncitizens who present at a port of entry and ask to apply for asylum are not eligible to file an affirmative application for asylum. Instead, they are limited to seeking asylum defensively in removal proceedings.

9. Thus, even those asylum seekers who arrive at a port of entry and are fortunate enough to be granted release from detention, and who then manage to relocate to the Bay Area, are not the kind of asylum applicants we can represent. That is because they will still be in removal proceedings and cannot apply for asylum affirmatively.

10. The only noncitizens who enter at ports of entry who might later be eligible to file affirmative applications for asylum are those who have visas of some kind. But for the most part, such individuals fall outside of the population who it is EBSC's mission is to serve, as they make too much money to qualify for EBSC's services.

11. EBSC's mission is to serve poor individuals who have few resources and cannot afford attorneys. And the grant that funds EBSC's work is only for people who make under 250% of the poverty guideline.

12. EBSC does affirmative asylum cases, not defensive asylum cases. We only do defensive asylum cases in the rare situation that one of our clients who initially applies affirmatively is then referred to immigration court by the Asylum Office.

13. EBSC is neither staffed nor funded to provide representation for asylum applicants in removal proceedings. To do so would involve a fundamental change in our program and mission.

14. As explained in my prior declaration, if the new policy remains in effect, EBSC stands to lose nearly all of our funding for our affirmative asylum program, because 80% of our clients in that program entered without inspection. But under the new policy, if they enter without inspection, they will no longer be able to access asylum at all.

15. Since the announcement of the new policy, EBSC has had to divert resources away from its core programs to address the new policy. We have had to dedicate time to training staff on the new policy as well as to speaking with clients who have heard about the policy and are concerned about how it may affect them.

I hereby declare under the penalty of perjury pursuant to the laws of the United States that the above is true and correct to the best of my knowledge.

EXECUTED this 3rd day of December, 2018.

*Michael Smith*

Michael Smith