Patrick W. Pearsall, D.C. Bar No. 975801
Appearance Pro Hac Vice
1099 New York Ave., NW
Washington, DC 20001
(202) 639-6000

Brian Hauck, Cal. Bar No. 303058
633 W. 5th St.
Los Angeles, CA 90071
(213) 238-5100

Jenner & Block LLP
Counsel for Amicus Curiae Office of United Nations High Commissioner for Refugees

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| East Bay Sanctuary Covenant; Al Otro Lado; Innovation Law Lab; and Central American Resource Center in Los Angeles,<br><br>        *Plaintiffs*,<br>  v.<br><br>Donald J. Trump, President of the United States, in his official capacity; Matthew G. Whitaker, Acting Attorney General, in his official capacity; U.S. Department of Justice; James McHenry, Director of the Executive Office for Immigration Review, in his official capacity; Executive Office for Immigration Review; Kirstjen M. Nielsen, Secretary of Homeland Security, in her official capacity; U.S. Department of Homeland Security; Lee Francis Cissna, Director of the U.S. Citizenship and Immigration Services, in his official capacity; U.S. Citizenship and Immigration Services; Kevin K. McAleenan, Commissioner of U.S. Customs and Border Protection, in his official capacity; U.S. Customs and Border Protection; Ronald D. Vitiello, Acting Director of Immigration and Customs Enforcement, in his official capacity; Immigration and Customs Enforcement,<br><br>        *Defendants*. | Case No. 3:18-CV-06810-JST<br><br>The Honorable Jon S. Tigar<br><br>**MOTION OF OFFICE OF UNITED NATIONS HIGH COMMISSIONER FOR REFUGEES FOR LEAVE TO FILE AMICUS CURIAE BRIEF**<br><br>Hearing Date: Dec. 19, 2018 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT: The Office of the United Nations High Commissioner for Refugees ("UNHCR") respectfully requests leave to file the appended brief as amicus curiae in the above-captioned case. Counsel for Plaintiffs have consented to this filing. Counsel for Defendants have not consented; Defendants consent to a filing only insofar as it is half the length of the parties' primary briefs. The enclosed brief is consistent with the Court's local rules, and UNHCR is mindful of the Court's admonition that amici should "remember the basic imperative of brevity." Dkt. No. 50 at 2:3.

## STATEMENT OF INTEREST

UNHCR is the organization entrusted by the United Nations General Assembly with responsibility for providing international protection to refugees and others of concern and, together with national governments, for seeking permanent solutions to their problems.[1] UNHCR exercises its supervisory responsibility by issuing interpretative guidelines on the meaning of various international refugee instruments, in particular the Convention Relating to the Status of Refugees ("1951 Convention"), July 28, 1951, 189 U.N.T.S. 137, and the Protocol Relating to the Status of Refugees ("1967 Protocol"), Jan. 31, 1967, 606 U.N.T.S. 267, as implemented in the Refugee Act of 1980 ("Refugee Act"), Pub. L. No. 96-212, 94 Stat. 102. UNHCR's views are informed by its more than six decades of experience supervising the treaty-based system of refugee protection.

## LEGAL STANDARD

The decision whether to permit an amicus to be heard rests with the discretion of the court. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "Generally, courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case." *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997

---

[1] This Motion does not constitute a waiver, express or implied, of any privilege or immunity which UNHCR and its staff enjoy under applicable international legal instruments and recognized principles of international law. *See* Convention on the Privileges & Immunities of the United Nations, Feb. 13, 1946, 1 U.N.T.S. 15.

(E.D. Cal. 1991) (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)). There are no particular prerequisites that must be established prior to qualifying for amicus status: "[A]n individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." *Id.* (quoting *Louisiana*, 451 F. Supp. at 620). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)).

## ARGUMENT

This case involves a challenge to recent changes in federal asylum policy, and requires the Court to interpret and apply United States refugee law. As Congress passed the Refugee Act of 1980 expressly to "bring United States refugee law into conformance with the" United States' international law obligations, international refugee law is highly significant to this Court's analysis of the issues in this case. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 436–37 (1987). Given its extensive experience supervising the treaty-based system of refugee protection, UNHCR has a "unique" and specialized "perspective that can help the court" understand the "potential" international law "ramifications" of the policies and legal questions at issue. *NGV Gaming, Ltd.*, 355 F. Supp. at 1067 (quoting *Cobell*, 246 F. Supp. 2d at 62).

Indeed, UNHCR regularly presents its opinions to national courts in pending cases, including the federal courts of the United States. Consistent with UNHCR's role and experience, the Supreme Court of the United States and lower federal courts have turned to UNHCR for its "significant guidance" in interpreting the United States' obligations under international refugee instruments. *E.g.*, *Cardoza-Fonseca*, 480 U.S. at 439 n.22; *see e.g.*, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1071 (9th Cir. 2017) (en banc). Given its role and experience, UNHCR

respectfully submits that the views expressed in its amicus brief will assist the Court in evaluating the United States' international law obligations that are relevant to this case.

## CONCLUSION

For the foregoing reasons, UNHCR respectfully requests this Court's leave to file the attached amicus curiae brief as of December 5, 2018.

Dated:  December 5, 2018                         Respectfully submitted,

/s/ Patrick W. Pearsall

PATRICK W. PEARSALL
    Counsel of Record
    Appearance Pro Hac Vice
D.C. Bar No. 975801
1099 New York Ave., NW
Washington, DC 20001
(202) 639-6000

BRIAN HAUCK
Cal. Bar No. 303058
633 W. 5th St.
Los Angeles, CA 90071
(213) 239-5100

JENNER & BLOCK LLP
Counsel for Office of United Nations High Commissioner for Refugees

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 5th day of December 2018, I electronically filed the foregoing Motion for Leave to File Amicus Brief together with the appended Brief of Amicus Curiae with the Clerk of Court for the United States District Court for the Northern District of California by using the Court's CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Notice of this filing will be sent by first-class mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing.  Parties may access this filing through the Court's CM/ECF system.

Dated:  December 5, 2018      Respectfully submitted,

                /s/ Patrick W. Pearsall

                PATRICK W. PEARSALL
                  Appearance Pro Hac Vice
                D.C. Bar No. 975801
                1099 New York Ave., NW
                Washington, DC 20001
                (202) 639-6000

                BRIAN HAUCK
                633 W. 5th St.
                Los Angeles, CA 90071
                (213) 239-5100

                JENNER & BLOCK LLP
                Counsel for Office of United Nations
                High Commissioner for Refugees