XAVIER BECERRA
Attorney General of California
MICHAEL NEWMAN
Senior Assistant Attorney General
CHRISTINE CHUANG
Senior Deputy Attorney General
JAMES F. ZAHRADKA II (SBN 196822)
VILMA PALMA-SOLANA
SHUBHRA SHIVPURI
Deputy Attorneys General
  1515 Clay Street, 20th Floor
  Oakland, CA  94612-0550
  Telephone: (510) 879-1247
  E-mail:  James.Zahradka@doj.ca.gov
*Attorneys for the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **East Bay Sanctuary Covenant, Al Otro Lado, Innovation Law Lab, and Central American Resource Center in Los Angeles,**<br><br>       Plaintiffs,<br><br>    v.<br><br>**Donald J. Trump, President of the United States, in his official capacity; Matthew G. Whitaker, Acting Attorney General, in his official capacity; U.S. Department of Justice; James McHenry, Director of the Executive Office for Immigration Review, in his official capacity; the Executive Office for Immigration Review; Kirstjen M. Nielsen, Secretary of Homeland Security, in her official capacity; U.S. Department of Homeland Security; Lee Francis Cissna, Director of the U.S. Citizenship and Immigration Services, in his official capacity; U.S. Citizenship and Immigration Services; Kevin K. McAleenan, Commissioner of U.S. Customs and Border Protection, in his official capacity; U.S. Customs and Border Protection; Ronald D. Vitiello, Acting Director of Immigration and Customs Enforcement, in his official capacity; Immigration and Customs Enforcement**,<br><br>       Defendants. | Case No. 3:18-cv-06810-JST<br><br>**MOTION OF THE STATES OF CALIFORNIA, WASHINGTON, MASSACHUSETTS, NEW YORK, CONNECTICUT, HAWAII, ILLINOIS, MARYLAND, MINNESOTA, NEW JERSEY, OREGON, VERMONT, AND THE DISTRICT OF COLUMBIA FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

The States respectfully request leave to file a brief as amicus curiae in support of plaintiffs' motion for preliminary injunction. A copy of the proposed brief is attached hereto as Exhibit 1. Plaintiffs consent to the States' request; defendants stated they would not oppose the brief if it were half of the length of the parties' principal briefs. However, the proposed brief exceeds that length.

**IDENTITY OF AMICI STATES AND STATEMENT OF INTEREST**

The States are California, Washington, Massachusetts, New York, Connecticut, Hawaii, Illinois, Maryland, Minnesota, New Jersey, Oregon, Vermont, and the District of Columbia. The Department of Homeland Security's (DHS) Interim Final Rule: Aliens Subject to a Bar on Entry under Certain Presidential Proclamations; Procedures for Protection Claims (the Rule), 83 Fed. Reg. 55934 will cause considerable harm to a range of the States' interests.

The States invest significant resources to provide education, health care, and other services to immigrants residing within their borders, including asylum-seekers and asylees, in order to appropriately transition them into life in our States. Further, the States have a strong interest in ensuring that their interests and the interests of their residents are considered when important proposed agency actions are proposed, and in ensuring that federal agencies refrain from rulemaking that violates the law and Constitution.

Specifically, the States argue that the Rule by design forces asylum seekers to ports of entry; combined with federal government's existing policy of denying many individuals access to this channel, a continuous bottleneck will be created outside the border. Asylum seekers will suffer unnecessary harm and may be re-traumatized by having to wait months in inhumane border conditions. The States also demonstrate that they, their local jurisdictions, and non-governmental organizations will be responsible for addressing the additional harm that asylum-seekers will suffer as a result of the Rule, which will require devotion of state resources. Moreover, the States have allotted public funds to ensure that immigrants have access to counsel for their asylum claims, and the changes made by the Rule will significantly frustrate the ability of legal aid groups to represent asylum-seekers. Finally, current residents of the States will suffer distress over the uncertainty of their asylum-seeking relatives languishing at the border.

The proposed brief presents an important and unique perspective to the Court, is relevant to the disposition of the issues in this case, and will assist the Court in understanding the impact of DHS's Interim Final Rule on the public interest as demonstrated by the significant harms that Amici States will suffer without the preliminary relief that plaintiffs seek. The Amici States have complied with the Court's instructions in its November 27, 2018 scheduling order (ECF 50) in drafting their proposed brief.

**ARGUMENT**

District courts have broad discretion to permit third parties to participate in cases as amici curiae. *See, e.g., Inst. of Med. Educ., Inc. v. W. Ass'n of Sch. & Colleges,* 2013 WL 6672443, at *3 n.1 (N.D. Cal. Dec. 18, 2013) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)). Courts exercise this discretion liberally; "there are no strict prerequisites that must be established prior to qualifying for amicus status." *In re Roxford Foods Litigation*, 790 F. Supp. 987, 997 (E.D. Cal. 1991).

Federal appellate courts expressly recognize the inherent value of States' contributions to the determination of legal issues through amicus briefs, allowing States to file them as of right. *See* Sup. Ct. R. 37.4 (2017) ("[n]o motion for leave to file an *amicus curiae* brief is necessary if the brief is presented . . . on behalf of a State . . . when submitted by its Attorney General"); Fed. R. App. P. 29(a)(2) ("[A] state may file an amicus-curiae brief without the consent of the parties or leave of court."). Although this Court does not have a similar rule, leave to file the Amici States' attached brief is appropriate under general principles regarding amicus briefs.

Courts have accepted amicus briefs from non-parties where the legal issues "have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (internal quotation marks omitted). Such factors support the filing here.

**CONCLUSION**

For the foregoing reasons, Amici States respectfully request that the Court grant leave to file the attached amicus curiae brief in support of plaintiffs' motion for preliminary injunction.

Dated: December 5, 2018          Respectfully Submitted,

XAVIER BECERRA
*Attorney General of California*
MICHAEL L. NEWMAN
*Senior Assistant Attorney General*
CHRISTINE CHUANG
*Supervising Deputy Attorney General*

<u>s/ James F. Zahradka II</u>
JAMES F. ZAHRADKA
VILMA PALMA-SOLANA
SHUBHRA SHIVPURI
*Deputy Attorneys General*
*Attorneys for the State of California*