JOSEPH H. HUNT
*Assistant Attorney General*
SCOTT G. STEWART
*Deputy Assistant Attorney General*
AUGUST E. FLENTJE
*Special Counsel*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
*Assistant Director*
CHRISTINA P. GREER
*Trial Attorney*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8770
Email: Christina.P.Greer@usdoj.gov
PATRICK GLEN
*Senior Litigation Counsel*
JOSEPH DARROW
FRANCESCA GENOVA
KATHRYNE GRAY
BENTON YORK
*Trial Attorneys*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| East Bay Sanctuary Covenant, *et al.*, | |
| Plaintiffs, | DEFENDANTS' MOTION TO STRIKE EXTRA-RECORD EVIDENCE |
| v. | Civil Action No. 3:18-cv-06810-JST |
| Donald J. Trump, President of the United States, *et al.*, | |
| Defendants. | |

# TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................................1

BACKGROUND ..........................................................................................................................1

STANDARDS GOVERNING APA REVIEW ...........................................................................3

ARGUMENT ................................................................................................................................5

I.  Plaintiffs Have Not Established that the Record Is Incomplete or that Their Extra-Record Evidence Meets an Exception to the Record Rule. ..............................6

    A.  Plaintiffs May Not Submit Extra-Record Evidence ...............................................6

    B.  All of Plaintiffs' Extra-Record Evidence Submitted in Support of Their Merits Arguments or Issues Not Properly Before the Court Should Be Struck .....................................................................................................................9

        1.  Plaintiffs' Declarations .................................................................................9

        2.  News Articles and Internet Documents .....................................................11

II.  The Court Should Not Consider Extra-Record Evidence Cited by Amici. ..............11

CONCLUSION ..........................................................................................................................12

# TABLE OF AUTHORITIES

## CASE LAW

*Asarco, Inc. v. EPA*,
  616 F.2d 1153 (9th Cir. 1980) .................................................................................. 4, 7

*Bar MK Ranches v. Yuetter*,
  994 F.2d 735 (10th Cir. 1993) ....................................................................................... 6

*Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. Zinke*,
  889 F.3d 584 (9th Cir. 2018) ................................................................................. 4, 6, 7

*Camp v. Pitts*,
  411 U.S. 138 (1973) ................................................................................................. 1, 3

*Children's Hosp. Ass'n of Texas v. Azar*,
  300 F. Supp. 3d 190 (D.D.C. 2018) ............................................................................... 5

*Citizens to Preserve Overton Park, Inc. v. Volpe*,
  401 U.S. 402 (1971) ....................................................................................................... 3

*Cook Inletkeeper v. EPA*,
  400 F. App'x 239 (9th Cir. 2010) .................................................................................. 6

*East Bay Sanctuary Covenant v. Trump*,
  No. 18-17274 (9th Cir. Dec. 7, 2018) ....................................................................... 9, 10

*Fla. Power & Light Co. v. Lorion*,
  470 U.S. 729 (1985) ........................................................................................... 2, 3, 4, 6

*Friends of the Earth v. Hintz*,
  800 F.2d 822 (9th Cir. 1986) ......................................................................................... 3

*Holder v. Humanitarian Law Project*,
  561 U.S. 1 (2010) ............................................................................................................ 9

*Jiahao Kuang v. U.S. Dep't of Def.*,
  --- F. Supp. 3d ----, 2018 WL 6025611 (N.D. Cal. Nov. 16, 2018) ............................... 4, 6, 11

*Lands Council v. Powell*,
  395 F.3d 1019 (9th Cir. 2005) .................................................................................. 4, 5

*Malek-Marzban v. INS*,
  653 F.2d 113 (4th Cir. 1981) ......................................................................................... 8

*Marsh v. Ore. Nat. Res. Council*,
  490 U.S. 360 (1989) ........................................................................................................ 4

*Motor Vehicle Manufacturers v. State Farm*,
  463 U.S. 29 (1983) ............................................................................................................... 2

*Nat'l Pork Producers Council v. Bergland*,
  631 F.2d 1353 (8th Cir. 1980) ............................................................................................. 5

*Nw. Envtl. Def. Ctr. v. U.S. Army Corps of Eng'rs*,
  817 F. Supp. 2d 1290 (D. Ore. 2011) .................................................................................. 5

