Jennifer Chang Newell (SBN 233033)
Cody Wofsy (SBN 294179)
Spencer Amdur (SBN 320069)
Julie Veroff (SBN 310161)
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0770
F: (415) 395-0950
*jnewell@aclu.org*
*cwofsy@aclu.org*
*samdur@aclu.org*
*jveroff@aclu.org*

Lee Gelernt*
Judy Rabinovitz*
Omar C. Jadwat*
Celso Perez (SBN 304924)
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*ojadwat@aclu.org*
*cperez@aclu.org*

*Attorneys for Plaintiffs* (Additional counsel listed on following page)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| East Bay Sanctuary Covenant, *et al*., <br><br> *Plaintiffs*, <br><br> v. <br><br> Donald J. Trump, President of the United States, *et al*., <br><br> *Defendants.* | Case No.: 18-cv-06810-JST <br><br> **OPPOSITION TO DEFENDANTS' MOTION TO STRIKE EXTRA-RECORD EVIDENCE** <br><br> Hearing: December 19, 2018, 9:30 a.m. |

1

Melissa Crow*
SOUTHERN POVERTY LAW CENTER
1666 Connecticut Avenue NW, Suite 100
Washington, D.C. 20009
T: (202) 355-4471
F: (404) 221-5857
*melissa.crow@splcenter.org*

Mary Bauer*
SOUTHERN POVERTY LAW CENTER
1000 Preston Avenue
Charlottesville, VA  22903
T:  (470) 606-9307
F:  (404) 221-5857
*mary.bauer@splcenter.org*

Baher Azmy*
Angelo Guisado*
Ghita Schwarz*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
T: (212) 614-6464
F: (212) 614-6499
*bazmy@ccrjustice.org*
*aguisado@ccrjustice.org*
*gshwartz@aclu.org*

Christine P. Sun (SBN 218701)
Vasudha Talla (SBN 316219)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
T: (415) 621-2493
F: (415) 255-8437
*csun@aclunc.org*
*vtalla@aclunc.org*

*Attorneys for Plaintiffs*

*Admitted pro hac vice*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTION**

Plaintiffs respectfully request that the Court consider the evidence submitted with their

Motion for Temporary Restraining Order, Reply in Support of Motion for Temporary Restraining

Order, and Motion for Preliminary Injunction.  It is well established that the Court may consider

extra-record evidence in support of Plaintiffs' standing arguments and request for injunctive relief.

And indeed, the vast majority of Plaintiffs' declarations support their arguments on standing,

irreparable harm, balance of the equities, and public interest.  In addition, the Court may consider

extra-record evidence when determining whether the foreign affairs and good cause exceptions to

the Administrative Procedure Act were properly invoked, though it need not do so here to conclude

that Plaintiffs are likely to succeed on the merits of their APA claim.  Finally, the amicus briefs are

properly provided as background to assist the Court, and the Court should deny Defendants' motion

as to the amicus briefs as well.

## I.   THE COURT CAN CONSIDER PLAINTIFFS' STANDING EVIDENCE

Defendants concede, as they must given clear Ninth Circuit law, that the Court may consider

Plaintiffs' evidence submitted in support of standing.  Mot. to Strike 1, 5.  *See Nw. Envtl. Def. Ctr. v.*

*Bonneville Power Admin.*, 117 F.3d 1520, 1528 (9th Cir. 1997) ("We therefore consider the

affidavits not in order to supplement the administrative record on the merits, but rather to determine

whether petitioners can satisfy a prerequisite to this court's jurisdiction."); *see also, e.g.*, *Save Our*

*Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005) (considering affidavits and evidence

in support of standing in APA case); *Envtl. Protection Information Ctr. v. Blackwell*, 389 F. Supp.

