JOSEPH H. HUNT
*Assistant Attorney General*
SCOTT G. STEWART
*Deputy Assistant Attorney General*
AUGUST E. FLENTJE
*Special Counsel*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
*Assistant Director*
CHRISTINA P. GREER
*Trial Attorney*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8770
Email: Christina.P.Greer@usdoj.gov
PATRICK GLEN
*Senior Litigation Counsel*
JOSEPH DARROW
FRANCESCA GENOVA
KATHRYNE GRAY
BENTON YORK
*Trial Attorneys*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| East Bay Sanctuary Covenant, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Donald J. Trump, President of the United States, *et al.*, | ) |
| | ) |
| Defendants. | ) |

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE EXTRA-RECORD EVIDENCE

Civil Action No. 3:18-cv-06810-JST

## <u>TABLE OF CONTENTS</u>

**INTRODUCTION** ........................................................................................................ 1

**ARGUMENT** ............................................................................................................... 1

**I.    Plaintiffs May Only Cite Extra-Record Evidence Relating to Standing and Irreparable Harm.** ........................................................................................ 2

**II.   The Government's Invocation of the Foreign-Affairs and Good-Cause Exceptions Provide no Basis to Depart from the Record Rule** ................... 3

      A.    Foreign-Affairs Exception ................................................................. 4

      B.    Good-Cause Exception ....................................................................... 6

**III.  Plaintiffs' Extra-Record Evidence Is Otherwise Inappropriate** .............. 8

      A.    Declarations from Professors, Researchers, Advocates, and Former Government Officials .......................................................................... 9

      B.    Declarations from Plaintiffs' Employees .......................................... 12

      C.    News Articles and Internet Documents ............................................. 13

**CONCLUSION** ......................................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

### CASE LAW

*Am. Transfer & Storage Co. v. Interstate Commerce Comm'n*,
  719 F.2d 1283 (5th Cir. 1983) ............................................................... 6

*Ardente, Inc. v. Shanley*,
  No. C 07-4479 MHP, 2010 WL 546485 (N.D. Cal. Feb. 9, 2010) ..................... 4

*Asarco, Inc. v. U.S. Envtl. Prot. Agency*,
  616 F.2d 1153 (9th Cir. 1980) ............................................................... 9

*Camp v. Pitts*,
  411 U.S. 138 (1973) ............................................................................. 8

*City of Olmsted Falls, Ohio v. FAA*,
  292 F.3d 261 (D.C. Cir. 2002) ............................................................... 4

*Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*,
  450 F.3d 930 (9th Cir.2006) ............................................................... 14

*Doe v. Trump*,
  288 F. Supp. 3d 1045 (W.D. Wash. 2017) ................................................. 5

*Earth Island Inst. v. Evans*,
  256 F. Supp. 2d 1064 (N.D. Cal. 2003) ............................................... 2, 7

*East Bay Sanctuary Covenant v. Trump*,
  No. 18-17274 (9th Cir. Dec. 7, 2018) ............................................ 5, 10, 12, 13

*Eco Tour Adventures, Inc. v. Zinke*,
  249 F. Supp. 3d 360 (D.D.C. 2017) ......................................................... 3

*Fence Creek Cattle Co. v. U.S. Forest Serv.*,
  602 F.3d 1125 (9th Cir. 2010) ......................................................... 4, 6, 7, 8

*George v. Bay Area Rapid Transit*,
  577 F.3d 1005 (9th Cir. 2009) ............................................................... 4

*Hawaii Helicopter Operators Ass'n v. FAA*,
  51 F.3d 212 (9th Cir. 1995) ................................................................. 6

*Hill Dermaceuticals, Inc. v. U.S. Food & Drug Admin.*,
  2012 WL 5914516 (D.D.C. May 18, 2012) ................................................. 3

*Hill Dermaceuticals, Inc. v. U.S. Food & Drug Admin.*,
  709 F.3d 44 (D.C. Cir. 2013) ............................................................... 3

*INS v. Cardoza-Fonseca,*
    480 U.S. 421 (1987)........................................................................................... 11

*Jiahao Kuang v. U.S. Dep't of Defense,*
    2018 WL 6025611 (N.D. Cal. Nov. 16, 2018) ........................................ 2, 7, 9, 14

*Lands Council v. Powell,*
    395 F.3d 1019 (9th Cir. 2005) ............................................................................. 7

*Lexmark Int'l, Inc. v. Static Control Components, Inc.,*
    572 U.S. 118 (2014)...................................................................................... 3, 12

*Nw. Ecosystem Alliance v. U.S. Fish & Wildlife Serv.,*
    475 F.3d 1136 (9th Cir. 2007) ............................................................................. 4

*Nw. Envtl. Advocates v. U.S. Dep't of Commerce,*
    322 F. Supp. 3d 1093 (W.D. Wash. 2018)......................................................... 13

*Occidental Eng'g Co. v. INS,*
    753 F.2d 766 (9th Cir. 1985) .......................................................................... 5, 8

*San Luis & Delta-Mendota Water Auth. v. Locke,*
    776 F.3d 971 (9th Cir. 2014) ............................................................................... 5

*Sorenson Commc'ns Inc. v. FCC,*
    755 F.3d 702 (D.C. Cir. 2014) ............................................................................. 6

*Tagoia v. Wells Fargo Bank, N.A.,*
    No. 17-CV-06777, 2018 WL 3377967 (N.D. Cal. July 11, 2018)......................... 4

*United States v. Cain,*
    583 F.3d 408 (6th Cir. 2009) ............................................................................... 6

*United States v. Dean,*
    604 F.3d 1275 (11th Cir. 2010) ........................................................................... 6

*United States v. Gould,*
    568 F.3d 459 (4th Cir. 2009) ............................................................................... 6

*United States v. Johnson,*
    632 F.3d 912 (5th Cir. 2011) ............................................................................... 6

