FILED

DEC 7 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

East Bay Sanctuary Covenant, et al v. Donald Trump, et al No. 18-17274

Leavy, J., dissenting in part.

I respectfully dissent in part. I concur in the majority's conclusion that we may treat the district court's order as an appealable preliminary injunction. I also concur in the majority's standing analysis.

I dissent from the majority's conclusion that the Rule was not exempt from the standard notice-and-comment procedures. The Attorney General articulated a need to act immediately in the interests of safety of both law enforcement and aliens, and the Rule involves actions of aliens at the southern border undermining particularized determinations of the President judged as required by the national interest, relations with Mexico, and the President's foreign policy.

I dissent from the denial of the motion to stay because the President, Attorney General, and Secretary of Homeland Security have adopted legal methods to cope with the current problems rampant at the southern border.

The question whether the Rule is consistent with 8 U.S.C. § 1158 goes to the consideration of likelihood of success on the merits. The majority errs by treating the grant or denial of eligibility for asylum as equivalent to a bar to application for asylum, and conflating these two separate statutory directives.

An alien does not obtain the right to apply for asylum because he entered

illegally.  The reason "any alien" has the right to apply, according to the statute, is because he is physically present in the United States or has arrived in the United States.  The parenthetical in 8 U.S.C. § 1158(a)(1) ("whether or not at a designated port of arrival"),which the majority chooses to italicize, does not expand upon who is eligible to apply beyond the words of the statute, "any alien."

The majority concludes that the Rule conditioning eligibility for asylum is the equivalent to a rule barring application for asylum.  But the statute does not say that, nor does the Rule.  I would stick to the words of the statute rather than discerning meaning beyond the words of the statute and Rule in order to find the action of the Attorney General and Secretary "not in accordance with the law."  5 U.S.C. § 706(2)(A).

Congress placed authorization to apply for asylum in one section of the statute, 8 U.S.C. § 1158(a)(1).  Congress then placed the exceptions to the authorization to apply in another section, 8 U.S.C. § 1158(a)(2).  Congress placed the eligibility for asylum in a different subsection, 8 U.S.C. § 1158(b)(1), and disqualifications for eligibility in 8 U.S.C, § 1158(b)(2)(A)(i)-(vi).  The Attorney General or the Secretary of Homeland Security has no authority to grant asylum to the categories of aliens enumerated in § 1158(b)(2)(A).  Congress has decided that the right to apply for asylum does not assure any alien that something other than a

2

categorical denial of asylum is inevitable. Congress has instructed, by the structure and language of the statute, that there is nothing inconsistent in allowing an application for asylum and categorically denying any possibility of being granted asylum on that application. Thus, Congress has instructed that felons and terrorists have a right to apply for asylum, notwithstanding a categorical denial of eligibility.

Congress has provided in U.S.C. § 1158(b)(2)(C) that the Attorney General may by regulation "establish additional limitations and conditions, consistent with this section, under which an alien shall be ineligible for asylum." *Id*. The majority is correct that an alien's manner of entry can be a relevant discretionary factor in adjudicating asylum applications. Nothing in the structure or plain words of the statute, however, precludes a regulation categorically denying eligibility for asylum on the basis of manner of entry.

On November 9, 2018, the Attorney General and the Department of Homeland Security published a joint interim final rule ("Rule"), 83 Fed. Reg. 55, 934, imposing prospective limitations on eligibility for asylum. The Rule does not restrict who may apply for asylum; rather, the Rule provides additional limitations on eligibility for asylum. The Rule states that an alien shall be ineligible for asylum if the alien enters the United States "contrary to the terms of a proclamation or order." *Id.* at 55,952.

3

The President, citing the executive authority vested in him by the Constitution and 8 U.S.C. §§ 1182(f), 1185(a), issued a Proclamation suspending and limiting the entry for 90 days of "any alien into the United States across the international boundary between the United States and Mexico." Proclamation No. 9822, Addressing Mass Migration Through the Southern Border of the United States, 83 Fed. Reg. 57,661 §§ 1, 2 (Nov. 9, 2018). The limitations do not apply to "any alien who enters the United States at a port of entry and properly presents for inspection, or to any lawful permanent resident of the United States." *Id.* at 57,663 § 2(b). The Proclamation is not challenged in this litigation. The Proclamation describes an ongoing mass migration of aliens crossing unlawfully through the southern border into the United States, contrary to the national interest, which has caused a crisis undermining the integrity of the border.

The district court concluded that the Rule contravenes the "unambiguous" language of § 1158(a). If the language of § 1158(a) is unambiguous, then I fail to see why the district court found it necessary to discern Congressional intent by looking to Article 31 of the 1967 United Nations Protocol Relating to the Status of Refugees. Section 1158(a) provides unambiguously that any alien physically present in the United States may apply for asylum. The Rule does not restrict or remove any alien's right to apply for asylum; rather, it imposes an additional, time-

4

specific, area-specific limitation on an alien's eligibility for a grant of asylum because of a proclamation. Nothing in the text of § 1158(a) prohibits the Attorney General from designating unauthorized entry as an eligibility bar to asylum when an alien's manner of entry violates a Proclamation regarding the southern border, for a limited time, pursuant to the President's judgment concerning an articulated national interest. The Proclamation and the Attorney General's regulation seek to bring safety and fairness to the conditions at the southern border.

      The government has made a sufficient showing of irreparable harm, and the public has a significant interest in efficient border law administration. I conclude that the balance of harm to the plaintiffs does not weigh in their favor. Accordingly, I would grant the Government's motion for a stay pending appeal.