JOSEPH H. HUNT
*Assistant Attorney General*
SCOTT G. STEWART
*Deputy Assistant Attorney General*
AUGUST E. FLENTJE
*Special Counsel*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
*Assistant Director*
PATRICK GLEN
*Senior Litigation Counsel*
JOSEPH DARROW
CHRISTINA GREER
FRANCESCA GENOVA
*Trial Attorney*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-1062
Email: Francesca.M.Genova@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

East Bay Sanctuary Covenant, *et al.*,

Plaintiffs,

v.

Donald J. Trump, President of the United States, *et al.*,

Defendants.

Civil Action No. 3:18-cv-06810-JST

**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

Defendants hereby move to stay district court proceedings in this case pending resolution of Defendants' appeal.[1] On December 26, 2018, Defendants filed a notice of appeal from this

[1] In an email dated January 30, 2019, counsel for Plaintiffs represented that they take no position on the motion for a stay.

Court's order issuing a preliminary injunction of the rule, "Aliens Subject to a Bar on Entry Under Certain Presidential Proclamations; Procedures for Protection Claims" (the "Rule"), 83 Fed. Reg. 55,934 (Nov. 9, 2018). The U.S. Court of Appeals for the Ninth Circuit recently lifted the abeyance of that appeal and set the deadline of March 1, 2019, for the opening brief. *East Bay Sanctuary Covenant v. Donald Trump*, No. 18-17436, ECF No. 18 (9th Cir.). On February 7, 2019, the presidential Proclamation discussed in this Court's prior opinions expired by its own terms, and the President issued a new Proclamation, *Presidential Proclamation Addressing Mass Migration Through the Southern Border of the United States* (Feb. 7, 2019), suspending and limiting entry across the southern border between ports of entry for an additional 90 days. *See* https://www.whitehouse.gov/presidential-actions/presidential-proclamation-addressing-mass-migration-southern-border-united-states-2/. Nothing in that new proclamation, which recognizes this Court's injunction of the Rule, affects this motion.

Staying the case would promote the orderly course of justice. As explained below, the Ninth Circuit's decision is likely to provide substantial guidance to this Court and the parties in resolving this case. Proceeding in the absence of that guidance would be inefficient and waste the resources of the Court and the parties. Plaintiffs will not be harmed by a brief stay while the Ninth Circuit resolves an appeal in this case, as this Court's injunction will remain in place during that time.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Ninth Circuit has described various factors that should be considered when evaluating a motion to stay proceedings:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). All three factors warrant a stay of district

court proceedings in this case pending resolution of the appeal.

*First*, a stay would serve "the orderly course of justice" by "simplifying" or resolving central and potentially dispositive issues in this litigation. *Id.* The Ninth Circuit's decision could materially affect how this case proceeds in this Court. This Court held that the Plaintiffs were likely to succeed on their claims that they had organizational standing to sue, that they were within the zone of interests of the statute under the Administrative Procedure Act, that the Rule was contrary to statute as a matter of law, and that the foreign-affairs exception to notice and comment did not apply. *See* Order Granting Preliminary Injunction, ECF 99. All of those issues are before the Ninth Circuit, and, as this Court noted, any legal questions that the Ninth Circuit decides at the preliminary-injunction stage will bind this Court. Order Granting Preliminary Injunction, ECF 99, at 8. The Ninth Circuit could thus definitively resolve critical legal issues in this case. Further, this Court's order granting a preliminary injunction noted that "the law of the circuit" doctrine constrained its decision-making at the preliminary injunction stage. *Id.* That law of the circuit may change with the merits decision on the preliminary injunction.

As this Court has held, a stay is warranted when there are "serious legal questions on appeal." *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-CV-04984-JST, 2016 WL 6082413, at *1 (N.D. Cal. Oct. 18, 2016) (Tigar, J.) (internal quotation marks and citation omitted). That is the situation here, where many of the core issues are purely legal and a panel of the Ninth Circuit has divided on the resolution of some of those issues. *See East Bay Sanctuary Covenant v. Donald Trump*, No. 18-17436, ECF No. 10 (9th Cir.); *see also United States v. California*, No. 2:18-cv-490, ECF 214 (E.D. Cal. Oct. 19, 2018) (granting a stay of proceedings in district court pending the resolution of an appeal of a preliminary ruling when the appeal would likely resolve several legal questions before the court); *Washington v. Trump*, No. 17-cv-141, ECF 189 (W.D. Wash. May 17, 2017) (granting a stay when the Ninth Circuit was considering a preliminary injunction appeal in a case challenging the same action); *Texas v. United States*, No. 1:14-cv-254, ECF 271 (S.D. Tex. June 11, 2015) (granting a stay of district court proceedings pending a preliminary injunction appeal of Administrative Procedure Act claims).

A stay would also serve "the orderly course of justice" by preserving judicial resources. *CMAX, Inc.*, 300 F.2d at 268. Any deadlines set before the Ninth Circuit renders its decision would be premature and may need reconsideration in light of that decision. Additionally, if this case were to continue until final judgment, rendering the preliminary injunction moot, the Ninth Circuit would be required to rededicate its resources to the entire case at that stage, even though it may properly determine the legal issues that are before it at this time. The judicial resources dedicated to the appeal would thus be wasted. A stay would avoid that result.

*Second*, a stay will eliminate the "hardship and inequity" that the parties would otherwise suffer in "being required to go forward" without guidance from the Ninth Circuit. *CMAX, Inc.*, 300 F.2d at 268. Just as the Court would devote time and resources to proceeding, so too the parties would devote their own resources to litigating issues that may ultimately be mooted or clarified by the Ninth Circuit's decision.

*Third*, Plaintiffs will not suffer any harm from a stay of the case, as the preliminary injunction enjoining application of the Rule will remain in effect throughout the duration of the appeal. *See Google Inc. v. Creative Labs, Inc.*, No. 16-CV-02628-JST, 2016 WL 6947564, at *2 (N.D. Cal. Nov. 28, 2016) (Tigar, J.) (granting a stay of proceedings when no concrete harm to nonmovant would result from it). Indeed, they have not opposed this motion, instead taking no position. As such, their legal situation will remain unchanged during a stay.

*Finally*, a stay is in the public interest because it preserves resources for all parties, including public resources.

For the foregoing reasons, this Court should stay this case at the district court pending resolution of the appeal.

//

//

//

//

//

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

SCOTT G. STEWART
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

PATRICK GLEN
Senior Litigation Counsel

By: /s/ *Francesca Genova*
FRANCESCA GENOVA
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-1062
Email: Francesca.M.Genova@usdoj.gov

JOSEPH DARROW
CHRISTINA GREER
Trial Attorneys

Dated: February 11, 2019

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2019, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the Northern District of California by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: *<u>/s/ Francesca Genova</u>*
FRANCESCA GENOVA
Trial Attorney
United States Department of Justice
Civil Division

DEFENDANTS' MOTION
TO STAY PROCEEDINGS
*East Bay Sanctuary v. Trump*,
Case No. 1:18-cv-06810-JST