| | |
|---|---|
| Lee Gelernt* <br> Judy Rabinovitz* <br> Omar C. Jadwat* <br> Anand Balakrishnan* <br> Celso Perez**(SBN 304924) <br> ACLU FOUNDATION <br> IMMIGRANTS' RIGHTS PROJECT <br> 125 Broad Street, 18th Floor <br> New York, NY 10004 <br> T: (212) 549-2660 <br> F: (212) 549-2654 <br> *lgelernt@aclu.org* <br> *jrabinovitz@aclu.org* <br> *ojadwat@aclu.org* <br> *abalakrishnan@aclu.org* <br> *cperez@aclu.org* | Jennifer Chang Newell (SBN 233033) <br> Cody Wofsy (SBN 294179) <br> Julie Veroff** (SBN 310161) <br> ACLU FOUNDATION <br> IMMIGRANTS' RIGHTS PROJECT <br> 39 Drumm Street <br> San Francisco, CA 94111 <br> T: (415) 343-0770 <br> F: (415) 395-0950 <br> *jnewell@aclu.org* <br> *cwofsy@aclu.org* <br> *jveroff@aclu.org* |

*Attorneys for Plaintiffs (Additional counsel listed on following page)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| East Bay Sanctuary Covenant; Al Otro Lado; Innovation Law Lab; and Central American Resource Center in Los Angeles, <br><br> *Plaintiffs*, <br><br> v. <br><br> Donald J. Trump, President of the United States, in his official capacity; Matthew G. Whitaker, Acting Attorney General, in his official capacity; U.S. Department of Justice; James McHenry, Director of the Executive Office for Immigration Review, in his official capacity; the Executive Office for Immigration Review; Kirstjen M. Nielsen, Secretary of Homeland Security, in her official capacity; U.S. Department of Homeland Security; Lee Francis Cissna, Director of the U.S. Citizenship and Immigration Services, in his official capacity; U.S. Citizenship and Immigration Services; Kevin K. McAleenan, Commissioner of U.S. Customs and Border Protection, in his official capacity; U.S. Customs and Border Protection; Ronald D. Vitiello, Acting Director of Immigration and Customs Enforcement, in his official capacity; Immigration and Customs Enforcement, <br><br> *Defendants*. | Case No.: 18-cv-06810 <br><br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED, PURSUANT TO CIVIL L.R.7-11** <br><br> **[IMMIGRATION ACTION]** |

Melissa Crow*
SOUTHERN POVERTY LAW CENTER
1666 Connecticut Avenue NW, Suite 100
Washington, D.C. 20009
T: (202) 355-4471
F: (404) 221-5857
*melissa.crow@splcenter.org*

Mary Bauer*
SOUTHERN POVERTY LAW CENTER
1000 Preston Avenue
Charlottesville, VA  22903
T:  (470) 606-9307
F:  (404) 221-5857
*mary.bauer@splcenter.org*

Baher Azmy*
Angelo Guisado*
Ghita Schwarz*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
T: (212) 614-6464
F: (212) 614-6499
*bazmy@ccrjustice.org*
*aguisado@ccrjustice.org*
*gschwarz@ccrjustice.org*

Christine P. Sun (SBN 218701)
Vasudha Talla (SBN 316219)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
T: (415) 621-2493
F: (415) 255-8437
*csun@aclunc.org*
*vtalla@aclunc.org*

*Attorneys for Plaintiffs*

*\*Pro hac vice application forthcoming*
*\*\*Application for admission forthcoming*

Plaintiffs in *Innovation Law Lab v. Nielsen*, Case No. 3-19-cv-00807 (N.D. Cal.)—Innovation Law Lab; Central American Resource Center of Northern California; Centro Legal de la Raza; Immigration and Deportation Defense Clinic at the University of San Francisco School of Law; Al Otro Lado; Tahirih Justice Center; John Doe; Gregory Doe; Bianca Doe; Dennis Doe; Alex Doe; Christopher Doe; Evan Doe; Frank Doe; Kevin Doe; Howard Doe; Ian Doe (hereinafter "Plaintiffs")—respectfully submit this Notice of a Related Case, pursuant to Civil L.R. 3-12, and the required Administrative Motion to Consider Whether Cases Should Be Related, pursuant to Civil L.R. 7-11.  Plaintiffs notified counsel for Defendants in *Innovation Law Lab* (Erez R. Reuveni) via email on February 14, 2019, of their intent to file this motion.  Counsel for Defendants stated via email that Defendants oppose the motion.

