JOSEPH H. HUNT
*Assistant Attorney General*
SCOTT G. STEWART
*Deputy Assistant Attorney General*
AUGUST E. FLENTJE
*Special Counsel*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
Assistant Director
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov
PATRICK GLEN
*Senior Litigation Counsel*
CHRISTINA GREER
FRANCESCA GENOVA
*Trial Attorneys*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| East Bay Sanctuary Covenant, *et al.*, | Civil Action No. 3:18-cv-06810-JST |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO MOTION TO RELATE CASES** |
| v. | |
| Donald J. Trump, President of the United States, *et al.*, | |
| Defendants. | |

Defendants submit this response in opposition to Plaintiffs' motion to relate this case to *Innovation Law Lab v. Nielsen*, Case No. 3-19-cv-00807 (N.D. Cal.). The motion should be denied. This case and *Innovation Law Lab* involve different claims, different parties, different events, and challenges and to different legal authorities. The cases are obviously not related. The Court should reject Plaintiffs' attempt to misuse the related-case mechanism.

Local Rule 3-12 provides that an "action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event, and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

Neither of those criteria is satisfied here. *First*, this case does not concern substantially the same parties, property, transaction, or event as *Innovation Law Lab*. This case involves a challenge under the Administrative Procedure Act (APA) to an interim final rule issued by the Departments of Homeland Security and Justice, "Aliens Subject to a Bar on Entry Under Certain Presidential Proclamations; Procedures for Protection Claims," 83 Fed. Reg. 55,934 (Nov. 9, 2018). That rule renders ineligible for asylum any alien who crosses the southern border without presenting for inspection at a port of entry if a Presidential proclamation forbidding such entry is in effect. *See id.* Plaintiffs allege that the rule violates 8 U.S.C. § 1158(a)(1) and was improperly issued without notice and comment under 5 U.S.C. § 553. *See* Complaint, ¶¶ 101-10.

*Innovation Law Lab* does not challenge that rule. Rather, it challenges a different policy, the "Migration Protection Protocols" (MPP), issued exclusively by the Department of Homeland Security and its components, which provides guidance to immigration officials on how to implement 8 U.S.C. § 1225(b)(2)(C) at the San Ysidro port of entry in the Southern District of California. Section 1225(b)(2)(C) provides that in the case of certain aliens "arriving on land . . . from a foreign territory contiguous to the United States," the government "may return the alien to that territory pending a proceeding under [8 U.S.C. § 1229a]."  The *Innovation Law Lab* plaintiffs allege that the MPP violates the APA because it: (1) conflicts with section 1225(b)(2)(C); (2) is a legislative rule rather than policy guidance; (3) is arbitrary and capricious; (4) violates 8 U.S.C. § 1231(b)(3); (5) violates customary international law; and (6) allegedly deprives aliens subject to

it of an opportunity to apply for asylum. *See* Complaint, *Innovation Law Lab*, at ¶¶ 147-81. Section 1225(b)(2)(C) is not at issue in *East Bay* and none of the claims raised by Plaintiffs in *Innovation Law Lab* (which all challenge the policy guidance implementing section 1225(b)(2)(C)) are similar to the claims raised by the *East Bay* Plaintiffs challenging "Aliens Subject to a Bar on Entry Under Certain Presidential Proclamations; Procedures for Protection Claims."

Plaintiffs suggest these cases share a "substantially similar body of facts" because they "require an understanding of[] migration trends at the southern border." Mot. at 2. This Court should reject such a boundless approach to deeming cases "related." Thousands of cases could be said to "require an understanding of migration trends at the southern border." Indeed, any case involving any alien who seek entry at the border or who crosses the border illegally could require such background knowledge. Plaintiffs' theory of relatedness would essentially create an end-run around the random assignment of cases in this or any other jurisdiction and render a nullity general rules governing jurisdiction and venue. And the possibility that both cases involve plaintiffs purporting to speak on behalf of migrants arriving from Mexico does not mean the cases involve substantially similar property, transactions, or events. *See Nozolino v. Hartford Life & Acc. Ins. Co.*, No. 12-CV-04314-JST, 2013 WL 2468350, at *1 (N.D. Cal. June 7, 2013) (Tigar, J.) (rejecting claim that cases are related because they involve claims brought under a similar statute and have a similar defendant). Were it otherwise, any case involving APA claims raised by migrants at or near the southern border would be related. If anything, Plaintiffs' claim that these cases involve an understanding of events at the border raises questions as to why this case was brought in this district rather than a district where the alleged events took place.

Nor are Plaintiffs correct to suggest that the cases concern substantially the same parties because some of the defendants and two of the plaintiff organizations are in both cases. The cases clearly involve different parties: the Department of Justice is a defendant in *East Bay* but not *Innovation Law Lab*, and *East Bay* involves only organizational Plaintiffs, while *Innovation Law Lab* includes nine individual Plaintiffs allegedly subject to MPP, but not the asylum-eligibility rule at issue in *East Bay*. That Secretary Nielsen or some components of DHS are defendants in both

1  cases does not warrant circumventing the normal, random assignment of cases that applies in this
2  district. *See* L.R. 3-3(a); *see also* General Order No. 44, A.2.
3      *Second*, Plaintiffs have made no showing of anything resembling "unduly burdensome
4  duplication of labor and expense or conflicting results if the cases are conducted before different
5  Judges." That is not surprising, given that the two cases involve different claims, different parties,
6  different events, and different legal authorities. Plaintiffs' suggestion that the Court "has already
7  expended significant resources" in *East Bay* (Mot. at 2) does not remotely show how there could
8  be an unduly burdensome duplication of labor and expense or conflicting results if the cases are
9  conducted before different judges Again, the cases involves different government policies
10  implementing very different statutory provisions, will entail review of entirely different
11  administrative records, and involve factual allegations that are unique to each case and do not
12  overlap. And the administrative record in *East Bay* will be irrelevant to review in *Innovation Law*
13  *Lab*, as each APA case must be reviewed on its own unique administrative record. The fact that
14  both cases involve APA claims generally or that some component of the government is a defendant
15  does not mean litigating the cases separately will be an unduly burdensome duplication of labor.
16  Again, this Court should reject Plaintiffs' boundless view of the related-case mechanism.
17      For these reasons, the government respectfully submits that these cases are not related.
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

DEFENDANTS' RESPONSE TO
MOTION TO RELATE CASES
*East Bay Sanctuary v. Trump*,
Case No. 1:18-cv-06810-JST

3

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

SCOTT G. STEWART
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel

WILLIAM C. PEACHEY
Director

By: /s/ *DRAFT*
EREZ REUVENI
Assistant Director
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov

PATRICK GLEN
Senior Litigation Counsel

FRANCESCA GENOVA
CHRISTINA GREER
Trial Attorneys

Dated: February 19, 2019          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2019 I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the Northern District of California by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Erez Reuveni*
      EREZ REUVENI