UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST BAY SANCTUARY COVENANT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 18-cv-06810-JST<br><br>**ORDER GRANTING MOTION TO STAY PROCEEDINGS**<br><br>Re: ECF No. 109 |

Before the Court is Defendants' unopposed motion to stay proceedings. ECF No. 109. Defendants request that the Court stay further proceedings pending the resolution of their interlocutory appeal of the Court's temporary restraining order and preliminary injunction. *See E. Bay Sanctuary Covenant v. Trump*, Nos. 18-17274, 18-17436 (9th Cir.). The Court will grant the motion.[1]

## I.  BACKGROUND

The substance of this action is set forth in detail in, among other places, the Court's December 19, 2018 order granting Plaintiffs' motion for a preliminary injunction. *See E. Bay Sanctuary Covenant v. Trump*, No. 18-CV-06810-JST, 2018 WL 6660080 (N.D. Cal. Dec. 19, 2018). In short, the case concerns the validity of a regulation that renders aliens categorically ineligible to receive asylum if they violate the terms of a presidential proclamation prohibiting or otherwise limiting entry into the United States through the southern border. *See* Aliens Subject to a Bar on Entry Under Certain Presidential Proclamations; Procedures for Protection Claims, 83

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion suitable for disposition without oral argument. Accordingly, the Court hereby vacates the hearing currently scheduled for March 18, 2019.

Fed. Reg. 55,934 (Nov. 9, 2018) (to be codified at 8 C.F.R. pts. 208, 1003, 1208) (the "Rule"). Defendants have appealed the Court's temporary restraining order and subsequent preliminary injunction. ECF Nos. 51, 100.

On February 11, 2019, Defendants filed this motion to stay the proceedings pending the resolution of that interlocutory appeal. ECF No. 109. In the motion, Defendants represented that Plaintiffs took no position on the motion. *Id.* at 1 n.1. The deadline to oppose the motion has passed, and Plaintiffs have not filed an opposition.[2] Defendants did not file a reply.

## II.  LEGAL STANDARD

A district court's discretion to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether to stay proceedings is entrusted to the discretion of the district court. *See id.* 254-55 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

In deciding whether to stay proceedings, a district court must weigh various competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer [if the case is allowed] to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The burden is on the movant to show that a stay is appropriate. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## III.  DISCUSSION

Balancing the relevant factors, the Court concludes that a stay is warranted.

First, Plaintiffs are unlikely to suffer harm if the Court stays these proceedings because the preliminary injunction preventing Defendants from enforcing the Rule will remain in place. While

---

[2] Counsel for Plaintiffs also stated in an e-mail to the Courtroom Deputy that they did not intend to take any action to oppose the motion.

1   a delay in the ability to "seek[] injunctive relief against ongoing and future harm" militates against
2   a stay, *Lockyer*, 398 F.3d at 1112, Plaintiffs have already secured such relief, albeit in preliminary
3   form. *Cf. CMAX*, 300 F.2d at 268-69 (reasoning that a delay in recovering money damages was
4   not sufficient harm to support reversal of a stay). The Court also takes into account that Plaintiffs
5   do not oppose the stay. This factor thus weighs in favor of granting the stay.

The second factor, however, does not. Defendants have not identified a relevant "hardship or inequity" they will suffer if required to go forward. *Id.* at 268. Defendants argue that they will suffer hardship in proceeding without further guidance from the Ninth Circuit. ECF No. 109 at 5. "[B]ut being required to defend a suit, without more, does not constitute a clear case of hardship or inequity within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112; *cf. Washington v. Trump*, No. C17-0141JLR, 2017 WL 2172020, at *4 (W.D. Wash. May 17, 2017) (finding hardship where plaintiffs intended to seek "up to 30 depositions of government officials, including White House staff and Cabinet-level officers").

In sum, the parties have not identified measurable harm that will result to either side, whether or not the case proceeds. The Court will nonetheless grant a stay primarily because it will best serve "the orderly course of justice." *CMAX*, 300 F.2d at 268. The Court is mindful that the Ninth Circuit has "repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction." *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018). In so doing, the Ninth Circuit has explained that "[b]ecause of our limited scope of review and the paucity of the factual record on a preliminary injunction application, our disposition 'may provide little guidance as to the appropriate disposition on the merits' and will often 'result in unnecessary delay to the parties and inefficient use of judicial resources.'" *Glob. Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058-59 (9th Cir. 2007) (quoting *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982)).

Though the Court takes seriously these concerns, it concludes that they carry less force in this particular case. First, as the Court has previously observed, the central legal issue here – whether the Rule violates the Immigration and Nationality Act – presents an issue of pure statutory interpretation. *See E. Bay Sanctuary Covenant*, 2018 WL 6660080, at *10. The parties'

disputes over threshold questions of standing are likewise predominantly legal at this point. *Id.* at *8-9. Absent contrary guidance, the Court is unlikely to depart from its own conclusions on these issues, particularly given that higher courts have previously declined to stay injunctive relief premised on those conclusions.

Second, this is an administrative record case. *See E. Bay Sanctuary Covenant*, 2018 WL 6660080, at *5; 5 U.S.C. § 706. The administrative record was before the Court when it issued its preliminary injunction. ECF Nos. 60, 99. Accordingly, that record is also now before the Ninth Circuit on appeal. The parties have not expressed any intent to supplement the record going forward. In other words, it is unlikely that "the fully developed factual record [will] be materially different from" the record presented at the preliminary injunction stage. *Sports Form*, 686 F.2d at 753. Given the legal nature of the issues presented and the relatively fixed state of the record, the Court anticipates that unlike "appeals form most preliminary injunctions," the Ninth Circuit's resolution of the pending appeal will provide significant, and possibly conclusive, "guidance as to the appropriate disposition on the merits." *Id.*

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' unopposed motion to stay these proceedings.

**IT IS SO ORDERED.**

Dated: March 5, 2019

_____
JON S. TIGAR
United States District Judge

4