Lee Gelernt\*
Omar C. Jadwat\*
Anand Balakrishnan\*
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*ojadwat@aclu.org*
*abalakrishnan@aclu.org*

Katrina Eiland (SBN 275701)
Cody Wofsy (SBN 294179)
Spencer Amdur (SBN 320069)
Julie Veroff (SBN 310161)
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0770
F: (415) 395-0950
*keiland@aclu.org*
*cwofsy@aclu.org*
*samdur@aclu.org*
*jveroff@aclu.org*

*Attorneys for Plaintiffs*
*(Additional counsel listed on following page)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| East Bay Sanctuary Covenant; Al Otro Lado; Innovation Law Lab; and Central American Resource Center in Los Angeles,<br><br>*Plaintiffs*,<br><br>v.<br><br>Donald J. Trump, President of the United States, in his official capacity; William Barr, Attorney General, in his official capacity; U.S. Department of Justice; James McHenry, Director of the Executive Office for Immigration Review, in his official capacity; the Executive Office for Immigration Review; Kevin McAleenan, Acting Secretary of Homeland Security, in his official capacity; U.S. Department of Homeland Security; Ken Cuccinelli, Acting Director of the U.S. Citizenship and Immigration Services, in his official capacity; U.S. Citizenship and Immigration Services; John Sanders, Commissioner of U.S. Customs and Border Protection, in his official capacity; U.S. Customs and Border Protection; Matthew Albence, Acting Director of Immigration and Customs Enforcement, in his official capacity; Immigration and Customs Enforcement,<br><br>*Defendants*. | Case No.: 18-cv-06810<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED, PURSUANT TO CIVIL L.R. 3-12 AND CIVIL L.R. 7-11**<br><br>**[IMMIGRATION ACTION]** |

Melissa Crow*
SOUTHERN POVERTY LAW CENTER
1101 17th Street, NW Suite 705
Washington, D.C. 20036
T: (202) 355-4471
F: (404) 221-5857
*melissa.crow@splcenter.org*

Mary Bauer*
SOUTHERN POVERTY LAW CENTER
1000 Preston Avenue
Charlottesville, VA 22903
T: (470) 606-9307
F: (404) 221-5857
*mary.bauer@splcenter.org*

Baher Azmy*
Angelo Guisado*
Ghita Schwarz*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
T: (212) 614-6464
F: (212) 614-6499
*bazmy@ccrjustice.org*
*aguisado@ccrjustice.org*
*gschwarz@ccrjustice.org*

Christine P. Sun (SBN 218701)
Vasudha Talla (SBN 316219)
Angélica Salceda**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
T: (415) 621-2493
F: (415) 255-8437
*csun@aclunc.org*
*vtalla@aclunc.org*
*asalceda@aclunc.org*

*Attorneys for Plaintiffs*

*\*Pro hac vice application forthcoming*
*\*\*Application for admission pending*

Plaintiffs in the *East Bay Sanctuary Covenant v. Barr*, Case No. 3:19-cv-04073 (N.D. Cal.)—respectfully request that this case be related to this earlier filed action, *East Bay Sanctuary Covenant v. Trump*, No. 3:18-cv-06810-JST (N.D. Cal.) pursuant to Civil L.R. 3-12. Counsel for Defendants opposes this motion.

This case is the second time these same four organizational Plaintiffs have come to this Court to challenge a new government policy barring asylum for certain migrants who travel to the United States' southern border. In November of 2018, these four organizational Plaintiffs filed *East Bay v. Trump* to challenge Defendants' interim final rule eliminating asylum for noncitizens who entered the southern border between ports of entry. Now, the four organizational Plaintiffs challenge Defendants' new interim final rule eliminating asylum for noncitizens who arrive at or enter the southern border without having first claimed asylum in any third country through which they traveled en route to the U.S.

The two cases are related: they share parties, core legal issues, and facts. The Court in *East Bay v. Trump* has issued two decisions addressing legal issues directly relevant to this action, including the interpretation of the Immigration and Nationality Act's asylum statute, at 8 U.S.C. § 1158, the notice and comment requirements of the Administrative Procedure Act ("APA"), and questions of standing that Defendants are likely to raise again. *See East Bay v. Trump*, 349 F. Supp. 3d 838 (Nov. 19, 2018) (*East Bay I*); *East Bay v. Trump*, 354 F. Supp. 3d 1094 (Dec. 19, 2018) (*East Bay II*).

