JOSEPH H. HUNT
*Assistant Attorney General*
SCOTT G. STEWART
*Deputy Assistant Attorney General*
AUGUST E. FLENTJE
*Special Counsel*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
*Assistant Director*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov
PATRICK GLEN
*Senior Litigation Counsel*
FRANCESCA GENOVA
*Trial Attorney*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| East Bay Sanctuary Covenant, *et al.*,<br><br>            Plaintiffs,<br><br>v.<br><br>Donald J. Trump, President of the United States, *et al.*,<br><br>            Defendants. | Civil Action No. 3:18-cv-06810-JST<br><br>**DEFENDANTS' RESPONSE TO MOTION TO RELATE CASES** |

Defendants submit this response in opposition to Plaintiffs' motion to relate this case to *East Bay Sanctuary Covenant v. Barr*, No. 3-19-cv-04073 (N.D. Cal.), currently assigned to Judge Orrick. The motion should be denied. This case and Case No. 3-19-cv-04073 involve different claims, different parties, different events, and challenges to completely different rules. The cases are not related. The Court should reject Plaintiffs' attempt to misuse the related-case mechanism.

Local Rule 3-12 provides that when an "action is related to another" because "(1) the actions concern substantially the same parties, property, transaction or event, and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a). "The fundamental rationale for the general rule requiring random assignment of cases is to ensure greater public confidence in the integrity of the judicial process. The rule guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C.2000) (discussing D.D.C. Rule 40.3).

Neither of those criteria is satisfied here. *First*, this case does not concern substantially the same parties, property, transaction, or event as Case No. 3-19-cv-04073. This case involves a challenge under the Administrative Procedure Act (APA) to an interim final rule, "Aliens Subject to a Bar on Entry Under Certain Presidential Proclamations; Procedures for Protection Claims," 83 Fed. Reg. 55,934 (Nov. 9, 2018). That rule renders ineligible for asylum any alien who illegally crosses the southern border without presenting for inspection at a port of entry if a Presidential proclamation forbidding such entry is in effect. *See id.* Plaintiffs allege that the rule violates 8 U.S.C. § 1158(a)(1) and was improperly issued without notice and comment under 5 U.S.C. § 553. *See* Complaint ¶¶ 101-10.

Case No. 3-19-cv-04073 does not challenge that rule. Rather, it challenges an entirely different rule, "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 33829 (July 16, 2019), that provides that "an alien who enters or attempts to enter the United States across the southern border after failing to apply for protection in a third country outside the alien's country of citizenship, nationality, or last lawful habitual residence through which the alien transited en

route to the United States is ineligible for asylum." *Id.* at 33830. Plaintiffs in Case No. 3-19-cv-04073 allege that this rule violates the APA because it: (1) conflicts with numerous statutory provisions (8 U.S.C. §§ 1158(a), (a)(2)(A), (b)(2)(A)(vi)), including provisions that are important to Plaintiffs' new challenge but are not at issue in this case, (2) was improperly issued without notice and comment under 5 U.S.C. § 553, and (3) is arbitrary and capricious under the APA, 5 U.S.C. § 706(2)(A). *See* Complaint, Case No. 3-19-cv-04073, ¶¶ 137-50. Sections 1158(a)(2)(A) and 1158(b)(2)(A)(vi) are not at issue in this case, this case does not involve any arbitrary-and-capricious claim under the APA, and this case does not necessitate review of an administrative record for purposes of assessing whether the challenged rule is arbitrary and capricious. Any commonality in the general nature of the claims in the cases is superficial because the two cases involve two completely different rules that must be assessed on their own merits. The aliens with a direct interest in the new rule are also distinct from those affected by the 2018 rule challenged here: the 2018 rule applies to those who crossed the border illegally, yet the new rule applies to those who have not sought relief in a third country. So the two cases involve meaningfully different legal challenges and drastically different record-based challenges.

Plaintiffs suggest these cases are "closely related" because both cases involve requests for "declaratory and injunctive relief" directed at interim final rules issued without notice and arising in the context of Executive Branch regulation of the border. Mot. 2. This Court should reject such a boundless approach to deeming cases "related." Thousands of cases could be said to involve "declaratory and injunctive relief" directed at Executive action affecting the border. Plaintiffs' theory of relatedness would create an end-run around the random assignment of cases in this or any other jurisdiction and render a nullity general rules governing jurisdiction and venue. And the possibility that both cases involve similar plaintiffs purporting to speak on behalf of migrants arriving by way of Mexico does not mean the cases involve substantially similar property, transactions, or events. *See Nozolino v. Hartford Life & Acc. Ins. Co.*, No. 12-CV-04314-JST, 2013 WL 2468350, at *1 (N.D. Cal. June 7, 2013) (Tigar, J.) (rejecting claim that cases are related because they involve claims brought under a similar statute and have a similar defendant). Instead, the rules at issue in these two cases apply to different populations of aliens and those true parties

1   in interest are not identical. Were it otherwise, any case involving APA claims raised by aliens at
2   or near the southern border would be related. If anything, Plaintiffs' claim that these cases involve
3   an understanding of events at the border raises questions as to why this case was brought in this
4   district rather than a district where the alleged events being challenged will take place, and gives
5   the appearance that Plaintiffs are forum-shopping in this jurisdiction rather than filing suit in a
6   jurisdiction on the border.

