BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
*Assistant Director*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| East Bay Sanctuary Covenant, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Donald J Trump, *et al.*,<br><br>Defendants. | No. 4:18-cv-06810-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Conference: Mar. 29, 2022<br>Time: 2:00 PM<br>Judge: Hon. Jon S. Tigar |
| East Bay Sanctuary Covenant, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>William Barr, *et al.*,<br><br>Defendants. | No. 4:19-cv-04073-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Conference: Mar. 29, 2022<br>Time: 2:00 PM<br>Judge: Hon. Jon S. Tigar |

JOINT CASE MANAGEMENT STATEMENT
*East Bay v. Trump*, Case No. 4:18-cv-06810-JST,
*East Bay v. Barr*, No. 4:119-cv-04073-JST

The parties respectfully suggest that the Court continue the stays entered in both these cases pending review of the rules at issue by the government, subject to 60-day recurring status reports. The government presently continues to pursue rulemaking with respect to the two rules at issue in these cases, an interim final rule, "Aliens Subject to a Bar on Entry Under Certain Presidential Proclamations; Procedures for Protection Claims," 83 Fed. Reg. 55,934 (November 9, 2018) ("entry" rule), and the final rule titled "Asylum Eligibility and Procedural Modifications," 85 Fed. Reg. 82,260 (December 17, 2020) ("transit" rule). The entry rule was preliminarily enjoined by this Court in 2018. In a separate challenge, the entry rule was vacated by the U.S. District Court for the District of Columbia on August 2, 2019. *See* O.A. v. Trump, 404 F. Supp. 3d 109 (D.D.C. 2019). And the transit rule was enjoined by this Court last year. Consistent with President Biden's Executive Order issued February 2, 2021, which directed the agencies to review and determine whether to rescind these two rules, and which also vacated the presidential proclamation related to the entry rule, *see* Executive Order 14010, Executive Order on Creating a Comprehensive Regional Framework to Address the Causes of Migration, to Manage Migration Throughout North and Central America, and to Provide Safe and Orderly Processing of Asylum Seekers at the United States Border (the "Executive Order"), § 4.a.ii.C, 86 Fed. Reg. 8257, 8269-70 (Feb. 5, 2021), both rules are under review for possible rescission. The Fall 2021 Unified Agenda indicates both rules are being "modif[ied] or rescind[ed]" consistent with the President's order. *See* https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202110&RIN=1125-AA89 (entry rule), https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202110&RIN=1125-AB12 (transit rule).

Given this ongoing review of the entry and transit rules and the likelihood those rules will be modified or rescinded in the future, the parties respectfully request that the Court continue to hold these cases in abeyance pending the conclusion of the Departments' review of the rules. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). If, following their review, the Departments elect to promulgate new rules that are different from the interim and final rules or

JOINT CASE MANAGEMENT STATEMENT
*East Bay v. Trump*, Case No. 4:18-cv-06810-JST,
*East Bay v. Barr*, No. 4:119-cv-04073-JST

1

to rescind them entirely, that could obviate the need for judicial review of both rules. *See California v. Azar*, 911 F.3d 558, 569 (9th Cir. 2018). Accordingly, holding these cases in abeyance will serve judicial economy and prevent potentially unnecessary expenditures of the resources of the Court and the parties.

No party will be prejudiced by an abeyance under the current circumstances. As to the government, "[a]n initial agency interpretation is not instantly carved in stone. On the contrary, the agency must consider varying interpretations and the wisdom of its policy on a continuing basis, for example, in response to changed factual circumstances, or a change in administration." *Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005). An abeyance would permit the agencies to finish consideration of the wisdom of the entry and transit rules, as directed by the President's February 2, 2021 Executive Order, without the need to meet simultaneous litigation deadlines. *See, e.g.*, *Save Jobs USA v. Dep't of Homeland Sec.*, 942 F.3d 504, 508 (D.C. Cir. 2019) (previously holding "the case in abeyance, initially to allow the incoming administration time to consider the case and later because the Department expected to begin the process of rescinding the rule"). In addition, Plaintiffs are not harmed by continuing to stay proceedings at this time, as the Court's injunctions remain in effect, preventing the rules from being applied nationwide.

The parties further propose that the government file a status report every 60 days updating the Court on the status of the rulemakings.

Should the Court nevertheless wish to proceed with litigation in these two cases, the parties hereby submit their Joint Case Management Statement for these related cases under Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's Scheduling Order of March 16, 2022.

The parties conferred via telephone and electronic mail. The parties agreed that telephonic and electronic-mail communication were the most efficient manner in which to conduct the conference under the current circumstances.

**(1)**     **Jurisdiction and Service.**

JOINT CASE MANAGEMENT STATEMENT
*East Bay v. Trump*, Case No. 4:18-cv-06810-JST,
*East Bay v. Barr*, No. 4:119-cv-04073-JST

2

This Court has subject matter jurisdiction pursuant to 5 U.S.C. § 701 (provision of the Administrative Procedure Act allowing for judicial review) and 28 U.S.C. § 1331. Venue properly lies in this Court pursuant to the provisions of 28 U.S.C. §1391(e). There do not exist any issues regarding personal jurisdiction and no parties remain to be served.

**(2)   Facts.**

These cases involve Administrative Procedure Act ("APA") challenges to an interim final rule and final rule, both of which rendered ineligible for asylum most persons entering the United States at the southern border who cross the border between ports of entry or who did not first apply for and receive a denial of protection from persecution or torture while in a third country through which they transited en route to the United States.

