Omar C. Jadwat*
Lee Gelernt*
Anand Balakrishnan*
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
ojadwat@aclu.org
lgelernt@aclu.org
abalakrishnan@aclu.org

Katrina Eiland (SBN 275701)
Morgan Russell (SBN 296137)
Spencer Amdur (SBN 320069)
Oscar Sarabia Roman (SBN 341385)
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0770
F: (415) 395-0950
keiland@aclu.org
mrussell@aclu.org
samdur@aclu.org
osarabia@aclu.org

*Attorneys for Plaintiffs* (Additional counsel listed on following page)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| East Bay Sanctuary Covenant, *et al*.,<br><br>  *Plaintiffs*,<br><br>  v.<br><br>Joseph R. Biden, President of the United States, *et al*.,<br><br>  *Defendants*. | Case No.: 18-cv-06810-JST<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT AND TO LIFT THE STAY OF PROCEEDINGS** |

Melissa Crow*
CENTER FOR GENDER & REFUGEE STUDIES
1121 14th Street, NW, Suite 200
Washington, DC 20005
T: (202) 355-4471
F: (415) 581-8824
crowmelissa@uchastings.edu

Anne Peterson (SBN 258673)
Blaine Bookey (SBN 267596)
Julie Bourdoiseau (SBN 340462)
Karen Musalo (SBN 106882)
CENTER FOR GENDER & REFUGEE STUDIES
200 McAllister Street
San Francisco, CA 94102
T: (415) 610-5729
F: (415) 581-8824
petersonanne@uchastings.edu

Attorneys for Plaintiffs

*Admitted pro hac vice
** Application for admission pro hac vice forthcoming

Keren Zwick**
Richard Caldarone**
Colleen Cowgill (SBN 321542)
Mary Georgevich**
NATIONAL IMMIGRANT JUSTICE CENTER
224 S. Michigan Ave., Suite 600
Chicago, IL 60604
T: (312) 660-1370
F: (312) 660-1505
kzwick@heartlandalliance.org
rcaldarone@heartlandalliance.org
ccowgill@heartlandalliance.org
mgeorgevich@heartlandalliance.org

Michelle (Minju) Y. Cho (SBN 321939)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
T: (415) 621-2493
F: (415) 255-8437
mcho@aclunc.org

**INTRODUCTION**

Plaintiffs move this Court for leave to file an Amended and Supplemental Complaint under Federal Rules of Civil Procedure 15(a)(2) and (d). This action—which is currently stayed pending the outcome of the Biden Administration's rulemaking on this issue—currently challenges the first asylum ban (the "entry ban") that barred asylum seekers from asylum eligibility if they entered the United States anywhere along the southern border not at a designated port of entry. This Court preliminarily enjoined the entry ban, and the Ninth Circuit affirmed that injunction. Plaintiffs seek to update their Complaint to challenge the Final Rule, entitled Circumvention of Lawful Pathways, issued on May 10, 2023 (the "Rule"),[1] which rescinds and supersedes the entry ban.[2] Rule at 373, 380. The Rule is set to go into effect on May 11, 2023. *Id.* at 2.

The Rule suffers from the same defects as the original entry ban and, accordingly, Plaintiffs propose to amend and supplement their allegations to make clear that the Rule likewise is contrary to law, including 8 U.S.C. §§ 1158(a)(1), (a)(2)(A), and (b)(2)(A)(vi), is arbitrary and capricious, and fails to comply with the procedural requirements of the Administrative Procedure Act ("APA"). The Amended and Supplemental Complaint also adds organizational Plaintiffs Tahirih Justice Center ("Tahirih"), National Center for Lesbian Rights ("NCLR"), Immigrant Defenders Law Center ("ImmDef"), and American Gateways.

