KATHLEEN R. HARTNETT (314267)
ZOË HELSTROM (339093)
khartnett@cooley.com
zhelstrom@cooley.com
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:  +1 415 693 2000
Facsimile:  +1 415 693 2222

*Counsel for Amicus Curiae*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| East Bay Sanctuary Covenant; Central American Resource Center; Al Otro Lado; Innovation Law Lab; Tahirih Justice Center; National Center for Lesbian Rights; Immigrant Defenders Law Center; and American Gateways, <br><br> *Plaintiffs*, <br><br> Joseph R. Biden, President of the United States, in his official capacity; Merrick Garland, Attorney General, in his official capacity; U.S. Department of Justice; David Neal, Director of the Executive Office for Immigration Review; Alejandro Mayorkas, Secretary of Homeland Security, in his official capacity; U.S. Department of Homeland Security; Ur Jaddou, Director of U.S. Citizenship and Immigration Services, in her official capacity; U.S. Citizenship and Immigration Services; Troy A. Miller, Acting Commissioner of U.S. Customs and Border Protection, in his official capacity; U.S. Customs and Border Protection; Tae D. Johnson, Acting Director of Immigration and Customs Enforcement, in his official capacity; Immigration and Customs Enforcement, <br><br> *Defendants*. | Case No. 4:18-cv-06810-JST <br><br> **NOTICE OF MOTION AND ADMINISTRATIVE MOTION FOR LEAVE TO FILE AMICUS BRIEF** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO FILE BRIEF OF
AMICUS CURIAE COUNCIL 119
CASE NO. 4:18-CV-06810-JST

# NOTICE

PLEASE TAKE NOTICE that proposed amicus curiae National Citizenship and Immigration Services Council 119 ("Council 119") requests leave to file the accompanying brief in support of Plaintiffs' motion for summary judgment.

## IDENTITY AND INTERESTS OF *AMICUS CURIAE*

Council 119 is a labor organization that represents over 14,000 bargaining unit employees of U.S. Citizenship and Immigration Services ("USCIS"), a division of the U.S. Department of Homeland Security ("DHS"). Council 119's constituents include approximately 1,400 asylum officers and refugee officers who are responsible for, among other things, adjudicating affirmative asylum claims, processing refugees overseas, conducting "credible fear" and "reasonable fear" screenings, researching conditions in refugee-producing countries and regions, and reviewing applications for humanitarian parole. Of particular relevance here, Council 119's constituent asylum officers are tasked with implementing the final rule entitled "Circumvention of Lawful Pathways" ("the Rule"), 88 Fed. Reg. 31314, which is the subject of this litigation.

Council 119 has a special interest in this case as the representative of the collective bargaining unit of federal government employees who are at the forefront of interviewing and adjudicating the legal claims of individuals seeking protection in the United States, many of whom will now be subject to the Rule. Council 119's members have first-hand knowledge of how mandatory eligibility bars are applied in the context of affirmative asylum adjudications; how the Rule is impacting pre-screening operations; whether the Rule is consistent with the United States' obligations under international and domestic laws concerning the right to seek asylum and the protection of refugees; and whether the Rule is necessary to address the flow of migrants through our nation's southern border.

The proposed amicus brief relies solely upon information that is publicly available, and it does not rely on any information that is confidential, law enforcement sensitive, or classified. It represents only the views of Council 119 on behalf of the bargaining unit and does not represent the views of USCIS or USCIS employees in their official capacities.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

MOTION TO FILE BRIEF OF
AMICUS CURIAE COUNCIL 119
CASE NO. 4:18-CV-06810-JST

## ARGUMENT

District courts have broad discretion to permit third parties to participate in cases as amici curiae. *See, e.g.*, *Inst. of Med. Educ., Inc. v. W. Ass'n of Sch. & Colleges*, 2013 WL 6672443, at *3 n.1 (N.D. Cal. Dec. 18, 2013) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)). "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)).

As the organization representing the federal government employees charged with implementing the Rule at issue in this litigation, Council 119 offers an important perspective on the issues before the Court. By providing a perspective from those on the front lines implementing our country's asylum system, who have extensive training in domestic and international refugee and asylum law, the proposed brief seeks to assist the Court in understanding the ways in which the Rule is inconsistent with asylum law and is based on arbitrary and mistaken premises about the ability of asylum seekers to access protection through the Rule's exceptions to its presumption against asylum eligibility. The proposed brief also explains that the current asylum system—if properly resourced—is well equipped to handle the flow of migrants at the southern border, and that the Rule's near-total ban on asylum at the southern border is not a necessary, appropriate, or legal response. Given its members' roles and experience, Council 119 respectfully submits that these views expressed in its amicus brief will assist the Court in evaluating the lawfulness of the challenged Rule.

Plaintiffs and Defendants have consented to the filing of this brief.

///

///

# CONCLUSION

For the reasons above, Council 119 requests that the Court grant leave to file the proposed amicus brief.

Respectfully submitted,

Dated: June 7, 2023

*/s/ Kathleen R. Hartnett*

KATHLEEN R. HARTNETT (314267)
ZOË HELSTROM (339093)
khartnett@cooley.com
zhelstrom@cooley.com
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

*Counsel for Amicus Curiae*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

MOTION TO FILE BRIEF OF
AMICUS CURIAE COUNCIL 119
CASE NO. 4:18-CV-06810-JST