*Occidental Eng'g Co. v. INS*,
  753 F.2d 766 (9th Cir. 1985) ............................................................................................... 3

*Perez v. Mortg. Bankers Ass'n*,
  135 S. Ct. 1199 (2015) ......................................................................................................... 7

*Pineros y Campesinos Unidos del Noroeste v. Pruitt*,
  293 F. Supp. 3d 1062 (N.D. Cal. 2018) .............................................................................. 8

*Rajah v. Mukasey*,
  544 F.3d 427 (2d Cir. 2008) ................................................................................................ 8

*San Luis & Delta-Mendota Water Auth. v. Locke*,
  776 F.3d 971 (9th Cir. 2014) ........................................................................................... 4, 5

*Sorenson Commc'ns Inc. v. FCC*,
  755 F.3d 702 (D.C. Cir. 2014) ............................................................................................ 8

*Tri-Valley CAREs v. U.S. Dep't of Energy*,
  671 F.3d 1113 (9th Cir. 2012) ............................................................................................. 7

*United States v. Dean*,
  604 F.3d 1275 (11th Cir. 2010) ........................................................................................... 8

*United States v. Johnson*,
  632 F.3d 912 (5th Cir. 2011) ............................................................................................... 8

*United States v. Valverde*,
  628 F.3d 1159 (9th Cir. 2010) ............................................................................................. 8

*Yassini v. Crosland*,
  618 F.2d 1356 (9th Cir. 1980) ............................................................................................. 8

## STATUTES

5 U.S.C. § 553 ............................................................................................................................. 8

5 U.S.C. § 553(a)(1) .................................................................................................................... 8

5 U.S.C. § 553(b) ........................................................................................................................ 1

5 U.S.C. § 553(b)(B) ................................................................................................................... 8

5 U.S.C. § 553(c) ........................................................................................................................ 1

5 U.S.C. § 553(d) ........................................................................................................................ 1

5 U.S.C. § 706 .................................................................................................................... 1, 2, 7

5 U.S.C. § 706(2)(D) ................................................................................................................... 7

8 U.S.C. § 1158(a)(1) .................................................................................................................. 1

8 U.S.C. § 1225(b) ...................................................................................................................... 1

## FEDERAL REGISTER

83 Fed. Reg. 55934 ..................................................................................................................... 1

DEFENDANTS' MOTION TO STRIKE
EXTRA-RECORD EVIDENCE
*East Bay Sanctuary v. Trump*,                                   iv
Case No. 3:18-cv-06810-JST

# INTRODUCTION

Defendants hereby move to strike numerous extra-record materials Plaintiffs submit (or incorporate by reference) in support of their motion for preliminary injunction.

Plaintiffs' challenge to the Departments of Justice's and Homeland Security's rule, Aliens Subject to a Bar on Entry Under Certain Presidential Proclamations, 83 Fed. Reg. 55934 (Nov. 9, 2018), arises exclusively under the Administrative Procedure Act (APA), 5 U.S.C. § 706. Accordingly, review of the merits of their claims in this Court, including at the preliminary injunction stage, is limited to the administrative record produced by the agencies. 5 U.S.C. § 706 ("the court shall review the whole record or those parts of it cited by a party"); *see Camp v. Pitts*, 411 U.S. 138, 142 (1973). Defendants submitted the administrative record for the rule on November 29, 2018. *See* Notice of Filing of Administrative Record, ECF No. 60. Plaintiffs have not challenged that record in any way and thus concede that it is complete. Nevertheless, in support of their pending and prior motions, Plaintiffs have submitted and cited to numerous extra-record materials—including declarations and news articles—without acknowledging that these documents are outside the record and thus not properly before the Court in this APA case.

Defendants do not challenge the consideration of Plaintiffs' extra-record evidence to the extent it relates to and is cited in support of their efforts solely to demonstrate organizational standing or cognizable irreparable harm. But the Court should strike this extra-record evidence— and citations to it—to the extent that it is offered for any other purpose.

# BACKGROUND

Plaintiff alleges two claims under the APA: (1) that the rule conflicts with the asylum statute—in particular, its provision that "[a]ny alien who is physically present in the United States or who arrives in the United States (whether or not at a designated port of arrival . . . ), irrespective of such alien's status, may apply for asylum in accordance with this section or, where applicable, [8 U.S.C. § 1225(b)]," conflicts with 8 U.S.C. § 1158(a)(1)—and so is "contrary to law" under the APA, Compl. ¶¶ 101-06; *see* 5 U.S.C. § 706; and (2) that the rule violates the APA because it was improperly issued without notice and an opportunity to comment and was published less than 30 days before its effective date, Compl. ¶¶ 108-10; *see* 5 U.S.C. § 553(b), (c), (d).