2d 1174, 1220 (N.D. Cal. 2004) (Chen, M.J.) (permitting "evidence regarding standing");

*Chesapeake Climate Action Network v. Export-Import Bank of the U.S.*, 78 F. Supp. 3d 208, 217

(D.D.C. 2015) ("[P]laintiffs may submit extra-record evidence to establish standing. . . .  Indeed, if

standing is not self-evident, a plaintiff '*must* supplement the record to the extent necessary to explain

and substantiate its entitlement to judicial review.'") (quoting *Sierra Club v. EPA*, 292 F.3d 895, 900 (D.C. Cir. 2002)).  Thus, Plaintiffs' evidence in support of all the standing requirements is properly before the Court.  Specifically, Plaintiffs submitted declarations in support of their economic loss argument; their frustration of mission and diversion of resources argument; and their prudential standing argument.[1]

Defendants argue that because the Ninth Circuit rejected third-party standing, evidence relating to third-party standing and harms to those third parties is not properly before the Court. Mot. to Strike 9.  Defendants are mistaken.  Plaintiffs respectfully disagree with the Ninth Circuit's characterization of and conclusion regarding its third-party standing argument, and have preserved the argument for appeal.  *See* PI Reply 1 n.2.  But in any event, the Ninth Circuit's conclusion is no basis to strike evidence.  To the extent this Court is constrained by the Ninth Circuit motions panel's decision on third-party standing at this juncture, it need not consider evidence on that issue for purposes of ruling on the preliminary-injunction motion.  But to ensure that there will be a full record on the issue available on appeal, the Court should reject Defendants' call to strike Plaintiffs' evidence regarding third-party standing.[2]

## II. THE COURT CAN CONSIDER PLAINTIFFS' EVIDENCE IN SUPPORT OF THE NON-MERITS INJUNCTION FACTORS

In order to demonstrate entitlement to a preliminary injunction, Plaintiffs must establish, in

---

[1] The following evidence supports Plaintiffs' organizational standing arguments: *See, e.g.*, ECF No. 8-3 (Declaration of Daniel Sharp) ¶¶ 1-14; ECF No. 8-4 (Declaration of Erika Pinheiro) ¶¶ 1-41; ECF No. 8-6 (Declaration of Stephen Manning) ¶¶ 1-14; ECF No. 8-7 (Declaration of Michael Smith) ¶¶ 1-20; ECF No. 35-4 (Supplemental Declaration of Adam Isacson) ¶ 12; ECF No. 35-6 (Supplemental Declaration of Stephen Manning) ¶¶ 1-4; ECF No. 35-8 (Supplemental Declaration of Erika Pinheiro) (Corrected at ECF No. 71-2) ¶¶ 1-22; ECF No. 35-10 (Declaration of Michelle Seyler) ¶¶ 1-7; ECF No. 71-3 (Declaration of Camila Alvarez) ¶¶ 1-7; ECF No. 71-5 (Declaration of Jeremy Slack) ¶¶ 19-20; ECF No. 71-8 (Declaration of Nicole Ramos) (Corrected at ECF No. 84-1) ¶¶ 1-5, 7-13; ECF No. 71-10 (Supplemental Declaration of Michael Smith) ¶¶ 1-15; ECF No. 71-11 (Second Supplemental Declaration of Stephen Manning) ¶¶ 1-18.

[2] The following evidence supports Plaintiffs' third-party standing arguments: *See, e.g.*, ECF No. 8-4 (Declaration of Erika Pinheiro) ¶¶ 15-41; ECF No. 35-8 (Supplemental Declaration of Erika Pinheiro) (Corrected at ECF No. 71-2) ¶¶ 4-21; ECF No. 71-7 (Declaration of Michelle Brané) ¶¶ 15-19, 30-35; ECF No. 71-8 (Declaration of Nicole Ramos) (Corrected at ECF No. 84-1) ¶¶ 4-6, 8-11, 13.