*United States v. Mays,*
    246 F.3d 677, 2000 WL 1860727 (9th Cir. 2000) ............................................. 14

*United States v. Pena-Gutierrez,*
    222 F.3d 1080 (9th Cir. 2000) ........................................................................... 14

*United States v. Scholl*,
    166 F.3d 964 (9th Cir. 1999) ................................................................ 11, 12

*United States v. Valverde*,
    628 F.3d 1159 (9th Cir. 2010) .................................................................. 6, 8

*W. Watersheds Project v. Kraayenbrink*,
    632 F.3d 472 (9th Cir. 2011) ........................................................................ 2

*Wiechers v. Moore*,
    No. 1:13-CV-00223, 2014 WL 1400843 (E.D. Cal. Apr. 10, 2014) ...................... 1

*Winter v. Nat. Res. Def. Council, Inc.*,
    555 U.S. 7 (2008) ...................................................................................... 2, 7

*Yassini v. Crosland*,
    618 F.2d 1356 (9th Cir. 1980) ..................................................................... 5

**STATUTES**

5 U.S.C. § 553(a) ............................................................................................. 6

5 U.S.C. § 706 .............................................................................................. 3, 4

5 U.S.C. § 706(2)(D) ......................................................................................... 4

**FEDERAL RULES**

Fed. R. Evid. 401 .................................................................................. 12, 13, 14

Fed. R. Evid. 402 .................................................................................. 12, 13, 14

Fed. R. Evid. 602 .................................................................................. 10, 11, 12

Fed. R. Evid. 801 ............................................................................................ 14

Fed. R. Evid. 802 .................................................................................. 10, 11, 14

Fed. R. Evid. 805 .................................................................................... 11, 14

**MISCELLANEOUS**

Brief for the Petitioners, *Winter v. Nat. Res. Def. Council, Inc.*,
    555 U.S. 7 (2008) No. 07-1239, 2008 WL 3285392 ............................................................... 2

Brief for the Respondents, *Winter v. Nat. Res. Def. Council, Inc.*,
    555 U.S. 7 (2008) No. 07-1239, 2008 WL 4154536 ............................................................... 2

Brief of Respondent California Coastal Comm'n, *Winter v. Nat. Res. Def. Council, Inc.*,
    555 U.S. 7 (2008) No. 07-1239, 2008 WL 4181884 ............................................................... 2

**INTRODUCTION**

The Court should strike all extra-record evidence submitted by Plaintiffs in support of their merits arguments or cited for any purpose other than demonstrating organizational standing or cognizable irreparable harm. The Court should also strike the additional extra-record evidence Plaintiffs cite in their reply in support of their motion for preliminary injunction, filed after Defendants had any opportunity to respond to it in merits briefing.[1]

Plaintiffs concede that this is an APA case and thus the record rule applies, and they do not challenge—and therefore concede—that the record certified by the government is the full and complete record. Only now that their attempt to circumvent the record rule has been called out do Plaintiffs even attempt—unsuccessfully—to justify their reliance on extra-record evidence in a record review case. But even those untimely arguments lack merit.

First, Plaintiffs identify no basis for this Court to consider extra-record evidence for any purpose other than consideration of Plaintiffs' organizational standing and the alleged irreparable harm they suffer. Second, Plaintiffs' assertion that the Defendants' invocation of the foreign-affairs or good-cause exceptions to notice-and-comment rulemaking was improper is subject to the record rule, and Plaintiffs offer no basis to depart from that rule. Finally, even assuming Plaintiffs have met their heavy burden of justifying departure from the record rule as to any of their evidence, that evidence is not competent evidence for any of the purposes it is submitted for, and the Court should disregard it.

**ARGUMENT**

At the threshold, Plaintiffs have not formally moved to submit extra-record evidence. They have thus waived their ability to do so and should not be allowed to do so after Defendants have filed their merits brief. *See, e.g.*, *Wiechers v. Moore*, No. 1:13-CV-00223, 2014 WL 1400843, at *18 (E.D. Cal. Apr. 10, 2014) (declining to consider extra-record evidence because "Plaintiff failed to timely petition for its consideration"). Even assuming Plaintiffs may simply

---

[1] Because Plaintiffs have submitted yet more extra-record evidence, which Defendants address below, Defendants are submitting a revised proposed order. All extra-record submissions listed in that order should be struck for failure to demonstrate any basis to depart from the record rule. Additionally, the list of documents and citations to be struck are incorporated by reference here.

submit extra-record evidence without following the proper procedure, nothing in Plaintiffs' opposition brief establishes any basis to depart from the record rule.

## I.    Plaintiffs May Only Cite Extra-Record Evidence Relating to Standing and Irreparable Harm.

Plaintiffs identify no basis for this Court to consider extra-record evidence for any purpose other than consideration of Plaintiffs' organizational standing and the alleged irreparable harm they suffer.  Plaintiffs assert that courts "routinely consider extra-record evidence concerning whether injunctive relief should be granted," but their citations to authority are misleading at best and distinguishable.  Opp. 3.