**I.    APPLICABLE STANDARD UNDER CIVIL L.R. 3-12**

Under Civil Local Rule 3-12, an "action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event, and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

Whenever a party knows or believes that an action may be related to an action which is or was pending in the Northern District, said party "must promptly file in the earliest-filed case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11." Civil L.R. 3-12(b).  That motion must include: "(1) The title and case number of each apparently related case; (2) A brief statement of the relationship of the actions according to the criteria set forth in Civil L.R. 3-12(a)."  Civil L.R. 3-12(d).

**II.    *INNOVATION LAW LAB* IS RELATED TO *EAST BAY SANTUARY COVENANT***

*Innovation Law Lab v. Nielsen*, Case No. 3-19-cv-00807, is an action for declaratory and injunctive relief that challenges the Department of Homeland Security's ("DHS") new policy of forcing asylum seekers who arrive at the southern border to return to Mexico while their removal proceedings are being decided.  Plaintiffs challenge the lawfulness of DHS's policy as violating the Immigration and Nationality Act, the Administrative Procedure Act, and the United States' duty of *nonrefoulement* under international law. *See* Innovation Law Lab Compl. ¶¶ 7; Causes of Action.

1

PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED,
PURSUANT TO CIVIL L.R.7-11
Case No.: 18-cv-06810

*Innovation Law Lab* is related to *East Bay Sanctuary v. Trump*, No. 3:18-cv-06810-JST (N.D. Cal.), under the criteria set forth in Civil Local Rule 3-12(a). Most significantly, the actions involve a substantially similar body of facts. Each action involves, and so requires an understanding of, migration trends at the southern border, including apprehension numbers and U.S. Customs and Border Protection resources as well as trends regarding asylum seekers from Central America. *Compare, e.g.,* EBSC Compl. ¶¶ 45-47, 71-76, *with* Innovation Law Lab Compl. ¶¶ 39-41. Each action also involves, and so requires an understanding of, the dangers facing asylum seekers in Mexico as well as in their home countries, and the ways in which these dangers have evolved over time. *Compare, e.g.,* EBSC Compl. ¶¶ 45-53, 66-70 *with* Innovation Law Lab Compl. ¶¶ 39-71. Furthermore, each action involves, and so requires an understanding of, the factual underpinnings of the government's asserted justifications for denying migrants at the southern border meaningful access to the asylum process. For example, to justify both the Interim Final Rule at issue in *East Bay Sanctuary* and the forced return policy at issue in *Innovation Law Lab*, Defendants rely on *in absentia* rates and the number of asylum seekers from El Salvador, Guatemala, and Honduras with meritorious asylum claims. *Compare, e.g.,* EBSC Compl. ¶¶ 52-53, 77 *with* Innovation Law Lab Compl. ¶¶ 42-43. The parties in *East Bay Sanctuary* disagreed about how to calculate and interpret these figures, and Plaintiffs anticipate similar disagreement in *Innovation Law Lab*.

The Court has already expended significant resources developing expertise regarding this body of facts in *East Bay Sanctuary* by virtue of adjudicating a Motion for Temporary Restraining Order, Motion for Stay, and Motion for Preliminary Injunction. In doing so, the Court examined over twenty declarations from academics, former government officials, and leaders of human rights organizations, among others. Plaintiffs anticipate filing declarations from several of the same declarants in *Innovation Law Lab*. The Court also examined a lengthy administrative record in *East Bay Sanctuary* that contained data and reports Plaintiffs anticipate again will be at issue in *Innovation Law Lab*.