Given the considerable judicial resources expended in *East Bay v. Trump*, and the overlap between the parties, the legal claims, and their factual underpinnings, relation of the two cases is warranted.

I.    **APPLICABLE STANDARD UNDER CIVIL L.R. 3-12**

Under Civil Local Rule 3-12, an "action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event, and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

Whenever a party knows or believes that an action may be related to an action which is or

was pending in the Northern District, said party "must promptly file in the earliest-filed case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11." Civil L.R. 3-12(b).  That motion must include: "(1) The title and case number of each apparently related case; (2) A brief statement of the relationship of the actions according to the criteria set forth in Civil L.R. 3-12(a)."  Civil L.R. 3-12(d).

## II.   THIS CASE IS CLOSELY RELATED TO *EAST BAY v. TRUMP*

The two actions share parties, as well as the same causes of action, governing law, and factual underpinnings.  The new case, *East Bay v. Barr*, Case No. 3:19-cv-04073, is an action for declaratory and injunctive relief brought by four organizations who challenge an interim final rule denying asylum eligibility to noncitizens who enter or attempt to enter the southern border after failing to apply for protection while in a third country through which they transited en route to the United States.  Plaintiffs challenge the lawfulness of this policy as violating the Immigration and Nationality Act's asylum statute and the APA. *See East Bay v. Barr*, Compl., Causes of Action at 29-31.

The earlier filed case, *East Bay v. Trump*, is likewise an action for declaratory and injunctive relief brought by the same four organizations to challenge an interim final rule issued by the same Defendants barring from asylum noncitizens who enter the southern border somewhere other than a designated port of arrival. That case also challenges the lawfulness of the rule as violating the INA's asylum state and the APA.

The actions involve "substantially the same parties." Civil L.R. 3-12(a). The organizational Plaintiffs in the two cases are the same. *Compare East Bay v. Trump* Compl. ¶¶ 7-14 with *East Bay v. Barr* Compl. ¶¶ 13-20.  With one exception, the Defendants in both cases are the same.  The single exception is that President Trump is not named in this case.  The remaining Defendants are the same: the Department of Justice, Executive Office of Immigration Review, Department of Homeland Security, United States Citizenship and Immigration Service, Customs and Border Patrol, and Immigration and Customs Enforcement, and the corresponding agency heads are defendants in both cases.  *Compare East Bay v. Trump* Compl. ¶¶ 15-27 with *East Bay v. Barr* Compl. ¶¶ 21-32.

The central legal question in both cases is similar:  whether Defendants' new limitation on

asylum eligibility violates the asylum statute, 8 U.S.C. § 1158. Defendants issued both of their asylum bans pursuant to the Attorney General's authority to impose limitations and conditions on eligibility for asylum that are "consistent with" § 1158, and to establish "conditions or limitations on the consideration of an application for asylum" consistent with the Immigration and Nationality Act. *See* 8 U.S.C. §§ 1158(b)(2)(C), (d)(5)(B). In both cases, Plaintiffs claim that the new policies are not, in fact, "consistent" with § 1158, because Congress has spoken to the availability of asylum for those individuals, including in the subsection heavily litigated in *East Bay v. Trump*, 8 U.S.C. § 1158(a)(1), which provides that a non-citizen "who is physically present in the United States or who arrives in the United States (whether or not at a designated port of arrival . . . ), irrespective of such alien's status, may apply for asylum in accordance with this section." *Compare East Bay v. Trump* Compl. ¶¶ 101-106 (Claim 1) with *East Bay v. Barr* Compl. ¶¶ 101-106 (Claim 1). The *East Bay v. Trump* Court has already interpreted the asylum statute in two separate opinions, and set forth guiding principles on when the Attorney General may impose new "conditions" on asylum eligibility. *See East Bay I*, 349 F. Supp. 3d at 856-859; *East Bay II*, 354 F. Supp. 3d. at 1112-13.