7          Plaintiffs also err in suggesting that the two cases concern substantially the same parties.
8   As to Defendants, the Department of Justice or Department of Homeland Security or their
9   components are defendants in nearly every immigration case, and their presence obviously does
10   not warrant circumventing the normal, random assignment of cases that applies in this District. To
11   hold otherwise would require every immigration case to be venued in this District and assigned to
12   this Court, which is contrary to the letter and purpose of the local rules. *See* L.R. 3-3(a); *see also*
13   General Order No. 44, A.2. The cases also involve different defendants: this case involves claims
14   directed at the President of the United States, and Case No. 3-19-cv-04073 does not. As for
15   Plaintiffs, their participation as organizational plaintiffs pushes the bounds of proper standing
16   based on their asserted injuries making asylum claims on behalf of individual clients, and should
17   not also warrant disregarding normal rules regarding venue and relatedness. In reality, and as
18   noted, the individuals with a direct interest in the rule here are distinct from those impacted by the
19   2019 rule challenged in the other case, in that the first rule applies to those who crossed the border
20   illegally, and the  2019 rule applies to those who have not sought protection in a third country
21   while en route to the United States.. Thus, the true parties in interest in both cases are different.

22          *Second*, Plaintiffs' suggestion that the Court has already expended significant "resources
23   [] to understanding the legal issues and the factual background in" this case, Mot. 4, does not show
24   that there will be an unduly burdensome duplication of labor and expense or conflicting results if
25   the cases are conducted before different judges. Again, as noted, the cases involve different
26   policies and are challenges based on different statutory provisions, will entail review of different
27   administrative records, and involve factual allegations that are unique to each case.  The fact that
28   both cases involve APA claims generally or that some aspect of the government is a defendant

does not mean litigating the cases separately will be an unduly burdensome duplication of labor. Indeed, the opposite is true: the administrative record in this case will be largely irrelevant to review in Case No. 3-19-cv-04073, as each APA case must be reviewed on its own administrative record. Again, the legal issues and factual background of both cases are different, and suggesting otherwise prejudges the new case on the merits in a manner suggestive of forum shopping.

This is not the first time Plaintiffs have asked this Court to relate this case to an unrelated case involving immigration policies at the border. In February of this year Plaintiffs Innovation Law Lab, Central American Resource Center, and Al Otro Lado—three of the four Plaintiffs in this case—asked this Court to relate this case to *Innovation Law Lab v. Nielsen*, No. 3-19-cv-00807 (N.D. Cal.). That case involved a challenge to a different border initiative, the "Migrant Protection Protocols" (MPP), issued by the Department of Homeland Security and its components. There, as here, Plaintiffs asserted that the cases involve a "substantially similar body of facts," and "require an understanding of … the southern border." Motion to Relate Cases (ECF 110) at 2. This Court denied the motion, concluding that "no cases are related and no reassignments shall occur." *See* ECF 112. Plaintiffs repeat similar arguments for relating this case and Case No. 3-19-cv-04073, and they carry no more weight than in *Innovation Law Lab*, suggesting that Plaintiffs are again asking for related case treatment simply because they think that this Court will rule for them, not because the cases are actually related. Allowing such repeat forum-shopping does discredit to the Court and undermines the purposes of random case assignment.

For these reasons, the government respectfully submits that these cases are not related and that Plaintiffs' motion should be denied.

//

//

//

//

//

//

//

DEFENDANTS' RESPONSE
TO MOTION TO RELATE CASES
*East Bay Sanctuary v. Barr*,
Case No. 1:19-cv-04073-WHO

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

SCOTT G. STEWART
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel

WILLIAM C. PEACHEY
Director

By: /s/ Erez Reuveni
EREZ REUVENI
Assistant Director
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov

PATRICK GLEN
Senior Litigation Counsel

FRANCESCA GENOVA
Trial Attorneys

Dated: July 17, 2019                    *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2019 I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the Northern District of California by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Erez Reuveni*
EREZ REUVENI