**(3)   Legal Issues.**

The issues in this case are whether the entry and transit rules are lawful.

**(4)   Motions**

*Prior Motions*: The court issued a preliminary injunction enjoining the entry rule on December 19, 2018 (ECF # 98, Case No. 18-cv-6810), and the transit rule on February 16, 2021 (ECF # 138, Case No. 19-cv-4073). The court granted stays of further proceedings in both cases pending further appellate review, and subsequently granted a stay of the challenge to the transit rule based on administrative review of that rule.

*Pending Motions*: There are no currently pending motions awaiting decision.

*Anticipated Motions*: Defendants' deadline to respond to Plaintiffs' Complaint in both case is presently stayed.

**(5)   Amended Pleadings**

The parties agree that there is currently no anticipated amendment to the pleadings, addition of parties, or motions to transfer venue.

**(6)   Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) to ensure that reasonable and proportionate steps are taken to preserve evidence relevant to the issues reasonably

JOINT CASE MANAGEMENT STATEMENT
*East Bay v. Trump*, Case No. 4:18-cv-06810-JST,
*East Bay v. Barr*, No. 4:119-cv-04073-JST

3

evident in this action. The parties note however that the cases involve review of an administrative record, which has been submitted in both cases.

**(7)    Disclosures**

The parties agree that this case is exempt from initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B)(i). The only parties in this case are the Plaintiffs and the Defendants. The key documents in this case are the pleadings and those within the administrative records that Defendants have filed with the Court, or would file with respect to the transit rule should litigation proceed.

**(8)    Discovery Plan.**

At this time, the parties agree that discovery is not necessary outside the administrative record. Thus, the parties agree that a Rule 26(f) Discovery Plan is unnecessary.

**(9)    Class Certification.**

This is not a class action and the parties agree that class certification is not applicable to this case.

**(10)    Related Cases.**

Other than the two cases in which this filing is being submitted, the parties are not aware of any related cases in this jurisdiction. The entry rule is at issue in *O.A. v. Trump*, 404 F. Supp. 3d 109 (D.D.C. 2019), the appeal of which is presently stayed pending review of the underlying rule by the agency.

**(11)    Relief**

Plaintiffs seek injunctive and declaratory relief in the form of a judgment from this Court declaring the entry and transit rules unlawful, contrary to law, or arbitrary and capricious and enjoining Defendants from implementing them against Plaintiffs and their respective members. No further relief is sought.

**(12)    Settlement Efforts and Alternate Dispute Resolution.**

No settlement discussions between the parties are ongoing. The parties, however, agree that this case is not suitable for Alternative Dispute Resolution.

**(13)    Consent to Magistrate for All purposes**

JOINT CASE MANAGEMENT STATEMENT
*East Bay v. Trump*, Case No. 4:18-cv-06810-JST,
*East Bay v. Barr*, No. 4:119-cv-04073-JST

4

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. The case has been assigned to an Article III Judge.

**(14) Other Reference**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**(15) Narrowing of Issues**

The parties agree that this case presents no unusual legal issues. Further, neither party has any proposals regarding severance, bifurcation, or other ordering of proof.

**(16) Expedited Trial Procedure**

The parties agree that the Expedited Trial Procedure of General Order No. 64 are inapplicable to this case.

**(17) Scheduling**

Defendants' deadline to respond to the Complaint in both cases is presently stayed. Should litigation commence, Defendants do not presently know if they will file an answer or a motion to dismiss. In either event, it is unnecessary to schedule any additional deadlines at this time.

**(18) Trial**

The parties agree that no trial is necessary in this case.

**(19) Disclosure of Non-Party Interested Entities or Persons**

Both parties are in full compliance with Civil Local Rule 3-15 regarding the identification of interested entities or persons and have not identified any interested persons or entities not already party to this suit.

**(21) Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**(22) Other Matters**

As discussed above, the parties jointly request that the Court continue the stays in both cases pending review of the two rules for possible modification or rescission, consistent with the President's executive order.

JOINT CASE MANAGEMENT STATEMENT
*East Bay v. Trump*, Case No. 4:18-cv-06810-JST,
*East Bay v. Barr*, No. 4:119-cv-04073-JST

5

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|   | WILLIAM C. PEACHEY<br>Director |
|   | By: /s/ *Erez Reuveni*<br>EREZ REUVENI<br>Assistant Director<br>Office of Immigration Litigation<br>U.S. Department of Justice, Civil Division<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>Tel: (202) 307-4293<br>Email: Erez.R.Reuveni@usdoj.gov |
| Dated: March 22, 2022 | *Attorneys for Defendants* |
|   | /s/ Lee Gelernt<br>Lee Gelernt<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>IMMIGRANTS' RIGHTS PROJECT<br>125 Broad St., 18th Floor<br>New York, NY 10004<br>Tel: (212) 549-2660<br>Email: lgelernt@aclu.org |
| Dated: March 22, 2022 | *Attorneys for Plaintiffs* |

JOINT CASE MANAGEMENT STATEMENT
*East Bay v. Trump*, Case No. 4:18-cv-06810-JST,
*East Bay v. Barr*, No. 4:119-cv-04073-JST

6

# CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the Northern District of California by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Erez Reuveni*
EREZ REUVENI
Assistant Director
United States Department of Justice
Civil Division

JOINT CASE MANAGEMENT STATEMENT
*East Bay v. Trump*, Case No. 4:18-cv-06810-JST,
*East Bay v. Barr*, No. 4:119-cv-04073-JST

7