Plaintiffs easily satisfy Rule 15's lenient standard. Plaintiffs simply seek to update their original complaint to account for the new Rule, which by Defendants' own admission, supersedes the original entry ban, *see* Rule at 370, 380, and to add organizational Plaintiffs who are harmed by the Rule. There is no prejudice to Defendants, and Plaintiffs have not acted in bad faith or unduly

---

[1] Citations to the Rule refer to the unpublished pdf version that Defendants released for public inspection on May 10, 2023, available at https://public-inspection.federalregister.gov/2023-10146.pdf. The Rule will not be published in the Federal Register until May 16, 2023.
[2] The Rule also modifies and rescinds the asylum transit ban final rule, *Asylum Eligibility and Procedural Modifications*, 85 Fed. Reg. 82,260 (Dec. 17, 2020), at issue in *E. Bay Sanctuary Covenant v. Barr*, No. 19-cv-04073-JST (N.D. Cal., filed July 16, 2019).

1
MEMO. ISO OF MOT. FOR LEAVE TO FILE AM. AND SUPPL. COMPLAINT

delayed in filing this Motion—in fact, this Motion was filed one day after the Rule was issued. And Plaintiffs' claims are not futile, as they challenge the Rule on the similar grounds to those on which the Court preliminarily enjoined the previous entry ban.

## BACKGROUND

**A. The Entry Ban**

On November 9, 2018, the Trump administration issued an asylum ban (the "entry ban") that barred asylum seekers from asylum eligibility if they entered the United States anywhere along the southern border not at a designated port of entry. *See Aliens Subject to a Bar on Entry Under Certain Presidential Proclamations; Procedures for Protection Claims*, 83 Fed. Reg. 55,934 (Nov. 9, 2018); *Presidential Proclamation Addressing Mass Migration Through the Southern Border of the United States*, 83 Fed. Reg. 57,661 (Nov. 9, 2018). Plaintiffs East Bay Sanctuary Covenant ("EBSC"), Central American Resource Center ("CARECEN"), Al Otro Lado, and Innovation Law Lab filed a challenge to that entry ban on the same day the rule and proclamation were issued. On December 19, 2018, this Court issued an order converting its earlier Temporary Restraining Order into a preliminary injunction blocking the entry ban. *E. Bay Sanctuary Covenant v. Trump*, 354 F. Supp. 3d 1094 (2018). The Court held that the ban was both inconsistent with 8 U.S.C. § 1158(a)(1) and arbitrary and capricious and that the government had unlawfully bypassed the notice and comment requirements of the APA. *Id.* at 1111-15. On March 5, 2019, this Court stayed the proceedings pending the resolution of Defendants' interlocutory appeal of the Court's temporary restraining order and preliminary injunction. ECF No. 113. On February 28, 2020, the Ninth Circuit affirmed this Court's orders enjoining the entry ban. *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640 (9th Cir. 2021) (amended opinion).

On February 5, 2021, President Biden signed an Executive Order that directed the Attorney General and the Secretary of Homeland Security to, among other things, review and determine whether to rescind the entry ban rule. *See* Executive Order 14010, *Executive Order on Creating a*

*Comprehensive Regional Framework to Address the Causes of Migration, to Manage Migration Throughout North and Central America, and to Provide Safe and Orderly Processing of Asylum Seekers at the United States Border*, 86 Fed. Reg. 8257 (Feb. 5, 2021).  In light of the Biden administration's ongoing review of whether to modify or rescind the entry ban rule, this Court extended its previously entered stay of this case on June 24, 2022.  ECF No. 140, 142.

**B.  The Transit Ban**

On July 16, 2019, with the entry ban enjoined, the Trump administration promulgated a second asylum ban (the "transit ban") that made asylum seekers ineligible for asylum if they transited through another country prior to reaching the southern border of the United States and had not received a decision denying them asylum in that country.  *Asylum Eligibility and Procedural Modifications*, 84 Fed. Reg. 33,829 (July 16, 2019).  The same day that the transit ban was issued, EBSC, CARECEN, Al Otro Lado, and Innovation Law Lab challenged that ban in this Court in a related case.  On July 24, 2019, this Court preliminarily enjoined the transit ban.  *E. Bay Sanctuary Covenant v. Barr*, 385 F. Supp. 3d 922 (N.D. Cal. 2019).  This Court concluded that the transit ban conflicted with the asylum statute's safe third country and firm resettlement provisions, 8 U.S.C. §§ 1158(a)(2)(A) and (b)(2)(A), that it was arbitrary and capricious, and that that there were serious questions as to whether the government had unlawfully bypassed the APA's procedural requirements.  *Id.* at 944-56.  On July 6, 2020, the Ninth Circuit affirmed the Court's preliminary injunction against the transit ban on the merits.  *E. Bay Sanctuary Covenant v. Garland*, 994 F.3d 962 (9th Cir. 2020) (amended opinion).