Under the APA, the Court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). The Court's function is to assess the lawfulness of the agency's action based on the reasons offered by the agency. *Motor Vehicle Manufacturers v. State Farm*, 463 U.S. 29, 50 (1983). Thus, the Court may not create a new record for purposes of review of the merits of the agencies' decision to promulgate the rule without notice and comment. 5 U.S.C. § 706. Plaintiffs do not dispute the rule and have not moved to depart from it.

Even so, Plaintiffs have put forth (1) declarations cited only in support of their arguments regarding organizational standing and irreparable harm[1]; (2) declarations cited only in relation to the merits of the case[2]; (3) declarations cited in support of organizational standing and irreparable harm arguments as well as merits arguments[3]; (4) declarations not cited at all in Plaintiffs'

---

[1] Corrected Supplemental Declaration of Erika Pinheiro (ECF No. 71-2); Declaration of Camila Alvarez, Managing Attorney, Central American Resource Center (ECF No. 71-3); Declaration of Lisa Mitchell-Bennet (ECF No. 71-6); Supplemental Declaration of Madeleine Penman (ECF No. 71-9); Declaration of Michael Smith, Refugee Rights Program Director, East Bay Sanctuary Covenant (ECF No. 71-10); Supplemental Declaration of Stephen W. Manning, Executive Director, Innovation Law Lab (ECF No. 71-11).

[2] Declaration of Adam Isacson (ECF No. 8-2); Declaration of Guy S. Goodwin-Gill (ECF No. 8-5); Declaration of Rená Cutlip-Mason (ECF No. 35-2); Declaration of Brian Griffey (ECF No. 35-3); Supp. Supplemental Declaration of Adam Isacson (ECF No. 35-4); Declaration of Allegra Love, Executive Director, Santa Fe Dreamers Project (ECF No. 35-5); Supplemental Declaration of Stephen W. Manning, Executive Director, Innovation Law Lab (ECF No. 35-6); Declaration of Leon Rodriguez (ECF No. 35-9); Declaration of Michelle Seyler, Accredited Representative, Central American Resource Center (ECF No. 35-10).

[3] Declaration of Daniel Sharp, Legal Director, Central American Resource Center (ECF No. 8-3); Declaration of Erika Pinheiro (ECF No. 8-4); Declaration of Stephen W. Manning, Executive Director, Innovation Law Lab (ECF No. 8-6); Declaration of Michael Smith, Refugee Rights Program Director, East Bay Sanctuary Covenant (ECF No. 8-7); Supplemental Declaration of Erika Pinheiro (ECF No. 35-8); Joint Declaration of Madeleine K. Albright, William J. Burns, John Feeley, Jonathan Finer, Chuck Hagel, John Kerry, Cecilia Muñoz, Janet A. Napolitano, James C. O'Brien, Thomas R. Pickering, Amy Pope, Jeffrey Prescott, Anne C. Richard, and Wendy R. Sherman (ECF No. 71-4) ("Joint Declaration of Former Officials"); Declaration of Jeremy Slack, Ph.D (ECF No. 71-5); Declaration of Michelle Brané of the Women's Refugee Commission (ECF No. 71-7); Declaration of Nicole Ramos (ECF No. 71-8).

briefing[4]; (5) news articles[5]; (6) an internet document[6]; and (7) a non-record government document.[7] The declarations were submitted along with Plaintiffs' Memorandum in Support of Motion for Temporary Restraining Order (ECF No. 8-1), Reply in Support of Motion for Temporary Restraining Order (ECF No. 35), and Motion for Preliminary Injunction (ECF No. 71). While the TRO pleadings were filed on November 9 and 16, 2018, before the administrative record was produced on November 29, 2018, the December 6, 2018 motion for preliminary injunction was filed after. Regardless, Plaintiffs specifically incorporated by reference the "TRO record" in their preliminary injunction motion. ECF No. 71 at 2 n.1.