addition to likelihood of success on the merits, that they are "likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Saravia for A.H. v. Sessions*, 905 F.3d 1137, 1142 (9th Cir. 2018). Defendants agree that the Court may consider Plaintiffs' evidence submitted in support of irreparable harm. Mot. to Strike 1, 5. That concession is well taken but incomplete. The case law is clear that the Court may consider extra-record evidence in support of *all* the non-merits injunction factors (i.e., irreparable harm, balance of the equities, and public interest). *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24-26 (2008) (relying on "declarations from some of the Navy's most senior officers" and declarations from plaintiffs regarding harm to "ecological, scientific, and recreational interests" to assess, in the context of a preliminary injunction, the balance of the equities and the public interest); *Jiahao Kuang v. U.S. Dep't of Defense*, 2018 WL 6025611, at *30 (N.D. Cal. Nov. 16, 2018) (Tigar, J.) ("'[T]he Court is not limited to the administrative record' when 'assessing how the issuance of an injunction may harm the public interest.'") (quoting *Nat. Res. Def. Council, Inc. v. Evans*, 2003 WL 22025005, at *1 (N.D. Cal. Aug. 26, 2003)); *Earth Island Institute v. Evans*, 256 F. Supp. 2d 1064, 1078 n.16 (N.D. Cal. 2003) (Henderson, J.) (considering plaintiffs' materials submitted "in connection with the equitable and public interest considerations that plaintiffs must address in order to obtain preliminary injunctive relief"); *Hill Dermaceuticals, Inc. v. U.S. Food & Drug Admin.*, 2012 WL 5914516, at *10 (D.D.C. May 18, 2012) ("[T]he Court may consider the extra-record declarations submitted by [plaintiff] to the extent that they are relevant to the non-merits factors of [plaintiff's] request for injunctive relief."), *aff'd* 709 F.3d 44 (D.C. Cir. 2013).

The reason for this is obvious: Courts routinely consider extra-record evidence concerning whether injunctive relief should be granted because the injunction factors generally are not addressed by the administrative record. "Thus, it will often be necessary for a court to take new evidence to fully evaluate claims of irreparable harm . . . and [claims] that the issuance of the

1   injunction is in the public interest." *Eco Tour Adventures, Inc. v. Zinke*, 249 F. Supp. 3d 360, 369

2   n.7 (D.D.C. 2017) (internal quotation marks omitted).

3       The Court therefore may consider Plaintiffs' extra-record evidence that goes to irreparable

4   harm, balance of the equities, and the public interest.  To meet their burden on irreparable harm,

5   Plaintiffs have submitted evidence that Defendants' decision to bypass notice-and-comment

6   procedures and the 30-day grace period deprived them of the opportunity to voice their serious

7   concerns about the rule; that the Rule frustrates their missions and will force them to divert resources

8   away from core services; and that the Rule puts their funding and programs at risk.[3]  To show that

9   the balance of equities is in their favor, Plaintiffs have submitted evidence in support of their

10  argument that the government will not be irreparably harmed by an injunction,[4] and that the public

11  interest will be served by an injunction.[5]  As Plaintiffs have elaborated on the balance of the equities

[3] The following evidence supports Plaintiffs' irreparable harm argument: *See, e.g.*, ECF No. 8-3 (Declaration of Daniel Sharp) ¶¶ 4-14; ECF No. 8-4 (Declaration of Erika Pinheiro) ¶¶ 4-14; ECF No. 8-6 (Declaration of Stephen Manning) ¶¶ 2-14; ECF No. 8-7 (Declaration of Michael Smith) ¶¶ 2-20; ECF No. 35-6 (Supplemental Declaration of Stephen Manning) ¶¶ 2-4; ECF No. 35-8 (Supplemental Declaration of Erika Pinheiro) (Corrected at ECF No. 71-2) ¶¶ 3-22; ECF No. 35-10 (Declaration of Michelle Seyler) ¶¶ 3-7; ECF No. 71-3 (Declaration of Camila Alvarez) ¶¶ 3-7; ECF No. 71-8 (Declaration of Nicole Ramos) (Corrected at ECF No. 84-1) ¶¶ 4-5, 7, 9-13; ECF No. 71-10 (Supplemental Declaration of Michael Smith) ¶¶ 2, 4-15; ECF No. 71-11 (Second Supplemental Declaration of Stephen Manning) ¶¶ 3-18.