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008), included claims under the Endangered Species Act, claims under which are not limited to record review.  *See W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 497 (9th Cir. 2011).  Additionally, the extra-record evidence issue was intensely litigated before the district and circuit courts, but it was not addressed in briefing before the Supreme Court or discussed by the Court at all.[2]  *Jiahao Kuang v. U.S. Dep't of Defense*, 2018 WL 6025611 (N.D. Cal. Nov. 16, 2018) (Tigar, J.) is similarly inapt. There, the parties did not brief the issue, but the Court nevertheless determined that, while it would not strike the extra-record declaration at that time, it would "not consider its assertions as support for the merits of DoD's policy."  *Id.* at *30.  Additionally, the question the Court said it could consider was whether an injunction would "*harm* the public interest," it did not decide that the extra-record declaration could be considered for any and all non-merits purposes.  *Id.* (emphasis added).  In *Earth Island Inst. v. Evans*, 256 F. Supp. 2d 1064 (N.D. Cal. 2003), the defendants did not dispute that extra-record documents could be considered for equitable or public interest considerations.  *Id.* at 1078 n.16.  Notably, the administrative record had not even been produced yet in that case.  *Id.*  Moreover, the statute at issue there specifically directed the secretary to engage a scientific study before the regulation could be relaxed, and accordingly the scope of data

---

[2] *See* Brief for the Petitioners, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) No. 07-1239, 2008 WL 3285392; Brief of Respondent California Coastal Comm'n, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) No. 07-1239, 2008 WL 4181884; Brief for the Respondents, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) No. 07-1239, 2008 WL 4154536.

considered was statutorily at issue in a way not present here.  *See id.* at 1069-70.  *Hill Dermaceuticals, Inc. v. U.S. Food & Drug Admin.*, 2012 WL 5914516 (D.D.C. May 18, 2012), is an unpublished decision where the court determined that it did not need to reach the non-merits portions of the preliminary injunction analysis and thus ultimately deemed the extra-record evidence "irrelevant and inadmissible for any purpose."  *Id.* at *10.  While the D.C. Circuit affirmed the decision, it did not reach the issue of the consideration of extra-record evidence.  *Hill Dermaceuticals, Inc. v. U.S. Food & Drug Admin.*, 709 F.3d 44 (D.C. Cir. 2013).  Finally, in *Eco Tour Adventures, Inc. v. Zinke*, 249 F. Supp. 3d 360 (D.D.C. 2017), both parties submitted declarations relating to the balance of harms and public interest and apparently consented to their consideration.  *Id.* at 369 n.7.

Plaintiffs also claim that they can submit evidence to preserve their third-party standing argument for appeal while at the same time claiming that the Ninth Circuit's decision is controlling on merits issues.  *Compare* Opp. 2 *with* ECF No. 92.  Plaintiffs cannot have it both ways.  Plaintiffs also wrongly assert that they may submit evidence relating to their "prudential standing" arguments.  Opp. 2.  They cite no authority for this claim.  Indeed, the zone-of-interests inquiry is not jurisdictional, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126, 128 n.4 (2014); it therefore is not exempt from the record rule.

Plaintiffs thus do not cite a single case actually holding that their evidence may be considered other than for demonstrating organizational standing or irreparable harm tied to cognizable claims of injury, and for good reason: their assertions are explicitly contrary to the APA.  *See* 5 U.S.C. § 706.  They have therefore failed to establish that the Court should depart from the record rule to consider the extra-record evidence they belatedly cite relating to the balance of the equities and whether an injunction is in the public interest.

## II.   The Government's Invocation of the Foreign-Affairs and Good-Cause Exceptions Provide no Basis to Depart from the Record Rule

Plaintiffs, without citing any authority, assert that the record review rule does not apply to review of Defendants' invocation of the foreign-affairs or good-cause exceptions to notice-and-comment rulemaking.  Opp. 5-8.  But, the record rule is the default under the APA, 5 U.S.C.

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO STRIKE EXTRA-RECORD EVIDENCE
*East Bay Sanctuary v. Trump,*
Case No. 3:18-cv-06810-JST

3

§ 706, and Plaintiffs point to no statute or case law justifying a deviation from that well-established norm.  Plaintiffs must carry the "heavy burden to show that the additional materials sought are necessary."[3]  *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010).  They have not done so.

The APA provides no exception to the record rule for review of the invocation of the foreign-affairs or good-cause exceptions to the notice-and-comment and delayed-implementation requirements.  As Defendants explained in their motion, Mot. 7, both are "findings[] and conclusions" that Plaintiffs ask the Court to "set aside."  5 U.S.C. § 706.  If Plaintiffs are challenging the failure of the rule to undergo notice-and-comment, then they are claiming that the rule was issued "without observance of procedure required by law."  *Id.* § 706(2)(D).  The APA itself makes clear that judicial review of such a claim should be limited to the administrative record: "In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error."  *Id.* § 706.  Plaintiffs do not address this argument, and therefore have conceded it.  *See Ardente, Inc. v. Shanley*, No. C 07-4479 MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 9, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence."), *cited in Tagoia v. Wells Fargo Bank, N.A.*, No. 17-CV-06777, 2018 WL 3377967, at *5 (N.D. Cal. July 11, 2018).

## A.    Foreign-Affairs Exception

Rather than address the statute as written, Plaintiffs mischaracterize case law in an effort to erect a novel exception to the record rule for cases involving the foreign-affairs exception.  Opp. 5-6.  Plaintiffs first assert that courts, including the Ninth Circuit, "have relied on extra-record

---

[3] Plaintiffs bear the burden of demonstrating the agency's action is arbitrary and capricious.  *See George v. Bay Area Rapid Transit*, 577 F.3d 1005, 1011 (9th Cir. 2009); *City of Olmsted Falls, Ohio v. FAA*, 292 F.3d 261, 271 (D.C. Cir. 2002) ("[T]he party challenging an agency's action as arbitrary and capricious bears the burden of proof . . . .  Indeed, even assuming the [agency] made missteps . . . the burden is on petitioners to demonstrate that the [agency's] ultimate conclusions are unreasonable.") (internal punctuation and citations omitted).  A Court must be "highly deferential" in an APA review case, and must "presum[e] the agency action to be valid . . . ."  *Nw. Ecosystem Alliance v. U.S. Fish & Wildlife Serv.*, 475 F.3d 1136, 1140 (9th Cir. 2007).

1    evidence to assess whether a government agency properly invoked the foreign affairs exception,"

2    suggesting that evidence may be submitted by either party at any time.  Opp. 5.  That is wrong.