In addition, the actions concern "substantially the same parties." Common to both actions are Plaintiffs Al Otro Lado and Innovation Law Lab, and Defendants the Department of Homeland Security, U.S. Citizenship and Immigration Services, U.S. Customs and Border Protection, U.S.

2

PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED, PURSUANT TO CIVIL L.R.7-11
Case No.: 18-cv-06810

Immigration and Customs Enforcement, and the corresponding agency heads.  The actions also both concern the administration's policy and practice of denying migrants at the southern border meaningful access to the asylum process, and returning them to situations where they face persecution and other severe harm.

In light of the resources committed to understanding the factual corpus in *East Bay Sanctuary*, the substantial overlap with the factual corpus in *Innovation Law Lab*, and the centrality of those facts to the legal claims in each case, "it appears likely there will be an unduly burdensome duplication of labor and expense" should *Innovation Law Lab* not be assigned to Judge Tigar. Civil L.R. 3-12(a).

Dated: February 14, 2019

Judy Rabinovitz*
Michael Tan*
Omar Jadwat*
Lee Gelernt*
Anand Balakrishnan*
Daniel Galindo** (SBN 292854)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T:  (212) 549-2660
F:  (212) 549-2654
*jrabinovitz@aclu.org*
*mtan@aclu.org*
*ojadwat@aclu.org*
*lgelernt@aclu.org*
*abalakrishnan@aclu.org*
*dgalindo@aclu.org*

Melissa Crow*
SOUTHERN POVERTY LAW CENTER
1101 17th Street NW, Suite 705
Washington, DC 20036
T: (202) 355-4471
F: (404) 221-5857
*melissa.crow@splcenter.org*

Mary Bauer*
SOUTHERN POVERTY LAW CENTER
1000 Preston Avenue
Charlottesville, VA 22903
T:  (470) 606-9307
F:  (404) 221-5857
*mary.bauer@splcenter.org*

Respectfully submitted,

/s/Jennifer Chang Newell
Jennifer Chang Newell (SBN 233033)
Katrina Eiland (SBN 275701)
Julie Veroff (SBN 310161)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T:  (415) 343-1198
F:  (415) 395-0950
*jnewell@aclu.org*
*keiland@aclu.org*
*jveroff@aclu.org*

Sean Riordan (SBN 255752)
Christine P. Sun (SBN 218701)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
T: (415) 621-2493
F: (415) 255-8437
*sriordan@aclunc.org*
*csun@aclunc.org*

3

PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED, PURSUANT TO CIVIL L.R.7-11
Case No.: 18-cv-06810

Saira Draper*
Gracie Willis*
SOUTHERN POVERTY LAW CENTER
150 East Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
T:  (404) 221-6700
F:  (404) 221-5857
*saira.draper@splcenter.org*
*gracie.willis@splcenter.org*

Steven Watt*
ACLU FOUNDATION
HUMAN RIGHTS PROGRAM
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 519-7870
F: (212) 549-2654
*swatt@aclu.org*

Blaine Bookey
Karen Musalo
Eunice Lee
Kathryn Jastram
Sayoni Maitra*
CENTER FOR GENDER & REFUGEE STUDIES
200 McAllister St.
San Francisco, CA 94102
T: (415) 565-4877
F: (415) 581-8824
*bookeybl@uchastings.edu*
*musalok@uchastings.edu*
*leeeunice@uchastings.edu*
*jastramkate@uchastings.edu*
*maitras@uchastings.edu*

*Attorneys for Plaintiffs*

*\*Pro hac vice application forthcoming*
*\*\*Application for admission forthcoming*

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2019, I caused a PDF version of the foregoing document to be electronically transmitted to the Clerk of the Court, using the CM/ECF system for filing and mailed courtesy copies to all necessary parties using certified mail.

Dated: February 14, 2019

/s/ Jennifer Chang Newell
Jennifer Chang Newell
*Attorney for Plaintiffs*