Moreover, as in the earlier case of *East Bay v. Trump*, Plaintiffs here also argue that the new interim final rule illegally bypasses the notice and comment and grace-period requirements of the APA. *See* 5 U.S.C. §§ 553(b), (c), (d). *Compare East Bay v. Trump* Compl. ¶¶ 107-110 (Claim 2) with *East Bay v. Barr* Compl. ¶¶ 107-110 (Claim 2). Defendants have invoked the same "good cause" and "foreign affairs" exceptions from the APA's procedural requirements as cited in the earlier case, and in fact, seek to rely on the *same* evidence to justify them. *See* Interim Final Rule ("IFR") at 43 (explicitly relying on "similar concerns and . . . similar conclusions" regarding a surge of migrants as the "November 2018 interim final rule" to show good cause); 45-48 (citing on-going negotiations with Mexico and Northern Triangle countries). Indeed, the preamble and discussion accompanying the interim final rule at issue here cites repeatedly to the *East Bay v. Trump* case. *See, e.g.*, IFR at 42, 44, 47. Resolution of Plaintiffs' APA claims will thus relate to issues of law and fact twice considered by the *East Bay v. Trump* Court. *See East Bay I*, 349 F. Supp. 3d at 863; *East Bay II*, 354 F. Supp. 3d at 1115.

Defendants will also likely raise the same standing and zone-of-interests defenses that have

been addressed in *East Bay v. Trump*. *See East Bay I*, 349 F. Supp. 3d at 852-853 (addressing Article 3 standing of Plaintiff Organizations), 854 (addressing zone of interests test). *See similarly East Bay II*, 354 F. Supp. 3d at 1115-16.  These questions present virtually identical issues because, not only are the plaintiffs the same, but the Plaintiffs assert the same types of injuries.  *Compare East Bay v. Trump* Compl. ¶¶ 78-100 with *East Bay v. Barr* Compl. ¶¶ 109-136.

In sum, there is substantial overlap between the plaintiffs, the legal claims, and the factual elements at issue in this case and in *East Bay v. Trump*.  The *East Bay* Court issued two thorough opinions addressing directly relevant issues.  In light of the resources committed to understanding the legal issues and the factual background in *East Bay v. Trump*, and the centrality of those issues in each case, "there will be an unduly burdensome duplication of labor and expense" should *East Bay v. Barr* not be assigned to Judge Tigar. Civil L.R. 3-12(a).

Dated: July 16, 2019

Respectfully submitted,

Lee Gelernt*
Omar C. Jadwat*
Anand Balakrishnan*
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*ojadwat@aclu.org*
*abalakrishnan@aclu.org*

Melissa Crow*
SOUTHERN POVERTY LAW CENTER
1101 17th Street NW, Suite 705
Washington, DC 20036
T: (202) 355-4471
F: (404) 221-5857
*melissa.crow@splcenter.org*

/s/Julie Veroff
Julie Veroff (SBN 310161)
Katrina Eiland (SBN 275701)
Cody Wofsy (SBN 294179)
Spencer Amdur (SBN 320069)
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0770
F: (415) 395-0950
*jveroff@aclu.org*
*keiland@aclu.org*
*cwofsy@aclu.org*
*samdur@aclu.org*

Christine P. Sun (SBN 218701)
Vasudha Talla (SBN 316219)
Angélica Salceda**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
T: (415) 621-2493
F: (415) 255-8437
*csun@aclunc.org*
*vtalla@aclunc.org*
*asalceda@aclunc.org*

Mary Bauer*
SOUTHERN POVERTY LAW CENTER
1000 Preston Avenue
Charlottesville, VA 22903
T: (470) 606-9307
F: (404) 221-5857
*mary.bauer@splcenter.org*

*Attorneys for Plaintiffs*

*\*Pro hac vice application forthcoming*
*\*\*Application for admission forthcoming*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2019, I caused a PDF version of the foregoing document to be electronically transmitted to the Clerk of the Court, using the CM/ECF system for filing and emailed courtesy copies to all necessary parties.