In the meantime, a district court in the District of Columbia vacated the transit ban rule because the agencies had failed to comply with the notice and comment requirements of the APA.  *See Cap. Area Immigrants' Rts. Coal. v. Trump*, 471 F. Supp. 3d 25, 31 (D.D.C. 2020), *appeal dismissed sub nom I.A. v. Garland*, No. 20-5271, 2022 WL 696459 (D.C. Cir. Feb. 24, 2022).  Although the Trump administration re-issued the ban in the form of a final rule, *Asylum Eligibility*

*and Procedural Modifications*, 85 Fed. Reg. 82,260 (Dec. 17, 2020), on February 16, 2021, this Court preliminarily enjoined the final rule, concluding that it was contrary to § 1158 and arbitrary and capricious for the same reasons this Court and the Ninth Circuit had previously identified. *E. Bay Sanctuary Covenant v. Barr*, 519 F. Supp. 3d 663, 666-68 (N.D. Cal. 2021). On March 24, 2021, this Court granted the parties' joint motion to stay that case given the new administration's ongoing review of whether to modify or rescind the transit ban under the February 5, 2021, Executive Order. This Court most recently continued that stay on June 24, 2022.

**C. The New Aslyum Ban**

On May 10, 2023, Defendants issued a final rule that rescinds the enjoined entry and transit bans, Rule at 373, 380, and then reissues them in a slightly altered form. Like those bans, the Rule dramatically curtails the availability of asylum in the United States. Like the entry ban, it does so on the basis of how a person entered the United States: with vanishingly narrow exceptions, the Rule bars asylum for all non-Mexican adults and families seeking asylum who arrive at the southern land border and enter either at or between ports of entry. *Id.* at 15-16. And this Rule goes even further than the entry ban: even people who present at a port of entry are barred from asylum if they show up without having first received a lottery-based appointment through a smartphone application known as CBP One. *Id.* at 25-26, 438. And like the transit ban, one of the theoretical exceptions to the rule would allow someone who applied for asylum or other protection in a transit country and was denied to apply for asylum in the United States. *Id.* at 25-26, 439. In this way, this Rule combines the entry and transit bans into a single rule.

The other exceptions do not meaningfully distinguish the Rule from the earlier bans. One purported exception, which allows people who applied for parole in their home country and were granted advance permission to enter the United States to apply for asylum, *id.* at 25-26, 438, will apply to practically no one who enters via the southern border because the parole programs cited in the Rule all require parole recipients to fly commercially to the interior of the United States.

Another exception, which allows people who approach ports of entry without CBP One app appointments to apply for asylum in extreme situations such as acute medical emergencies, is exceedingly narrow on its face. *Id.* In practice, then, the Rule will, like the entry ban, bar nearly all non-Mexican people from asylum unless they enter at a port of entry after waiting an indefinite time to secure an appointment.

## ARGUMENT

### I. GRANTING PLAINTIFFS' MOTION TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT WILL PROMOTE AN EFFICIENT RESOLUTION OF PLAINTIFFS' CLAIMS AND DOES NOT PREJUDICE DEFENDANTS.

Plaintiffs seek leave to file an Amended and Supplemental Complaint to challenge the new Rule, which—by the Rule's own terms, *id.* at 380-82—supersedes and replaces the entry ban that this Court previously enjoined.[3] Granting leave to supplement will be more efficient than requiring Plaintiffs to file a separate complaint.[4] The prior and present bans are very similar in their terms and practical operation. This Court is familiar with the prior bans, along with relevant background legal principles, and Plaintiffs assert similar claims against the new Rule. Moreover, EBSC and CARECEN are again bringing claims, and Defendants are the same agencies. In addition, Defendants cannot reasonably assert that they will suffer prejudice from the filing of the Amended and Supplemental Complaint. Plaintiffs moved promptly and in good faith within one day after Defendants published the Rule, and Plaintiffs' challenge is not futile because the Rule is plainly illegal under this Court's and the Ninth Circuit's rulings in the prior asylum ban cases. Accordingly, the Court should grant leave to file an Amended and Supplemental Complaint.