## STANDARDS GOVERNING APA REVIEW

Ordinarily, judicial review under the APA is confined to "the full administrative record that was before the [agency] at the time [it] made [its] decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *see also Friends of the Earth v. Hintz*, 800 F.2d 822, 829 (9th Cir. 1986). When a court reviews an agency determination, "there are no disputed facts that the district court must resolve." *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985). "[T]he function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Id.* The Supreme Court and the Ninth Circuit have emphasized that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp*, 411 U.S. at 142; *Fla. Power*, 470 U.S. at 743-44 ("The task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based

---

[4] Declaration of Leah Jahan Chavla of the Women's Refugee Commission (ECF No. 35-1); Declaration of Madeleine Penman (ECF No. 35-7).

[5] Nick Miroff & Missy Ryan, Army assessment of migrant caravans undermines Trump's rhetoric, Wash. Post (Nov. 2, 2018); Vanessa Romo, LGBT Splinter Group from Migrant Caravan is the 1st to Arrive in Tijuana, NPR (Nov. 13, 2018).

[6] Comment of American Immigration lawyers Association on proposed immigration appeal regulation (Aug. 18, 2008), *available at* http://americanimmigrationcouncil.org/sites/default/files/general_litigation/BIAAWO-regcmts.pdf.

[7] USCIS, Credible Fear Workload Summary, https://www.uscis.gov/sites/default/files/USCIS/Outreach/Notes%20from%20Previous%20Engagements/PED_CredibleFearWorkloadReport.pdf.

1    on the record the agency presents to the court."); *Lands Council v. Powell*, 395 F.3d 1019, 1029-
30 (9th Cir. 2005) (similar).  The administrative record rule "ensures that the reviewing court affords 'sufficient deference to the agency's action.'" *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014) (quoting *Marsh v. Ore. Nat. Res. Council*, 490 U.S. 360, 378 (1989)); *see Fla. Power*, 470 U.S. at 743-44 ("The task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court.") (internal citation omitted).  This is important because the APA gives agencies "substantial discretion 'to rely on the reasonable opinions of its own qualified experts even if, as an original matter, a court might find contrary views more persuasive.'" *San Luis*, 776 F.3d at 992 (quoting *Marsh*, 490 U.S. at 378).  Additionally, "[w]hen a reviewing court considers evidence that was not before the agency, it inevitably leads the reviewing court to substitute its judgment for that of the agency." *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980).

The Ninth Circuit has identified four "narrow circumstances" in which material outside the administrative record may be considered: (1) "where the extra-record evidence is 'necessary to determine whether the agency has considered all relevant factors and has explained its decision'"; (2) "where 'the agency has relied on documents not in the record'"; (3) "where 'supplementing the record is necessary to explain technical terms or complex subject matter'"; or (4) "where 'plaintiffs make a showing of agency bad faith.'" *Jiahao Kuang v. U.S. Dep't of Def.*, --- F. Supp. 3d ----, 2018 WL 6025611 at *27 (N.D. Cal. Nov. 16, 2018) (Tigar, J.) (quoting *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. Zinke*, 889 F.3d 584, 600 (9th Cir. 2018)).

The Ninth Circuit has explained that these exceptions to record review are "narrowly construed and applied":

> The scope of these exceptions permitted by our precedent is constrained, so that the exception does not undermine the general rule.  Were the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that federal courts would be proceeding, in effect, de novo rather than with the proper deference to agency process, expertise, and decision-making.

DEFENDANTS' MOTION TO STRIKE
EXTRA-RECORD EVIDENCE
*East Bay Sanctuary v. Trump*,
Case No. 3:18-cv-06810-JST

4

*Lands Council*, 395 F.3d at 1030. It is the burden of the party challenging the record to either establish that the record is incomplete or that the extra-record evidence fits a recognized exception to the record rule. *San Luis*, 776 F.3d at 992-93.