[4] The following evidence supports Plaintiffs' argument that the government will not be irreparably harmed by an injunction: *See, e.g.*, ECF No. 8-2 (Declaration of Adam Isacson) ¶ 3-10; ECF No. 35-2 (Declaration of Renā Cutlip-Mason) ¶¶ 4-22; ECF No. 35-5 (Declaration of Allegra Love) ¶¶ 4, 6, 9; ECF No. 35-8 (Supplemental Declaration of Erika Pinheiro) (Corrected at ECF No. 71-2) ¶ 23; ECF No. 35-9 (Declaration of Leon Rodriguez) ¶¶ 7, 10; ECF No. 71-4 (Joint Declaration of Madeleine K. Albright et al.) ¶¶ 5-6; Nick Miroff & Missy Ryan, Army assessment of migrant caravans undermines Trump's rhetoric, Wash. Post (Nov. 2, 2018); Vanessa Romo, LGBT Splinter Group from Migrant Caravan is the 1st to Arrive in Tijuana, NPR (Nov. 13, 2018); U.S. Citizenship and Immigration Services, Credible Fear Workload Summary, https://www.uscis.gov/sites/default/files/USCIS/Outreach/Notes%20from%20Previous%20Engagements/PED_Credible FearWorkloadReport.pdf.  The last document in this list is a government report subject to judicial notice pursuant to Fed. R. Evid. 201(b)(2).  *See, e.g.*, *United States v. $2,164,341 in US Currency*, 2013 WL 2458757, at *4 (D. Ariz. June 6, 2013) (court may take judicial notice of USCIS documents).

[5] The following evidence supports Plaintiffs' argument that an injunction is in the public interest: *See, e.g.*, ECF No. 8-4 (Declaration of Erika Pinheiro) ¶¶ 15-42; ECF No. 8-5 (Declaration of Guy Goodwin-Gill) ¶ 6; ECF No. 8-6 (Declaration of Stephen Manning) ¶ 14; ECF No. 35-1 (Declaration of Leah Jahan Chavla) ¶ 8-13; ECF No. 35-3 (Declaration of Brian Griffey) ¶¶ 2-9; ECF No. 35-4 (Supplemental Declaration of Adam Isacson) ¶ 5-12; ECF No. 35-5 (Declaration of Allegra Love) ¶¶ 3-5, 7; ECF No. 35-6 (Supplemental Declaration of Stephen Manning) ¶ 4; ECF No. 35-7 (Declaration of Madeleine Penman) 1-3; ECF No. 35-8 (Supplemental Declaration of Erika Pinheiro) (Corrected at ECF No. 71-2) ¶¶ 4-21; ECF No. 35-9 (Declaration of Leon Rodriguez) ¶ 8; ECF No. 71-4 (Joint Declaration of

1    and public interest arguments at length in their briefing, *see* TRO Mot. 18-20; TRO Reply 14-15; PI

2    Mot. 18-20; PI Reply 7-10, they will not repeat those specific points here.

### III. THE COURT CAN CONSIDER PLAINTIFFS' EVIDENCE REGARDING THE FOREIGN AFFAIRS EXCEPTION

5        As Defendants acknowledge, *see* Mot. to Strike 8, courts including the Ninth Circuit have

6    relied on extra-record evidence to assess whether a government agency properly invoked the foreign

7    affairs exception to the APA's notice-and-comment requirements.  *See Yassini v. Crosland*, 618 F.2d

8    1356, 1361 (9th Cir. 1980) (relying on affidavits of the Attorney General and Deputy Secretary of

9    State to assess applicability of the foreign affairs exception); *Doe v. Trump*, 288 F. Supp. 3d 1045,

10   1076 & n.21 (W.D. Wash. 2017) (explaining that the government offered no evidence the policy was

11   issued "in response to a national security or foreign affairs crisis," and citing a declaration by former

12   officials in support of the plaintiffs as evidence that there was no "significant risk to the country"

13   and the policy in fact "undermine[d] the country's national security and foreign policy interests").

14   Accordingly, the Ninth Circuit in this case invited the government to "expand the record on this

15   issue in the district court."  *East Bay Sanctuary Covenant v. Trump*, 2018 WL 6428204, at *20 (9th

16   Cir. Dec. 7, 2018).

18       Similarly, as the Ninth Circuit noted, "courts have disapproved the use of the foreign affairs

19   exception where the Government has failed to offer evidence of consequences that would result from

20   compliance with the APA's procedural requirements."  *Id.* at *19.  *See Jean v. Nelson*, 711 F.2d

21   1455, 1478 (11th Cir. 1983) ("The government at trial offered no evidence of undesirable