3        In *Yassini v. Crosland*, the court allowed the *government* to submit extra-record evidence

4    in the form of declarations from government officials, *before* the administrative record, if any,

5    was ever served.  618 F.2d 1356, 1361 (9th Cir. 1980).  Indeed, citing *Yassini*, the Ninth Circuit

6    in this case, recognizing that no record had yet been submitted, stated that the *government* was

7    free to submit a "record on this issue in the district court."  *East Bay Sanctuary Covenant v.*

8    *Trump*, No. 18-17274, slip op. 57 (9th Cir. Dec. 7, 2018) (citing *Yassini*, 618 F.2d at 1361 (noting

9    affidavits in support of the foreign affairs exception from the Attorney General and Deputy

10   Secretary of State)).  The Ninth Circuit did *not* invite Plaintiffs to submit extra-record evidence

11   to challenge the government's reasoning.

12       Plaintiffs' reliance on *Doe v. Trump*, 288 F. Supp. 3d 1045 (W.D. Wash. 2017), is also

13   misplaced and their characterization of it misleading.  The court did not rely on or even "cite" to

14   the extra-record declaration from former officials the plaintiffs submitted in *Doe*; rather, the court

15   acknowledged that the government had not submitted any evidence on the issue and noted in a

16   footnote that the declaration was the only evidence on the issue in the record.  *Id.* at 1076 n.21.

17   Furthermore, the decision contains no discussion as to whether the court could consider the

18   document under the record rule.

19       Plaintiffs also assert that the government bears the burden of showing why Plaintiffs may

20   not circumvent the extra-record rule.  Opp. 6.  That has the record rule completely backwards.  It

21   is *Plaintiffs* who must establish an exception to the record rule in an APA case.  *San Luis & Delta-*

22   *Mendota Water Auth. v. Locke*, 776 F.3d 971, 992-93 (9th Cir. 2014) ("the party seeking to admit

23   extra-record evidence initially bears the burden of demonstrating that a relevant exception

24   applies").  Again, they cite no authority to support their attempt to turn this burden on its head.

25   When a court reviews an agency determination, "there are no disputed facts that the district court

26   must resolve."  *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985).  "[T]he function

27   of the district court is to determine whether or not as a matter of law the evidence in the

28   administrative record permitted the agency to make the decision it did."  *Id.*  There is no reason

that the review of procedural claims, such as the government's invocation of the foreign-affairs exception, would depart from this.  Indeed, regardless of the standard of review courts apply when reviewing procedural APA claims, they do not go beyond the administrative record.  *See Sorenson Commc'ns Inc. v. FCC*, 755 F.3d 702, 707 (D.C. Cir. 2014) (relying on the administrative record when reviewing the agency's invocation of the good-cause exception);  *United States v. Johnson*, 632 F.3d 912, 928 (5th Cir. 2011) (relying on the good-cause reasoning provided in the rule); *United States v. Valverde*, 628 F.3d 1159, 1166-68 (9th Cir. 2010) (same); *United States v. Dean*, 604 F.3d 1275, 1279-81 (11th Cir. 2010) (same); *United States v. Cain*, 583 F.3d 408, 421 (6th Cir. 2009) (same); *United States v. Gould*, 568 F.3d 459, 469 (4th Cir. 2009) (same); *Hawaii Helicopter Operators Ass'n v. FAA*, 51 F.3d 212, 214 (9th Cir. 1995) (same); *Am. Transfer & Storage Co. v. Interstate Commerce Comm'n*, 719 F.2d 1283, 1293 (5th Cir. 1983) (same).[4]

And that is especially appropriate with the foreign-affairs exception.  Mot. 8-9.  Under Plaintiffs' argument any challenger to government action involving foreign affairs could submit a declaration second-guessing the government's determinations on sensitive foreign-affairs matters, thereby creating their own record, while the Executive's conclusion that notice and comment is not required because "there is involved . . . a military or foreign affairs function of the United States," 5 U.S.C. § 553(a), would be bound to the record it produced.  Such a result finds no support in the text of the APA or any case Plaintiffs cite, and so must be rejected.

As Plaintiffs have not shown that the foreign-affairs exception is exempt from the record-review rule and alleged no exception to the rule that covers their extra-record evidence, the Court must strike their extra-record evidence to the extent it addresses and is cited in relation to the foreign-affairs exception.

### B.  Good-Cause Exception

Plaintiffs concede that the record-review rule applies to the government's invocation of the good-cause exception, but claim that the Court may consider their evidence because it

---

[4] Plaintiffs ultimately argue that "Defendants' invocation of the foreign affairs exception fails even if the Court ignores the additional evidence and looks only to the Rule and/or administrative record."  Opp. 6.  They thus admit that their extra-record evidence is not "necessary" for the Court to adequately review the agencies' decision, which they have the "heavy burden" of showing. *Fence Creek Cattle Co.*, 602 F.3d at 1131.

1    identifies "relevant factors the agency did not consider."  Opp. 6-7; *see Jiahao Kuang*, 2018 WL

2    6025611 at *8 (discussing this exception to the record rule).  Other than that conclusory statement,

3    however, Plaintiffs do not identify what relevant factors they believe the agencies failed to

4    consider that would thus allow the Court to consider their extra-record evidence.  They have

5    therefore failed to meet their heavy burden of establishing that an exception applies.  *Fence Creek*

6    *Cattle Co.*, 602 F.3d at 1131; *see also Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir.

7    2005) ("These limited exceptions operate to identify and plug holes in the administrative

8    record.").

9    None of the cases Plaintiffs cite support them.  The Ninth Circuit in *Earth Island Inst.*

10   merely stated that the district court properly admitted the extra-record evidence under the

11   "relevant factors" exception.  442 F.3d at 1162.  The ability of the Court to do so is not in dispute.