Dated: July 16, 2019

/s/ Julie Veroff
Julie Veroff
*Attorney for Plaintiffs*

| | |
|---|---|
| Lee Gelernt* | Katrina Eiland (SBN 275701) |
| Omar C. Jadwat* | Cody Wofsy (SBN 294179) |
| Anand Balakrishnan* | Spencer Amdur (SBN 320069) |
| ACLU FOUNDATION | Julie Veroff (SBN 310161) |
| IMMIGRANTS' RIGHTS PROJECT | ACLU FOUNDATION |
| 125 Broad Street, 18th Floor | IMMIGRANTS' RIGHTS PROJECT |
| New York, NY 10004 | 39 Drumm Street |
| T: (212) 549-2660 | San Francisco, CA 94111 |
| F: (212) 549-2654 | T: (415) 343-0770 |
| *lgelernt@aclu.org* | F: (415) 395-0950 |
| *ojadwat@aclu.org* | *keiland@aclu.org* |
| *abalakrishnan@aclu.org* | *cwofsy@aclu.org* |
| | *samdur@aclu.org* |
| | *jveroff@aclu.org* |

*Attorneys for Plaintiffs*
*(Additional counsel listed on following page)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

East Bay Sanctuary Covenant; Al Otro Lado; Innovation Law Lab; and Central American Resource Center in Los Angeles,

    *Plaintiffs*,

v.

Donald J. Trump, President of the United States, in his official capacity; William Barr, Attorney General, in his official capacity; U.S. Department of Justice; James McHenry, Director of the Executive Office for Immigration Review, in his official capacity; the Executive Office for Immigration Review; Kevin McAleenan, Acting Secretary of Homeland Security, in his official capacity; U.S. Department of Homeland Security; Ken Cuccinelli, Acting Director of the U.S. Citizenship and Immigration Services, in his official capacity; U.S. Citizenship and Immigration Services; John Sanders, Commissioner of U.S. Customs and Border Protection, in his official capacity; U.S. Customs and Border Protection; Matthew Albence, Acting Director of Immigration and Customs Enforcement, in his official capacity; Immigration and Customs Enforcement,

    *Defendants*.

Case No.: 18-cv-06810

**DECLARATION OF KATRINA L. EILAND IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

**[IMMIGRATION ACTION]**

Melissa Crow*
SOUTHERN POVERTY LAW CENTER
1101 17th Street, NW Suite 705
Washington, D.C. 20036
T: (202) 355-4471
F: (404) 221-5857
*melissa.crow@splcenter.org*

Mary Bauer*
SOUTHERN POVERTY LAW CENTER
1000 Preston Avenue
Charlottesville, VA  22903
T:  (470) 606-9307
F:  (404) 221-5857
*mary.bauer@splcenter.org*

*Attorneys for Plaintiffs*

*Pro hac vice application forthcoming*
**Application for admission pending*

Baher Azmy*
Angelo Guisado*
Ghita Schwarz*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
T: (212) 614-6464
F: (212) 614-6499
*bazmy@ccrjustice.org*
*aguisado@ccrjustice.org*
*gschwarz@ccrjustice.org*

Christine P. Sun (SBN 218701)
Vasudha Talla (SBN 316219)
Angélica Salceda**
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
T: (415) 621-2493
F: (415) 255-8437
*csun@aclunc.org*
*vtalla@aclunc.org*
*asalceda@aclunc.org*

**DECLARATION PURSUANT TO CIVIL L.R. 7-11(a)**

I, Katrina L. Eiland declare:

1. I am an attorney at law licensed to practice in the state of California. I am a Staff Attorney at the American Civil Liberties Union Immigrants' Rights Project, and counsel for Plaintiffs in *East Bay Sanctuary Covenant v. Barr*, Case No. 3:19-cv-04073 (N.D. Cal.). I make this Declaration from personal knowledge, and if called to testify, I could and would testify competently thereto.

2. Pursuant to Civil Local Rule 7-11, an Administrative Motion must be accompanied by either a stipulation or a declaration that explains why a stipulation could not be obtained.

3. A stipulation regarding this motion could not be obtained because on July 16, 2019, the counsel for Defendants in *East Bay* (Erez R. Reuveni) stated via email that Defendants oppose the motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 16, 2019, at San Francisco, California.