//
//

---

[3] Only Plaintiffs EBSC, CARECEN, Tahirih, NCLR, and ImmDef are bringing challenges to the new rule.

[4] If Plaintiffs were required to file a separate action, they would do so while simultaneously seeking to relate any separate action challenging the Rule with this case, as the Rule rescinds both the entry and transit bans, and this case is the earliest-filed related case.

### A. The Rule 15 Standard Favors Amending and Supplementing the Complaint.

Amendment and supplementation under Rule 15 is warranted here. "[T]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). While an amendment "relate[s] to matters that occurred prior to the filing of the original pleading," a supplemental complaint "deal[s] with events subsequent to the pleading to be altered." Charles Alan Wright & Arthur R. Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed. 2023). Rule 15(d) is "a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (quoting *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20–28 (4th Cir. 1963), *cert. denied*, 376 U.S. 963 (1964)). "Its use is therefore favored." *Keith*, 858 F.2d at 473. "An application for leave to file a supplemental pleading is addressed to the discretion of the court and should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." Wright & Miller, *supra*, § 1504.

### B. Allowing Plaintiffs to Amend and Supplement the Complaint Will Provide More Complete Relief and Avoid Duplicative Litigation.

The Ninth Circuit has held that where there is some relationship between the concerns in the original action and the supplemental complaint, leave to supplement furthers judicial efficiency by avoiding "the cost, delay and waste of separate actions, which must be separately tried and prosecuted." *Keith*, 858 F.2d at 473. Leave to supplement is also favored where it will provide more complete relief to Plaintiffs. *Id.* Leave to supplement must be granted with "extreme liberality," *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), particularly where, as here, the interests of justice and judicial efficiency weigh in favor of granting leave.

1. The Rule is directly related to this case because in issuing the Rule Defendants explicitly state that the new Rule rescinds and supersedes the entry and transit bans pending before this Court. Rule at 373, 380; *see also Zukerman v. USPS*, 961 F.3d 431 (D.D.C. 2020) (noting that plaintiffs were granted leave to supplement and amend their complaint to challenge agency interpretation of new rulemaking regarding the same policy already at issue in the litigation); *NAACP v. Sec'y of Labor*, 846 F. Supp. 91, 94 (D.D.C. 1994) (same); *Batalla Vidal v. Wolf*, 17-cv-5228, ECF No. 271 (E.D.N.Y. Aug. 28, 2020) (Plaintiffs' Second Amended Supplemental Complaint challenging a subsequently-issued Deferred Action for Childhood Arrivals policy memo); *Defs. of Wildlife v. Johanns*, No. 04-cv-4512, 2005 WL 2620564, at *3 (N.D. Cal. Oct. 14, 2005) (noting that plaintiffs' supplemental complaint challenged subsequently issued final rule). Plaintiffs allege in the Amended and Supplemental Complaint that the new Rule violates the asylum statute and is arbitrary and capricious for many of the same reasons as the previous bans. *See Pratt v. Rowland*, 769 F. Supp. 1128, 1131 (N.D. Cal. 1991) ("Allegations contained in supplemental pleadings . . . need bear only 'some relationship' to the subject of the original action.") (internal citations omitted). Perhaps most obviously, the Rule requires asylum seekers to either enter at ports of entry (after waiting for an appointment), or to seek and be denied asylum in a third country en route to the United States, even though this Court and the Ninth Circuit previously found both of these requirements to be irrelevant, arbitrary bases on which to bar asylum. *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d at 671-72; *E. Bay Sanctuary Covenant v. Garland*, 994 F.3d 962, 980 (9th Cir. 2020); *E. Bay Sanctuary Covenant v. Barr*, 385 F. Supp. 3d 922, 945-46 (N.D. Cal. 2019); *E. Bay Sanctuary Covenant v. Trump*, 349 F. Supp. 3d 838, 857-59 (N.D. Cal. 2018).

And to the extent new issues arise in relation to the new Rule, Rule 15 permits "addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th Cir. 1982); *see also Keith*, 858 F.2d at 476 ("Rule 15(d) plainly permits supplemental amendments to cover events happening after suit, and it

follows, of course, that persons participating in these new events may be added if necessary.").