Although plaintiffs challenging agency action and seeking preliminary injunctive relief can introduce de novo evidence to support their allegations of Article III injury or irreparable harm, such evidence cannot be considered by the court in determining plaintiff's "likelihood of success on the merits." *Nat'l Pork Producers Council v. Bergland*, 631 F.2d 1353 (8th Cir. 1980) (questioning district court taking evidence on merits at preliminary injunction hearing); *Nw. Envtl. Def. Ctr. v. U.S. Army Corps of Eng'rs*, 817 F. Supp. 2d 1290, 1300 (D. Ore. 2011) (when evaluating the admissibility of an extra-record declaration, considering whether it meets one of the four record-rule exceptions such that it can be considered for merits purposes but looking only at its relevance when addressing its use for irreparable harm purposes). *Cf. Children's Hosp. Ass'n of Texas v. Azar*, 300 F. Supp. 3d 190, 202 (D.D.C. 2018) (where summary judgment and preliminary injunction motions are consolidated, and thus the only issues relate to the merits of the claim, extra-record evidence relating to irreparable harm cannot be considered).

## ARGUMENT

The Court should strike Plaintiffs' extra-record submissions introduced in support of their efforts to demonstrate a likelihood of success on the merits of their APA claims. First, Plaintiffs have neither asserted nor shown that the record is incomplete and thus does not represent the evidence before the agencies when they made their decisions—a claim for which remand to the agency is the appropriate remedy. Second, Plaintiffs have made no attempt to assert that their extra-record evidence meets one of the four narrow exceptions to the record rule. Defendants do not challenge Plaintiffs' evidence submitted in support of their assertions of organizational standing and irreparable harm to those organizations, but the Court should strike all evidence going to other issues and all citations thereto. And because such evidence from actual parties is

inappropriate, it follows that the Court should not consider the extra-record evidence cited by amici either.[8]

## I. Plaintiffs Have Not Established that the Record Is Incomplete or that Their Extra-Record Evidence Meets an Exception to the Record Rule.

When the government certifies an administrative record, the government is entitled to a presumption that the record is the full, complete record, a presumption that can only be rebutted with "clear evidence to the contrary." *Cook Inletkeeper v. EPA*, 400 F. App'x 239, 240 (9th Cir. 2010) (quoting *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993)). Plaintiffs have not alleged that the record is incomplete, and, even if they had, the usual remedy in such a case is remand to the agency for additional explanation, *Fla. Power*, 470 U.S. at 744, which Plaintiffs have not requested. Thus, it appears that Plaintiffs seek admission of extra-record evidence to challenge the agencies' decision-making.

### A. Plaintiffs May Not Submit Extra-Record Evidence

Extra-record evidence is not permitted in the normal course. The Ninth Circuit has identified four "narrow circumstances" in which material outside the administrative record may be considered: (1) "where the extra-record evidence is 'necessary to determine whether the agency has considered all relevant factors and has explained its decision'"; (2) "where 'the agency has relied on documents not in the record'"; (3) "where 'supplementing the record is necessary to explain technical terms or complex subject matter'"; or (4) "where 'plaintiffs make a showing of agency bad faith.'" *Jiahao Kuang*, 2018 WL 6025611 at *27 (quoting *Cachil*, 889 F.3d at 600). "Even where the Court allows such supplementary evidence, '[c]onsideration of the evidence to determine the correctness or wisdom of the agency's decision is not permitted, even if the court has also examined the administrative record.'" *Jiahao Kuang*, 2018 WL 6025611 at *27 (quoting

---

[8] Specifically, the Court should not consider any of the following documents: (1) any document cited in footnotes in the Brief of Amici Curiae National Center for Lesbian Rights et al. (ECF No. 75-1); (2) the documents cited in footnotes 3, 7-10, 12-14, 16-17, 20-35, 37-40, and 43-47 in the Amicus Curiae Brief of Twenty-Three Organizations Representing Asylum Seekers (ECF No. 78-2); and (3) the extra-record documents cited in footnotes 7-8, 10, 12-17, 19-35, 37-38, 47, 49, 51, and 54-57 in Amicus Curiae Brief of the States of California, et al (ECF No. 82-1). While Defendants consented to the filing of amicus briefs, they did not agree to the submission of extra-record evidence.

1  *Asarco, Inc.*, 616 F.2d at 1160).  Additionally, "'exceptions to the normal rule regarding
2  consideration of extra-record materials only apply to information available at the time, not post-
3  decisional information.'"  *Cachil*, 889 F.3d at 600-01 (quoting *Tri-Valley CAREs v. U.S. Dep't of
4  Energy*, 671 F.3d 1113, 1130 (9th Cir. 2012)).  "[P]ost-decision information may not be advanced
5  as a new rationalization either for sustaining or attacking an agency's decision because it inevitably
6  leads the reviewing court to substitute its judgment for that of the agency."  *Tri-Valley CAREs*,
7  671 F.3d at 1130-31 (internal quotation marks omitted)).