22   international consequences that would result if rulemaking were employed."), *on reh'g*, 727 F.2d

23   957 (11th Cir. 1984), *aff'd*, 472 U.S. 846 (1985); *see also id.* at 1477 & n.17; *Zhang v. Slattery*, 55

24   F.3d 732, 745 (2d Cir. 1995) ("There is no record evidence for the view that subjecting the January

---

Madeleine K. Albright et al.) ¶¶ 3-4, 10-12; ECF No. 71-5 (Declaration of Jeremy Slack) ¶¶ 1, 8-21; ECF No. 71-6 (Declaration of Lisa Mitchell-Bennett) ¶¶ 5-6; ECF No. 71-7 (Declaration of Michelle Brané) ¶¶ 11-35; ECF No. 71-9 (Supplemental Declaration of Madeleine Penman) ¶¶ 5-15; ECF No. 71-8 (Declaration of Nicole Ramos) (Corrected at ECF No. 84-1) ¶¶ 4-18.

1990 interim rule to notice and comment would have had any undesirable consequences."); *Doe*, 288 F. Supp. 3d at 1076 ("[I]t is not evident that such rulemaking would 'provoke definitively undesirable international consequences' . . . and Defendants proffer no evidence that it would . . . . The court is simply unwilling to apply the exception without some evidence to support its application.").

The government asserts that review of such evidence is permitted "only when the rulemaking itself is silent on the issue, and the evidence is submitted by the *Government*." Mot. to Strike 8. But it has no support for that one-sided proposition. *Rajah v. Mukasey*, 544 F.3d 427 (2d Cir. 2008), the case on which Defendants rely, Mot. to Strike 8, states only that the government is not required to "state the undesirable consequences" that would flow from notice-and-comment review in "the rule itself." 544 F.3d at 437. Nowhere does it foreclose extra-record evidence of the type Plaintiffs submit in this case.

Just as in *Doe*, the Court may consider Plaintiffs' evidence in support of their argument that the foreign affairs exception does not apply.[6]  However, as Plaintiffs explained in their Reply in Support of Motion for Preliminary Injunction at 4-5 & n.6, for the reasons already given by the Ninth Circuit, *see East Bay*, 2018 WL 6428204, at *19-20, Defendants' invocation of the foreign affairs exception fails even if the Court ignores the additional evidence and looks only to the Rule and/or administrative record. The Court therefore "need not address the extra-record evidence issue" as to foreign affairs. *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).

### IV.  THE COURT CAN CONSIDER PLAINTIFFS' EVIDENCE REGARDING THE GOOD CAUSE EXCEPTION

Among other exceptions, the Court may consider extra-record evidence "to determine 'whether the agency has considered all relevant factors and has explained its decision.'" *Lands*

---

[6] The following evidence supports Plaintiffs' foreign affairs argument: *See, e.g.*, ECF No. 71-4 (Joint Declaration of Madeleine K. Albright et al.) ¶¶ 3, 10.

*Council*, 395 F.3d at 1030 (quoting *Southwest Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)).  "Underlying all of these exceptions is the assessment that 'resort to extra-record information [is necessary] to enable judicial review to become effective.'" *Nat'l Min. Ass'n v. Jackson*, 856 F. Supp. 2d 150, 157 (D.C. Cir. 2012).  Here, with regard to good cause, Plaintiffs have submitted evidence identifying relevant factors the agency did not consider.[7] *See, e.g.*, *Earth Island Inst. v. U.S. Forest Serv.*, 442 F.3d 1147, 1162 (9th Cir. 2006) (holding that expert declarations, offered in support of plaintiffs' argument that agency had failed to consider relevant factors, were properly considered by the district court), *abrogated on other grounds by Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *see also id.* (pursuant to "relevant factors" exception, discussing expert declaration explaining why agency's estimates of tree mortality rates significantly underestimated extent of problem).