12   And there is no support for Plaintiffs' claim that the Supreme Court in *Winter* discussed an extra-

13   record declaration "pursuant to 'relevant factors' exception."  Contrary to Plaintiffs' suggestion,

14   those words do not appear anywhere in the Court's decision, and that issue was not litigated before

15   or addressed by the Court.  Indeed, the briefing before the Court makes no mention of the extra-

16   record evidence issue.  *See supra* n.2.

17   Plaintiffs fault Defendants for not citing authority foreclosing consideration of extra-

18   record evidence in good-cause cases and suggest that, because they believe the agencies'

19   invocation of the good-cause exception is not entitled to deference, review of that invocation is

20   exempt from the record rule.  *See* Opp. 7-8.  But as with their foreign-affairs argument, Plaintiffs

21   again have it backwards by suggesting anyone but them bear the burden of demonstrating that

22   departing from the record rule is warranted.  *Fence Creek Cattle Co.*, 602 F.3d at 1131.

23   Additionally, they fail to cite any case in support of their claim that good-cause cases are exempt

24   from the record rule.  *See* Opp. 7-8.  Their invocation of an exception to that rule belies the fact

25   that they understand the record rule to apply.

26   Plaintiffs assert that the question here is a legal, not factual, one by arguing that the

27   agencies' legal conclusions are subject to de novo review.  Opp. 7.  But Plaintiffs confuse legal

28   standards of review with whether the court may create a new record when applying those

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO STRIKE EXTRA-RECORD EVIDENCE
*East Bay Sanctuary v. Trump*,
Case No. 3:18-cv-06810-JST

7

standards.   Regardless whether *de novo* or arbitrary-and-capricious review applies to the government's invocation of good cause, *see Valverde*, 628 F.3d at 1162 (declining to determine whether review an invocation of the good-cause exception under a de novo or arbitrary-and-capricious standard), it is well-settled that in an APA case, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court," *Camp v. Pitts*, 411 U.S. 138, 142 (1973), and that the court does not "resolve any facts in a review of an administrative proceeding," *Occidental Eng'g Co.*, 753 F.3d at 769. Based on this well-established APA principle, therefore, Plaintiffs cannot justify a departure from the record rule under the relevant factors exception.[5]

## III.   Plaintiffs' Extra-Record Evidence Is Otherwise Inappropriate.

Even assuming Plaintiffs have satisfied their heavy burden for submission of extra-record evidence in an APA record-review case, their submissions are inappropriate on their own merits.

Plaintiffs seek admission of four types of documents: (1) twenty-seven declarations, including supplemental declarations and corrected declarations, many of which cite news articles, NGO reports, and other non-record documents; (2) two news articles; (3) a comment to a rule from an attorney organization; and (4) a USCIS document regarding credible fear caseloads from USCIS's website.   The declarations can be further broken down into two categories: (1) declarations from third-party experts, researchers, advocates, or former officials challenging the soundness of the agencies' decision or providing information about conditions in Mexico or Central American countries; and (2) declarations from employees of the Plaintiff organizations. None of these documents are relevant to Plaintiffs' claims—(1) that the rule conflicts with the asylum statute, and (2) that the rule violates the APA's notice and comment and delayed effectiveness requirements, *see* Compl. ¶¶ 101-06, 108-10—and instead improperly second-guess

---

[5] Plaintiffs again seem to overlook that their own reasoning does not justify a departure from the APA's record rule.   They argue that they "are likely to succeed on this claim even if the Court limits its review to the administrative record."  Opp. 8.   They therefore concede that they have not met their "heavy burden to show that the additional materials sought are *necessary*" for the Court to adequately review the agencies' decision.  *Fence Creek Cattle Co.*, 602 F.3d at 1131 (emphasis added).

the agencies' decision. Additionally, much of the extra-record evidence should be struck because it is inadmissible under the Federal Rules of Evidence.[6]

### A. Declarations from Professors, Researchers, Advocates, and Former Government Officials

Plaintiffs' attempt to introduce their many self-serving declarations regarding the wisdom of the rule is off-base. "Even where the Court allows such supplementary evidence, '[c]onsideration of the evidence to determine the correctness or wisdom of the agency's decision is not permitted, even if the court has also examined the administrative record.'" *Jiahao Kuang*, 2018 WL 6025611 at *27 (quoting *Asarco, Inc. v. U.S. Envtl. Prot. Agency*, 616 F.2d 1153, 1160 (9th Cir. 1980)). Plaintiffs' submission of and citations to these documents fly in the face of this prohibition.

First, the declarations submitted in an effort to undermine the agencies' keeping of and reliance on their statistics do not fit the exception invoked and improperly challenge the "wisdom of the agenc[ies'] decision."[7] *See id.* These declarations do not meet an exception and are purely submitted in an attempt to second-guess the wisdom of the agencies' decision. Additionally, these attempts at back-dooring in inadmissible hearsay—the news stories—should be deflected. Fed.

---

[6] Each of the following items contains inadmissible statements: ECF No. 8-2; ECF No. 8-3; ECF No. 8-4; ECF No. 8-5; ECF No. 8-6; ECF No. 35-1; ECF No. 35-2; ECF No. 35-3; ECF No. 35-4; ECF No. 35-5; ECF No. 35-6; ECF No. 35-7; ECF No. 35-8; ECF No. 35-9; ECF No. 35-10; ECF No. 71-1; ECF No. 71-2; ECF No. 71-4; ECF No. 71-5; ECF No. 71-6; ECF No. 71-7; ECF No. 71-8; ECF No. 71-9; Nick Miroff & Missy Ryan, "Army assessment of migrant caravans undermines Trump's rhetoric," Washington Post (Nov. 2, 2018); Vanessa Romo, "LGBT Splinter Group from Migrant Caravan is the 1st to Arrive in Tijuana," NPR (Nov. 13, 2018); Comment of American Immigration lawyers Association on proposed immigration appeal regulation (Aug. 18, 2008); USCIS, Credible Fear Workload Summary, from USCIS.gov.