/s/ Katrina L. Eiland
KATRINA L. EILAND

| | |
|---|---|
| Lee Gelernt* | Katrina Eiland (SBN 275701) |
| Omar C. Jadwat* | Cody Wofsy (SBN 294179) |
| Anand Balakrishnan* | Spencer Amdur (SBN 320069) |
| ACLU FOUNDATION | Julie Veroff (SBN 310161) |
| IMMIGRANTS' RIGHTS PROJECT | ACLU FOUNDATION |
| 125 Broad Street, 18th Floor | IMMIGRANTS' RIGHTS PROJECT |
| New York, NY 10004 | 39 Drumm Street |
| T: (212) 549-2660 | San Francisco, CA 94111 |
| F: (212) 549-2654 | T: (415) 343-0770 |
| *lgelernt@aclu.org* | F: (415) 395-0950 |
| *ojadwat@aclu.org* | *keiland@aclu.org* |
| *abalakrishnan@aclu.org* | *cwofsy@aclu.org* |
| | *samdur@aclu.org* |
| | *jveroff@aclu.org* |

*Attorneys for Plaintiffs*
*(Additional counsel listed on following page)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| East Bay Sanctuary Covenant; Al Otro Lado; Innovation Law Lab; and Central American Resource Center in Los Angeles, | Case No.: 18-cv-06810 |
| *Plaintiffs*, | **[PROPOSED] ORDER TO GRANT PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED, PURSUANT TO CIVIL L.R. 3-12 AND CIVIL L.R. 7-11** |
| v. | |
| Donald J. Trump, President of the United States, in his official capacity; William Barr, Attorney General, in his official capacity; U.S. Department of Justice; James McHenry, Director of the Executive Office for Immigration Review, in his official capacity; the Executive Office for Immigration Review; Kevin McAleenan, Acting Secretary of Homeland Security, in his official capacity; U.S. Department of Homeland Security; Ken Cuccinelli, Acting Director of the U.S. Citizenship and Immigration Services, in his official capacity; U.S. Citizenship and Immigration Services; John Sanders, Commissioner of U.S. Customs and Border Protection, in his official capacity; U.S. Customs and Border Protection; Matthew Albence, Acting Director of Immigration and Customs Enforcement, in his official capacity; Immigration and Customs Enforcement, | **[IMMIGRATION ACTION]** |
| *Defendants*. | |

Melissa Crow*
SOUTHERN POVERTY LAW CENTER
1101 17th Street, NW Suite 705
Washington, D.C. 20036
T: (202) 355-4471
F: (404) 221-5857
*melissa.crow@splcenter.org*

Mary Bauer*
SOUTHERN POVERTY LAW CENTER
1000 Preston Avenue
Charlottesville, VA  22903
T:  (470) 606-9307
F:  (404) 221-5857
*mary.bauer@splcenter.org*

*Attorneys for Plaintiffs*

*Pro hac vice application forthcoming
**Application for admission pending*

Baher Azmy*
Angelo Guisado*
Ghita Schwarz*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
T: (212) 614-6464
F: (212) 614-6499
*bazmy@ccrjustice.org
aguisado@ccrjustice.org
gschwarz@ccrjustice.org*

Christine P. Sun (SBN 218701)
Vasudha Talla (SBN 316219)
Angélica Salceda**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
T: (415) 621-2493
F: (415) 255-8437
*csun@aclunc.org
vtalla@aclunc.org
asalceda@aclunc.org*

Having considered the Administrative Motion to Consider Whether Cases are Related filed by Plaintiffs in *East Bay Sanctuary Covenant v. Barr,* Case No. 3:19-cv-04073, and the supporting materials filed by Plaintiffs,

IT IS HEREBY ORDERED that the following two actions are deemed related in accordance with Civil Local Rule 3-12:

(1) *East Bay Sanctuary Covenant v. Trump*, Case No. 3:18-cv-06810-JST

(2) *East Bay Sanctuary Covenant v. Barr*, Case No. 3:19-cv-04073.

**IT IS SO ORDERED.**

Dated:_____    _____
UNITED STATES DISTRICT COURT JUDGE