On top of new claims and new allegations, Rule 15(d) similarly permits "new parties … regarding events that occurred after the original complaint was filed." *Food & Water Watch, Inc. v. EPA*, No. 17-cv-02162-EMC, 2021 WL 1893063, at *3 (N.D. Cal. May 11, 2021) (citing *Griffin v. Cnty Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226 (1964)). Defendants are the same agencies as those in the current case. Although the names of some of the officials have changed, they are merely updated to reflect the names of the persons who hold the same position under the current administration. The addition of new Plaintiffs, meanwhile, will not hinder judicial efficiency, because those Plaintiffs only seek to bring claims regarding the new Rule. Am. & Suppl. Compl. ¶¶ 222-37.

Finally, this Court is deeply familiar with the history, claims, and parties involved with the entry and transit bans, and can resolve the issues efficiently in one action. Indeed, if Plaintiffs were required to challenge the Rule in a separate action, this Court would still have to address the impact of any decision reached in such an action as it relates to Plaintiffs' ongoing challenge to the original entry and transit bans. Accordingly, granting Plaintiffs' motion to include the challenge to the Rule will further judicial efficiency and will avoid the cost, delay, and waste of separate actions as "[a]ll involved—plaintiffs, defendants, and district court—[are] familiar with the underlying action." *Keith*, 858 F.2d at 476.

In short, granting Plaintiffs' motion will enable this Court to resolve all the claims against the Rule, and to "award complete relief, or more nearly complete relief, in one action, and [] avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *GTE Mobilnet of Cal. Ltd. P'ship v. City of Berkeley*, No. 20-cv-05460, 2021 WL 308605, at *3 (N.D. Cal. Jan. 29, 2021) (quotation marks and citation omitted).

**C. None of the Factors that Disfavor Amendment or Supplementation Apply Here.**

Courts may decline leave "only if there is strong evidence of 'undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011); *see also Eminence Capital, LLC*, 316 F.3d at 1052 ("[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* . . . in favor of granting leave to amend"). None of these factors applies here.[5]

First, Defendants cannot assert that they will be prejudiced by the proposed Amended and Supplemental Complaint, which merely challenges the new Rule that supersedes the prior entry ban at issue in this case. *See DCD Programs, Ltd.*, 833 F.2d at 187 ("The party opposing amendment bears the burden of showing prejudice."). Moreover, the Court stayed this case on March 5, 2019, following the preliminary injunction, for the precise reason that the agencies were considering whether to rescind or replace the entry ban at issue in the original complaint. They have now done so, albeit in a manner that repeats in large part the APA violations that this Court already found, so there are no court deadlines or other justifications that Defendants could offer to show prejudice. *See Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013) (evaluating prejudice in terms of "whether discovery cut-offs have passed, how close trial is, and so forth."). Plaintiffs should thus be permitted to update the case to ensure the efficient and timely disposition of the parties' full controversy over the legality of the asylum bans.

Second, Plaintiffs' challenge to the Rule is not futile. To the contrary, the Rule is illegal for the same reasons this Court invalidated the entry ban: by making asylum turn on manner of entry, it violates 8 U.S.C. § 1158(a)(1), and by requiring applicants to seek asylum in transit countries that are unsafe and lack a full and fair asylum system, the Rule violates 8 U.S.C. § 1158(a)(2)(A) and

---

[5] Plaintiffs have not previously failed to cure deficiencies by amendments and thus need not address this factor.

(b)(2)(A)(vi). *See* Am. & Suppl. Compl. ¶¶ 222-32. Moreover, Defendants again failed to observe procedures required by the APA in violation of 5 U.S.C. § 706(2)(D), now by failing to provide an adequate opportunity for the public to comment and by failing to provide a 30-day period between the Rule's enactment and effective date. *Id.* ¶¶ 233-37. Third, Plaintiffs have not unduly delayed in seeking to amend and supplement the Complaint. Defendants issued the Rule on May 10, 2023, and Plaintiffs filed the instant Motion one day later, on May 11, 2023. Plaintiffs could not have sought to amend and supplement the Complaint any sooner, and thus it cannot be reasonably disputed that Plaintiffs moved promptly.