8      Defendants do not object to Plaintiffs' use of extra-record evidence to support their
9  arguments for organizational standing and alleged irreparable harm to those organizations.  But
10 Plaintiffs' submission of and citation to documents that are clearly outside the record for merits
11 purposes defies longstanding precedent and should not be permitted.  They bear the burden of
12 proving the existence of an applicable limited exception permitting consideration of extra-record
13 materials.  They have not even attempted to do that here.

14     To the extent that Plaintiffs assert that they can submit evidence to challenge Defendants'
15 invocation of the good-cause and foreign-affairs exceptions to the notice-and-comment
16 requirement, they are mistaken.  If Plaintiffs are challenging the failure of the rule to undergo
17 notice-and-comment, then they are claiming that the rule was issued "without observance of
18 procedure required by law."  5 U.S.C. § 706(2)(D).  But the APA itself makes clear that judicial
19 review of such a claim should be limited to the administrative record: "In making the foregoing
20 determinations, the court shall review the whole record or those parts of it cited by a party, and
21 due account shall be taken of the rule of prejudicial error."  *Id.* § 706.  Given this plain statutory
22 language, there is no basis for dispensing with the "record review" requirement even for procedural
23 claims.  *Cf. Perez v. Mortg. Bankers Ass'n*, 135 S. Ct. 1199, 1207 (2015) ("Time and again, we
24 have reiterated that the APA sets forth the full extent of judicial authority to review executive
25 agency action for procedural correctness.  Beyond the APA's minimum requirements, courts lack
26 authority to impose upon an agency its own notion of which procedures are best or most likely to
27 further some vague, undefined public good."  (citations and modifications omitted)).
28

Consistent with the above, courts in the Ninth Circuit review procedural APA claims under the record review rule. *See, e.g.*, *Pineros y Campesinos Unidos del Noroeste v. Pruitt*, 293 F. Supp. 3d 1062, 1066-67 (N.D. Cal. 2018) (reviewing the administrative record to determine whether good cause existed). That review is subject to the arbitrary and capricious standard. *See also United States v. Johnson*, 632 F.3d 912, 928 (5th Cir. 2011) (applying arbitrary and capricious standard to an agency's assertion of "good cause"); *United States v. Dean*, 604 F.3d 1275, 1278 (11th Cir. 2010) (same). And even were *de novo* review of the record appropriate where good cause or the foreign affairs exception is challenged—an issue the Ninth Circuit has not decided, *see United States v. Valverde*, 628 F.3d 1159, 1162 (9th Cir. 2010)—the Court still "defer[s] to an agency's factual findings and expert judgments therefrom, unless such findings and judgments are arbitrary and capricious." *Sorenson Commc'ns Inc. v. FCC*, 755 F.3d 702, 706 & n.3 (D.C. Cir. 2014); *see Valverde*, 628 F.3d at 1162 (invocation of "good cause" must be "rational").

To be sure, there are some cases where courts have relied on extra-record evidence to resolve procedural claims, including in the context of the foreign-affairs exception. *See, e.g.*, *Yassini v. Crosland*, 618 F.2d 1356, 1361 (9th Cir. 1980). But that appears to be only when the rulemaking itself is silent on the issue, and the evidence is submitted by the *Government*. *Cf. Rajah v. Mukasey*, 544 F.3d 427, 437 (2d Cir. 2008) ("There is . . . no requirement that the rule itself state the undesirable [international] consequences."). Here, given that the rule did expressly invoke the foreign-affairs exception, the Court's review should be limited to the administrative record. *Cf. Malek-Marzban v. INS*, 653 F.2d 113, 116 (4th Cir. 1981) (upholding foreign affairs exemption based on statement in rulemaking). "This is particularly so when the consequences are seemingly as evident as they are in this case." *Rajah*, 544 F.3d at 437.