Defendants do not cite any authority foreclosing consideration of extra-record evidence in good-cause cases.[8]  They do, however, endeavor to revisit the standard of review on this type of claim.  But the Court has already been clear: "An agency's legal conclusions regarding whether § 553 notice-and-comment procedures are required are not entitled to deference.  *Reno-Sparks Indian Colony v. EPA*, 336 F.3d 899, 909 n.11 (9th Cir. 2003); *see also Sorenson Commc'ns Inc. v.*

---

[7] The following evidence supports Plaintiffs' good cause argument: *See, e.g.*, ECF No. 8-2 (Declaration of Adam Isacson) ¶¶ 3-10; ECF No. 8-4 (Declaration of Erika Pinheiro) ¶¶ 15-42; ECF No. 8-6 (Declaration of Stephen Manning) ¶ 14; ECF No. 35-2 (Declaration of Rená Cutlip-Mason) ¶¶ 4-22; ECF No. 35-3 (Declaration of Brian Griffey) ¶¶ 2-4, 6-7; ECF No. 35-4 (Supplemental Declaration of Adam Isacson) ¶¶ 5-9, 12; ECF No. 35-5 (Declaration of Allegra Love) ¶¶ 4, 9; ECF No. 35-6 (Supplemental Declaration of Stephen Manning) ¶ 4; ECF No. 35-8 (Supplemental Declaration of Erika Pinheiro) (Corrected at ECF No. 71-2) ¶ 23; ECF No. 35-9 (Declaration of Leon Rodriguez) ¶¶ 6-10; ECF No. 71-4 (Joint Declaration of Madeleine K. Albright et al.) ¶¶ 7-9, 11; ECF No. 71-5 (Declaration of Jeremy Slack) ¶¶ 19-20; ECF No. 71-7 (Declaration of Michelle Brané) ¶¶ 22-28; ECF No. 71-8 (Declaration of Nicole Ramos) (Corrected at ECF No. 84-1) ¶ 5; ECF No. 71-9 (Supplemental Declaration of Madeleine Penman) ¶¶ 12-14; Nick Miroff & Missy Ryan, Army assessment of migrant caravans undermines Trump's rhetoric, Wash. Post (Nov. 2, 2018); Vanessa Romo, LGBT Splinter Group from Migrant Caravan is the 1st to Arrive in Tijuana, NPR (Nov. 13, 2018); U.S. Citizenship and Immigration Services, Credible Fear Workload Summary, https://www.uscis.gov/sites/default/files/USCIS/Outreach/Notes%20from%20Previous%20Engagements/PED_CredibleFearWorkloadReport.pdf.

[8] *Pineros y Campesinos Unidos del Noroeste v. Pruitt*, 293 F. Supp. 3d 1062 (N.D. Cal. 2018), on which Defendants rely, is not to the contrary.  The district court there held that the agency's good-cause justifications on their face did not suffice to invoke the exception, *id.* at 1067, but said nothing about whether a court may look at extra-record evidence to assess good cause.

*FCC*, 755 F.3d 702, 706 (D.C. Cir. 2014) ("[O]ur review of the agency's legal conclusion of good cause is de novo.")."  TRO Order 25.

In any event, Plaintiffs are likely to succeed on this claim even if the Court limits its review to the administrative record.  *See* PI Reply Br. 6-7.  The Court therefore "need not address the extra-record evidence issue" as to good cause.  *Lands Council*, 395 F.3d at 1030.

## V.   THE COURT SHOULD DENY THE MOTION TO STRIKE PORTIONS OF THE AMICUS BRIEFS

Defendants also move to strike portions of amicus briefs that they assert rely on evidence not in the record.  Mot. to Strike 6 & n.8.  However, courts routinely accept amicus briefs that provide background information or refer to matters beyond the record.  *See, e.g.*, *Neonatology Assocs., P.A. v. Comm'r of Internal Review*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.) ("[A]n amicus may provide important assistance to the court.  'Some amicus briefs collect background or factual references that merit judicial notice. . . .  Still others explain the impact a potential holding might have on an industry or other group.'") (citation omitted).  Here, no party is asking the Court to consider materials cited by amici as part of the evidentiary record for this case. The amicus briefs provide background information to assist the Court, and the Court may consider the amicus briefs to the extent it finds them useful.  *See, e.g.*, ECF No. 83 (granting amici National Center for Lesbian Rights et al.,  and Twenty-Three Organizations Representing Asylum Seekers, inter alia, leave to file briefs because they "'fulfill the classic role of amicus curiae by assisting in a case of general public interest'") (citation omitted); *see also* ECF No. 86 (granting leave for similar reasons to the States of California et al., inter alia).[9]