[7] For example, the Isacson Declaration at ECF No. 8-2 provides various statistics regarding border crossings over the years and proffers the author's opinion that the caravan will take a long time to arrive and that only about 15 to 20 percent of the members of the caravan will arrive at the U.S.-Mexico border. ECF No. 8-2 at ¶¶ 9-10. The Cutlip-Mason Declaration at ECF No. 35-2 describes the author's opinions, based on her time working with EOIR, as to the faults in EOIR's data keeping regarding in absentia removals. And in the Rodriguez Declaration at ECF No. 35-9, the author states that "it has always been [his] understanding that USCIS expends the same level of resources to process asylum seekers who enter the United States at ports of entry and asylum seekers who enter between ports of entry." *Id.* at ¶ 7.

---

R. Evid. 802.  Moreover, these statements attempt to usher in factual allegations about which the declarants have not established personal knowledge, also requiring their inadmissibility.  Fed. R. Evid. 602.

Second, Plaintiffs' declarations also attempt to undermine the agencies' explanation for the need to have an orderly application process and to discourage asylum seekers from making the dangerous trek across the border.[8]  Not only do these declarations improperly second-guess the agencies' determinations, they go to issues the Ninth Circuit has found not at issue in this case and thus are irrelevant.  Op. at 28 ("And although the Organizations describe significant hindrances their clients have experienced in applying for asylum at ports of entry, as well as significant risks their clients may face in towns lining the country's southern border, neither of those concerns is at issue in this lawsuit.")

Third, the declarations describing researchers', advocates', and professors' beliefs and prognostications as to the behavior of caravans, the knowledge of asylum seekers, and the persons that make up past and current caravans also seek to challenge the correctness of the agencies' decisions.  For example, several declarations state that members of prior caravans entered at ports of entry[9] and that many asylum seekers are unaware that they may present themselves at ports of entry, do not understand the concept of a port of entry, or are forced to cross between ports by criminal elements.[10]  Some provide information about the members and aims of this and past caravans.[11]  At least one discusses the violence facing members of the caravan in their home

[8] *See* ECF No. 35-4 at ¶¶ 5-10 (discussing the backlog for asylum applicants at the border); ECF No. 35-5 at ¶ 5 (discussing wait times and dangers in Mexico for LGBTQ individuals); ECF No. 71-6 (describing the author's concerns about the health and well-being of those waiting to enter the United States); ECF No. 71-7 (describing the author's observations of the "metering" of asylum applicants at the border and the conditions they live in while waiting to enter).

[9] ECF No. 8-2 at ¶ 10; ECF No. 35-5 at ¶ 9; ECF No. 35-8 at ¶ 23; ECF No. 71-2 at ¶ 23.

[10] ECF No. 8-4 at ¶ 26; ECF No. 8-6 at ¶ 14; ECF No. 35-4 at ¶ 12; ECF No. 35-6 at ¶ 4; ECF No. 71-5 at ¶ 19.

[11] ECF No. 35-7; ECF No. 71-9.

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO STRIKE EXTRA-RECORD EVIDENCE
*East Bay Sanctuary v. Trump*,
Case No. 3:18-cv-06810-JST

10

countries.[12]   Plaintiffs have not established how this is relevant to their claims or how these declarations and citations thereto meet an exception to the record rule.  Also, these statements are not only inadmissible hearsay upon hearsay without exception, they appear to lack competence because the declarants do not have personal knowledge of the factual statements made.  *See* Fed. R. Evid. 602, 802, & 805.

Fourth, Plaintiffs' attempt to submit a declaration proclaiming the rule inconsistent with the United States' international obligations is off-base.[13]  U.S. Federal Courts determine whether our laws comply with our international obligations, *see INS v. Cardoza-Fonseca*, 480 U.S. 421, 429 (1987), not scholars or other non-U.S. entities.  And in addition to being improper expert testimony, these statements are classic legal conclusions, and are therefore inadmissible.  *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999).

Fifth, and finally, Plaintiffs, through their extra-record declarations, improperly attempt to challenge the propriety and wisdom of a safe-third country agreement with Mexico.[14]  The opinions of the declarants as to the propriety of a safe-third country agreement with Mexico are entirely improper.  Plaintiffs are not challenging the Administration's seeking of such an

---

[12] ECF No. 71-7.

[13] ECF No. 8-5 ("In my opinion, this new policy is inconsistent with and violates the international obligations of the United States."); *see also* ECF No. 71-9 (discussing the "harmful effects of attempt to implement hard-line border controls that aim to deter migration").

[14] For example, in the Supp. Isacson Declaration, the author writes that he believes Mexico cannot be a safe third country.  ECF No. 35-4 at ¶ 11.  Similarly, the Chavla Declaration at ECF No. 35-1 discusses the situation facing asylum-seekers in Mexico and is attached to a report entitled "Why Mexico Does Not Qualify as a Safe Third Country."  The Griffey Declaration at ECF No. 35-3 discusses the author's impressions as to the dangerous situation in Mexico and includes a report he wrote about those dangers.  *See also* ECF No. 71-5 (discussing the conditions in Mexico).  The Former Officials' Declaration at ECF No. 71-4 similarly questions the wisdom of the rule's stated goals and the actions the Administration has taken to achieve those goals.  *Id.* at ¶ 5 ("Contrary to the Administration's claims, there is no migration emergency at the southern border."); *id.* at ¶ 6 (providing examples of what the government could do to "manage the challenge of large volumes of asylum applications"); *id.* at ¶ 7 (discussing with approval policies enacted by the last Administration); *id.* at ¶ 9 ("In sum, the Administration has launched a series of counter-productive policy measures that create new humanitarian problems, then mischaracterizes the predictably calamitous outcome of these failed measures as an "emergency" that justifies further punitive actions against asylees themselves.").

DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO STRIKE EXTRA-RECORD EVIDENCE
*East Bay Sanctuary v. Trump*,
Case No. 3:18-cv-06810-JST

11

agreement.  To the extent they are attempting to submit such evidence to indirectly challenge the wisdom of the rule or the invocation of the foreign-affairs exception, their evidence does not meet one of the exceptions.  Moreover, the opinions provided by former government officials, researchers, and scholars acting as armchair quarterbacks is wholly inappropriate.  The issue here is not whether former government officials agree with the policy but whether it is arbitrary and capricious.  *See* ECF No. 71-4 at ¶ 10 ("In our professional judgment, the failure to move forward immediately with an emergency rule will not damage our relations with Mexico or Northern Triangle countries.").  None of these former officials, scholars, or researchers are parties to the negotiations currently underway, and their speculation as to the potential impact of the rule is not properly before this Court because it is not based on personal knowledge.  Fed. R. Evid. 602, and if they are to be considered expert witnesses, these statements are also inadmissible legal opinions, *Scholl*, 166 F.3d at 973.

A common theme runs throughout these declarations—the authors believe the rule is unwise or will not achieve its stated goals.  However, Plaintiffs and their declarants are not the decision makers.  And their disagreement with the government's policy—even their disagreement as to the effect the policy will have—does not exempt their evidence from the record rule.

### B.     Declarations from Plaintiffs' Employees

As stated in Defendants' motion to strike, Defendants do not object to the inclusion and citation to the declarations submitted by employees of the Plaintiff organizations to the extent they support Plaintiffs' organizational standing and irreparable harm arguments.   Mot. 5.  However, the declarations authored by Plaintiffs' employees cannot be admitted to the extent they are cited in support of third-party standing arguments, to allege irreparable harm to third parties, and to support zone-of-interest arguments.  *See* Op. 27-28 (Plaintiffs do not have third-party standing); *Lexmark Int'l, Inc.*, 572 U.S. at 126, 128 n.4 (zone-of-interests inquiry is not jurisdictional).  It is one of the most foundational rules of evidence in the federal system: only relevant evidence is admissible.  Fed. R. Evid. 401, 402.  Accordingly, to the extent these

declarations are admitted, all of the statements in these declarations that do not have any tendency to make a fact at issue more or less true should be struck.[15]  *Id.*

Moreover, because whether a plaintiff is within the zone of interests is not a jurisdictional question, *Lexmark*, 572 U.S. 118, citations to extra-record evidence for this purpose are not exempt from the record rule.[16]  *See Nw. Envtl. Advocates v. U.S. Dep't of Commerce*, 322 F. Supp. 3d 1093, 1099 n.3 (W.D. Wash. 2018) ("The Court takes judicial notice of extra-record evidence Plaintiff presents from agency websites to the extent it goes to the issue of *jurisdiction*.") (emphasis added).

In sum, the citations to and information in these extra-record documents relating to any argument other than Plaintiffs' assertions of organizational standing and irreparable harm to those organizations are improper under the record rule and do not meet one of its narrow exceptions.  It follows that these statements are not relevant because that have no bearing on Plaintiffs' claims— their alleged organizational harm.  Fed. R. Evid. 401, 402.  Accordingly, they are also inadmissible and should be struck.

## C.     News Articles and Internet Documents

The Court should also strike two news articles, an online document from the American Immigration Lawyers Association, and a USCIS document Plaintiffs cite in support of merits arguments.[17]  The citations to these articles are clearly an attempt to second-guess the correctness

---

[15] Specifically, citations to the following declarations should be struck to the extent they refer to third-party standing arguments or to support arguments about harms to third parties: ECF No. 8-4; ECF No. 35-8; ECF No. 71-2; ECF No. 71-4; ECF No. 71-5; ECF No. 71-6; ECF No. 71-8; ECF No. 71-1; ECF No. 71-9).  Similarly, citations to and statements regarding the alleged irreparable harms relating to organization employees' accompanying children in Mexico should also be struck because, as the Ninth Circuit found, the concerns relating to those actions are not relevant to this suit: ECF No. 71-2 on pages 9-10 of ECF No. 71; and ECF No. 71-8 on pages 9-10 of ECF No. 71.  Op. 28.

[16] The following declarations are cited in support of Plaintiffs' zone-of-interests arguments, and those citations should be struck, as set forth in Defendants' proposed order: ECF No. 8-3; ECF No. 8-4; ECF No. 8-6; ECF No. 8-7; ECF No. 35-6; ECF No. 35-10.

[17] Plaintiffs cite a Washington Post article from November 2, 2018 in their TRO motion and reply and in the reply in support of their preliminary injunction motion for information about military estimates of how many members of the caravan would reach the United States.  Nick Miroff &

or wisdom of the agency's decision, which is not permitted in an APA case.  *See Jiahao Kuang*, 2018 WL 6025611 at *27.[18]

In addition to these news articles, all the news articles cited in the declarations should be struck.  The declaration statements citing the news articles constitute layers and layers of hearsay, each being inadmissible.  Indeed, if any one link in the hearsay-within-hearsay chain is inadmissible, all of it is inadmissible.  Fed. R. Evid. 805; *United States v. Pena-Gutierrez*, 222 F.3d 1080, 1087-88 (9th Cir. 2000).  Here, the statements in the declarations are each offered for their truth, as well as the statements made by the writers in the news articles, and the individuals quoted by the writers.  That is at least four layers of hearsay offered for truth in the declarations, and three in each article, and because there is no exception, they are inadmissible.  *See United States v. Mays*, 246 F.3d 677, 2000 WL 1860727, at *1 (9th Cir. 2000) (not reported).