Finally, Plaintiffs seek to supplement the Complaint in good faith. As stated above, Plaintiffs challenge the new Rule on the same grounds as the prior bans, and Defendants can point to no dilatory motive on the part of Plaintiffs. Accordingly, there exists a presumption in favor of granting Plaintiffs leave to amend and supplement the Complaint. *See Eminence Cap., LLC*, 316 F.3d at 1052.

## II.  THE COURT SHOULD LIFT THE STAY OF PROCEEDINGS

In deciding whether a stay of proceedings is appropriate, courts weigh "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "The power to grant a stay includes the inherent power and discretion to lift that stay," *Thomas v. Home Depot USA Inc.*, 2007 WL 2140917, at *1 (N.D. Cal. Jul. 25, 2007), including when "circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate," *Akeena Solar Inc. V. Zep Solar Inc.*, 2011 WL 2669453, at *2 (N.D. Cal. Jul. 7, 2011).

This Court should exercise its discretion to lift the stay of proceedings based on the issuance

of the new Rule and the harm to Plaintiffs if the stay is not lifted. *Lockyer*, 398 F.3d at 1112 (the ability to "seek[] injunctive relief against ongoing and future harm" militates against a stay). Neither the entry ban nor the transit ban is currently in effect. *See E. Bay Sanctuary Covenant v. Trump*, 354 F. Supp. 3d 1094 (2018) (enjoining entry ban); *E. Bay Sanctuary Covenant v. Barr*, 519 F. Supp. 3d at 666-68 (enjoining transit ban final rule). But the new Rule is set to take effect on May 11, 2023, Rule at 2, and the Plaintiff organizations will once again experience a diversion of their resources, frustration of their missions, and loss of funding that this Court found constituted irreparable harm when it preliminarily enjoined the previous bans. By contrast, Defendants would suffer no hardship or inequity if the litigation moves forward with respect to the Rule. *See Lockyer*, 398 F.3d at 1112 (explaining that "being required to defend suit, without more, does not constitute a clear case of hardship or inequity" for stay purposes) (cleaned up).

## CONCLUSION

The Court should grant Plaintiffs' motion to file their proposed Amended and Supplemental Complaint and should lift the stay of proceedings.

Dated: May 11, 2023

Omar C. Jadwat*
Lee Gelernt*
Anand Balakrishnan*
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
ojadwat@aclu.org
lgelernt@aclu.org
abalakrishnan@aclu.org

Melissa Crow*
CENTER FOR GENDER & REFUGEE STUDIES
1121 14th Street, NW, Suite 200
Washington, DC 20005
T: (202) 355-4471
F: (415) 581-8824
crowmelissa@uchastings.edu

Anne Peterson (SBN 258673)
Blaine Bookey (SBN 267596)
Julie Bourdoiseau (SBN 340462)*
Karen Musalo (SBN 106882)
CENTER FOR GENDER & REFUGEE STUDIES
200 McAllister Street
San Francisco, CA 94102
T: (415) 610-5729
F: (415) 581-8824
petersonanne@uchastings.edu

*Attorneys for Plaintiffs*

*Admitted pro hac vice
**Applications for admission pro hac vice forthcoming

Respectfully submitted,

/s/ Katrina Eiland
Katrina Eiland (SBN 275701)
Morgan Russell (SBN 296137)
Spencer Amdur (SBN 320069)
Oscar Sarabia Roman (SBN 341385)
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0770
F: (415) 395-0950
keiland@aclu.org
mrussell@aclu.org
samdur@aclu.org
osarabia@aclu.org

Keren Zwick**
Richard Caldarone**
Colleen Cowgill (SBN 321542)
Mary Georgevich**
NATIONAL IMMIGRANT JUSTICE CENTER
224 S. Michigan Ave., Suite 600
Chicago, IL 60604
T: (312) 660-1370
F: (312) 660-1505
kzwick@heartlandalliance.org
rcaldarone@heartlandalliance.org
ccowgill@heartlandalliance.org
mgeorgevich@heartlandalliance.org

Michelle (Minju) Y. Cho (SBN 321939)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
T: (415) 621-2493
F: (415) 255-8437
mcho@aclunc.org