That rule makes eminent sense. Unlike the good cause exception under 5 U.S.C. § 553, which includes a requirement that the agency "incorporate[] the finding [of good cause] and a brief statement of reasons therefor in the rules issued," *id.* § 553(b)(B), there is *no* requirement of a written record or any other language that contemplates subsequent judicial review: "This section applies, according to the provisions thereof, except to the extent that there is involved . . . a military or foreign affairs function of the United States." *Id.* § 553(a)(1). Given that Congress was surely

aware of the Article II intrusions that would be required for judicial review over "military or foreign affairs function[s]," and given that Congress clearly knew how to enable judicial review with respect to other types of exemptions to the APA's procedural requirements, it is reasonable to assume that, at a minimum, Congress did not intend for expansive or searching judicial review into an agency's invocation of the "military or foreign affairs function" exception. *Cf. Holder v. Humanitarian Law Project*, 561 U.S. 1, 34 (2010) ("The Government, when seeking to prevent imminent harms in the context of international affairs and national security, is not required to conclusively link all the pieces in the puzzle before we grant weight to its empirical conclusion.").

Finally, because the Ninth Circuit has determined that Plaintiffs do not have third-party standing, *East Bay Sanctuary Covenant v. Trump*, No. 18-17274, slip op. 27-28 (9th Cir. Dec. 7, 2018), evidence relating to third-party standing and the harms to those third parties is not properly before the Court. Accordingly, the Court should consider only Plaintiffs' extra-record documents to the extent that they go to their arguments regarding organizational standing or alleged irreparable harm to those organizations. Citations to those documents and their contents relating to any other issue should be stricken as should all the documents offered for any other purpose and the citations thereto.

**B.  All of Plaintiffs' Extra-Record Evidence Submitted in Support of Their Merits Arguments or Issues Not Properly Before the Court Should Be Struck**

*1.  Plaintiffs' Declarations*

Plaintiffs' extra-record declarations fall into four categories: those cited only in support of their arguments regarding organizational standing and the alleged irreparable harm to those organizations; those cited only in relation to the merits of the case; those cited in support of both the merits and standing or harm; and those not cited at all. *See supra* nn.1-4. The Court should strike the declarations and citations to them to the extent that they relate to the merits of the case rather than Plaintiffs' standing arguments or their assertions of irreparable harm for purposes of the preliminary injunction question.

The declarations cited only for merits purposes or not at all should be struck in their entirety along with any and all citations to those declarations in Plaintiffs' TRO and PI pleadings. The

declarations cited only relating to merits issues are: Isacson Declaration (ECF No. 8-2); Goodwin-Gill Declaration (ECF No. 8-5); Cutlip-Mason Declaration (ECF No. 35-2); Griffey Declaration (ECF No. 35-3); Supplemental Isacson Declaration (ECF No. 35-4); Love Declaration (ECF No. 35-5); Supplemental Manning Declaration (ECF No. 35-6); Rodriguez Declaration (ECF No. 35-9); and Seyler Declaration (ECF No. 35-10).  The uncited declarations are: Chavla Declaration (ECF No. 35-1) and Penman Declaration (ECF No. 35-7).

The Court should also strike citations to the remaining declarations to the extent that they are made in support of merits arguments as well as the information in those declarations relating to the merits of the case.  From Plaintiffs' Memorandum in Support of Motion for Temporary Restraining Order (ECF No. 8-1), the citations to the Pinheiro Declaration (ECF No. 8-4) on pages 8 and 15 and the citation to the Manning Declaration (ECF No. 8-6) at page 8 should be stricken. From Plaintiffs' Reply in Support of Motion for Temporary Restraining Order (ECF No. 35), the Court should strike the citation to the Pinheiro Declaration (ECF No. 8-4) at page 10 and the citation to the Supplemental Pinheiro Declaration (ECF No. 35-8) at page 14.  Finally, from Plaintiffs' Motion for Preliminary Injunction (ECF No. 71), the Court should strike the citations to the Sharp Declaration (ECF No. 8-3), Pinheiro Declaration (ECF No. 8-4), Manning Declaration (ECF No. 8-6), and Smith Declaration (ECF No. 8-7) at page 14; to the Slack Declaration (ECF No. 71-5), Brané Declaration (ECF No. 71-7), and Ramos Declaration (ECF No. 71-8) at page 7[9]; and to the Former Officials' Joint Declaration (ECF No. 71-4) at pages 5, 6, 18, and 19.