---

[9] Even if the amici briefs *were* seeking to augment the actual record in this case, the materials cited by amici could be considered by the Court for the same reasons that Plaintiffs' evidence may be considered, including those relating to the injunction factors or standing.  For example, the citations Defendants reference from the Brief of Amici Curiae National Center for Lesbian Rights et al. (ECF No, 75-1) and Amicus Curiae Brief of the States of California et al. (ECF No. 82-1) ("States' Brief") are relevant to the public interest factor.  Likewise, with respect to the Amicus Curiae Brief of Twenty-Three Organizations Representing Asylum Seekers (ECF No. 78-2) ("Asylum Organizations' Brief"), the citations in footnotes 43 through 47 are relevant to the question whether an injunction is in the public interest.  Further,

**CONCLUSION**

The Court should dismiss the Defendants' motion to strike extra-record evidence.

Dated December 15, 2018                         Respectfully submitted,

Jennifer Chang Newell (SBN 233033)              /s/Lee Gelernt
Cody Wofsy (SBN 294179)                         Lee Gelernt*
Spencer Amdur (SBN 320069)                      Judy Rabinovitz*
Julie Veroff (SBN 310161)                       Omar C. Jadwat*
ACLU FOUNDATION                                 Celso Perez (SBN 304924)
IMMIGRANTS' RIGHTS PROJECT                      ACLU FOUNDATION
39 Drumm Street                                 IMMIGRANTS' RIGHTS PROJECT
San Francisco, CA 94111                         125 Broad Street, 18th Floor
T: (415) 343-0770                               New York, NY 10004
F: (415) 395-0950                               T: (212) 549-2660
*jnewell@aclu.org*                              F: (212) 549-2654
*cwofsy@aclu.org*                               *lgelernt@aclu.org*
*samdur@aclu.org*                               *jrabinovitz@aclu.org*
*jveroff@aclu.org*                              *ojadwat@aclu.org*
                                                *cperez@aclu.org*
Melissa Crow*
SOUTHERN POVERTY LAW CENTER                     Christine P. Sun (SBN 218701)
1666 Connecticut Avenue NW, Suite 100           Vasudha Talla (SBN 316219)
Washington, D.C. 20009                          AMERICAN CIVIL LIBERTIES UNION OF
T: (202) 355-4471                               NORTHERN CALIFORNIA, INC.
F: (404) 221-5857                               39 Drumm Street
*melissa.crow@splcenter.org*                    San Francisco, CA 94111
                                                T: (415) 621-2493
Mary Bauer*                                     F: (415) 255-8437
SOUTHERN POVERTY LAW CENTER                     *csun@aclu.org*
1000 Preston Avenue                             *vtalla@aclu.org*
Charlottesville, VA  22903
T:  (470) 606-9307
F:  (404) 221-5857                              Baher Azmy*
*mary.bauer@splcenter.org*                      Angelo Guisado*
                                                Gita Schwarz*
*Attorneys for Plaintiffs*                      CENTER FOR CONSTITUTIONAL RIGHTS
                                                666 Broadway, 7th Floor
                                                New York, NY 10012
*Admitted pro hac vice*                         T: (212) 614-6464
                                                F: (212) 614-6499
                                                *bazmy@ccrjustice.org*
                                                *aguisado@ccrjustice.org*
                                                *gschwartz@ccrjustice.org*

---

the amicus briefs also include references to government reports or records that are subject to judicial notice pursuant to Fed. R. Evid. 201(b)(2).  *See* States' Brief, nn. 8, 12, 14, 32-33, 37, 49, 51, 54; Asylum Organizations' Brief, nn. 8, 9, 13-14, 31, 33, 34, 35, 38, 39, 40, 46, 47.  *See also, e.g.*, *City of Las Vegas, Nev. v. F.A.A.*, 570 F.3d 1109, 1118 (9th Cir. 2009) (taking judicial notice of Federal Register Notices outside of administrative record); *$2,164,341 in US Currency*, 2013 WL 2458757, at *4 (court may take judicial notice of USCIS documents).