Plaintiffs cite two other extra-record documents that should be struck—a comment by the American Immigration Lawyers Association cited at ECF No. 35 at 4 n.3, and charts produced by U.S. Citizenship and Immigration Services cited at ECF No. 71 at 19 n.4.  Neither are included in the administrative record, and Plaintiffs have provided no reason to justify their inclusion.  Accordingly, on top of being inadmissible hearsay offered for truth, they are also inadmissible because they lack relevance to the material issues raised by Plaintiffs' organizational claims.  Fed. R. Evid. 401, 402, 801, 802.

## CONCLUSION

Plaintiffs have not met their "heavy burden" of establishing an exception to the record rule.  Accordingly, the Court should strike the extra-record evidence to the extent it is not

---

Missy Ryan, "Army assessment of migrant caravans undermines Trump's rhetoric," Washington Post (Nov. 2, 2018), *cited at* ECF No. 8-1 at 10 n.5; ECF No. 35 at 9; ECF No. 92 at 9 n.11.  And they cite to an NPR article for the proposition that "many of the caravan's members were already expected to seek asylum at a port of entry, contrary to the rule's unsupported claim that they will seek to enter unlawfully."  ECF No. 35 at 9 n.8 (citing Vanessa Romo, "LGBT Splinter Group from Migrant Caravan is the 1st to Arrive in Tijuana," NPR (Nov. 13, 2018)).

[18] Additionally, the NPR article post-dates the rule and thus "may not be advanced as a new rationalization either for sustaining or attacking an agency's decision."  *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir.2006) (internal citations and quotations omitted).

submitted in support of Plaintiffs' organizational standing and related irreparable harm claims. And even if Plaintiffs have met their heavy burden, their evidence is not competent evidence and the Court should disregard it.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

SCOTT G. STEWART
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

By: /s/ *Christina P. Greer*
CHRISTINA P. GREER
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8770
Email: Christina.P.Greer@usdoj.gov

PATRICK GLEN
Senior Litigation Counsel

JOSEPH DARROW
FRANCESCA GENOVA
KATHRYNE GRAY
BENTON YORK
Trial Attorneys

Dated: December 16, 2018          *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2018, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the Northern District of California by using the CM/ECF system.  Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By:   */s/ Christina P. Greer*
CHRISTINA P. GREER
Trial Attorney
United States Department of Justice
Civil Division

JOSEPH H. HUNT
*Assistant Attorney General*
SCOTT G. STEWART
*Deputy Assistant Attorney General*
AUGUST E. FLENTJE
*Special Counsel*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
*Assistant Director*
CHRISTINA P. GREER
*Trial Attorney*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8770
Email: Christina.P.Greer@usdoj.gov
PATRICK GLEN
*Senior Litigation Counsel*
JOSEPH DARROW
FRANCESCA GENOVA
KATHRYNE GRAY
BENTON YORK
*Trial Attorneys*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| East Bay Sanctuary Covenant, *et al.*,<br><br>          Plaintiffs,<br><br>v.<br><br>Donald J. Trump, President of the United States, *et al.*,<br><br>          Defendants. | [PROPOSED] ORDER GRANTING MOTION TO STRIKE<br><br>Civil Action No. 3:18-cv-06810-JST |

The Court GRANTS Defendants' Motion to Strike and hereby strikes the following:

(1) Isacson Declaration (ECF No. 8-2), Goodwin-Gill Declaration (ECF No. 8-5), Chavla Declaration (ECF No. 35-1), Cutlip-Mason Declaration (ECF No. 35-2), Griffey Declaration (ECF No. 35-3), Supp. Isacson Declaration (ECF No. 35-4), Love Declaration (ECF No. 35-5), Supp. Manning Declaration (ECF No. 35-6), Penman Declaration (ECF No. 35-7), Rodriguez Declaration (ECF No. 35-9), Seyler Declaration (ECF No. 35-10), Former Officials' Joint Declaration (ECF No. 71-4), Slack Declaration (ECF No. 71-5), Mitchell-Bennet Declaration (ECF No. 71-6), Brané Declaration (ECF No. 71-7), Supp. Penman Declaration (ECF No. 71-9), and Corrected Ramos Declaration (ECF 84-1) and citations thereto in Plaintiffs' Motion for Temporary Restraining Order (ECF No. 8-1), Reply in Support of Temporary Restraining Order (ECF No. 35), and Motion for Preliminary Injunction (ECF No. 71) and all citations therein and thereto;

(2) citations to Sharp Declaration (ECF No. 8-3) at page 14 of ECF No. 71; Pinheiro Declaration (ECF No. 8-4) on pages 8 and 15 of ECF No. 8-1, pages 10 and 14 (second citation) of ECF No. 35, pages 12 and 14 of ECF No. 71, and page 10 nn.12-13 of ECF No. 92; Manning Declaration (ECF No. 8-6) at page 8 of ECF No. 8-1, page 14 of ECF No. 71, and page 10 n.12 of ECF No. 92; Smith Declaration (ECF No. 8-7) at page 14 of ECF No. 71; Supp. Pinheiro Declaration (ECF No. 35-8) at pages 7-8 and 14 of ECF No. 35 and page 10 nn.12-13 of ECF No. 92; Corrected Supp. Pinheiro Declaration (ECF No. 71-2) at pages 9-10 and 12-13 of ECF No. 71; and Ramos Declaration (ECF No. 71-8) at pages 7, 9-10, 12-13, and 17 of ECF No. 71; and

(3) citations to non-record news articles and internet documents at page 10 n.5 of ECF No. 8-1; pages 4 n.3 and 9 & n.8 of ECF No. 35; page 19 n.4 of ECF No. 71; and page 9 n.11 of ECF No. 91.

IT IS SO ORDERED.

Issued this _____ day of _____, 201__.

_____
United States District Judge