Moreover, because the Ninth Circuit has determined that Plaintiffs do not have third-party standing, *East Bay Sanctuary Covenant*, slip op. 27-28, the extra-record evidence submitted or cited in support of that argument and any harms to those third parties should also be struck. Because of this, the following are not cited for any proper purpose and so should be entirely struck: Former Officials' Joint Declaration (ECF No. 71-4), the Slack Declaration (ECF No. 71-5), the Mitchell-Bennet Declaration (ECF No. 71-6), the Brané Declaration (ECF No. 71-7), and the Supplemental Penman Declaration (ECF No. 71-9).  Additionally, the following individual

---

[9] Plaintiffs have filed a corrected version of this declaration at ECF No. 84-1.  It should be struck to the extent that it is offered for merits purposes as well.

citations should be stricken: to the Pinheiro Declaration (ECF No. 8-4) at ECF No. 35 at 14 and ECF No. 71 at 12; to the Supplemental Pinheiro Declaration (ECF No. 35-8) at ECF No. 35 at 7-8; to the Corrected Supplemental Pinheiro Declaration (ECF No. 71-2) at ECF No. 71 at 10 and 12-13; and to the Ramos Declaration (ECF No. 71-8) at ECF No. 71 at 10, 12-13 and 17.

### 2. News Articles and Internet Documents

The Court should also strike two news articles, an online document from the American Immigration Lawyers Association, and a publicly available USCIS document Plaintiffs cite in support of merits arguments. Plaintiffs cite a Washington Post article from November 2, 2018 in both their TRO motion and reply for information about military estimates of how many members of the caravan would reach the United States. Nick Miroff & Missy Ryan, "Army assessment of migrant caravans undermines Trump's rhetoric," Washington Post (Nov. 2, 2018), *cited at* ECF No. 8-1 at 10 n.5; ECF No. 35 at 9. And they cite to an NPR article for the proposition that "many of the caravan's members were already expected to seek asylum at a port of entry, contrary to the rule's unsupported claim that they will seek to enter unlawfully." ECF No. 35 at 9 n.8 (citing Vanessa Romo, "LGBT Splinter Group from Migrant Caravan is the 1st to Arrive in Tijuana," NPR (Nov. 13, 2018)). The citations to these articles are clearly an attempt to second-guess the correctness or wisdom of the agency's decision, which is not permitted in an APA case. *See Jiahao Kuang*, 2018 WL 6025611 at *27.

Plaintiffs cite two other extra-record documents that should be struck—a comment by the American Immigration Lawyers Association cited at ECF No. 35 at 4 n.3, and charts produced by U.S. Citizenship and Immigration Services cited at ECF No. 71 at 19 n.4. Neither are included in the administrative record, and Plaintiffs have provided no reason to justify their inclusion.

## II. The Court Should Not Consider Extra-Record Evidence Cited by Amici.

The Court also should not consider the extra-record evidence cited by amici as that evidence was not before the decision-maker and so is not properly considered in a record review case. Specifically, the Court should not consider: the documents cited in every footnote in the Brief of Amici Curiae National Center for Lesbian Rights et al. at ECF No. 75-1; the documents cited in footnotes 3, 7-10, 12-14, 16-17, 20-35, 37-40, and 43-47 in the Amicus Curiae Brief of

Twenty-Three Organizations Representing Asylum Seekers at ECF No. 78-2; and the extra-record documents cited in footnotes 7-8, 10, 12-17, 19-35, 37-38, 47, 49, 51, and 54-57 in Amicus Curiae Brief of the States of California, et al at ECF No. 82-1.

## CONCLUSION

Plaintiffs neither acknowledge that they have submitted extra-record evidence nor attempt to explain how the evidence meets one of the established exceptions. Thus, the evidence they have submitted or cited for any purpose other than in support of their arguments regarding organizational standing or the alleged harm to those organizations is not properly before the Court. To the extent that they move to include it, Defendants request the opportunity to respond to Plaintiffs' motion.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

SCOTT G. STEWART
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

By: /s/ *Christina P. Greer*
CHRISTINA P. GREER
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8770
Email: Christina.P.Greer@usdoj.gov

PATRICK GLEN
Senior Litigation Counsel

| | |
|---|---|
| | JOSEPH DARROW |
| | FRANCESCA GENOVA |
| | KATHRYNE GRAY |
| | BENTON YORK |
| | Trial Attorneys |
| Dated: December 12, 2018 | *Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2018, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the Northern District of California by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Christina P. Greer*
CHRISTINA P. GREER
Trial Attorney
United States Department of Justice
Civil Division