BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
*Assistant Director*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov
PATRICK GLEN
CHRISTINA P. GREER
*Senior Litigation Counsel*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| East Bay Sanctuary Covenant, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Joseph R. Biden, *et al.*,<br><br>　　　　　Defendants. | No. 4:18-cv-06810-JST<br><br>**EMERGENCY MOTION TO STAY ORDER AND FINAL JUDGMENT ORDER PENDING APPEAL** |

# INTRODUCTION

Defendants hereby move for a stay, pending completion of appellate proceedings, of this Court's order and final judgment granting Plaintiffs' motion for summary judgment, entered on July 25, 2023. *See* ECF Nos. 187-88. The Solicitor General has authorized an appeal of the Court's order, *see* 28 C.F.R. § 0.20(b), and the Government recently filed the Notice of Appeal. In light of the serious harms to the government and the public interest occasioned by the vacatur (as described more fully below), Defendants respectfully request that the Court rule on this motion by end of the day on July, 26, 2023, so Defendants may promptly seek appellate relief if necessary. If, upon reviewing this motion, the Court does not find Defendants have met the requirements for a stay, Defendants request this Court summarily deny the motion without awaiting a response from Plaintiffs. Defendants have simultaneously filed a motion to shorten the time to respond to this motion.[1]

Defendants recognize and appreciate the Court stayed its order for 14 days, until 11:59 PM, August 8, 2023 to permit Defendants to seek emergency relief at the appellate level. ECF No. 187 at 35; *see* Fed. R. Civ. P. 6(a)(1). That order may reflect the Court's judgment that an additional stay beyond fourteen days is not warranted. Federal Rule of Appellate Procedure 8 requires, however, that "[a] party must ordinarily move first in the district court for the following relief: a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1). Therefore, out of an abundance of caution, Defendants respectfully submit this motion for a full stay of the Court's order pending resolution of appellate proceedings.

As explained below, the balance of harms weighs strongly in favor of a stay and, respectfully, Defendants are likely to prevail on the merits in their appeal. This Court's order directly undermines the Executive Branch's efforts taken to prevent an expected increase in encounters at the southwest border following the termination of the Title 42 order issued by the Centers for Disease Control and Prevention (CDC). *See* Circumvention of Lawful Pathways, 88 Fed. Reg. 31,314 (May 16, 2023) (the "Rule"). The Rule helps prevent that potentially significant

---

[1] Defendants have conferred with Plaintiffs, who oppose the relief requested in this motion. Plaintiffs also oppose any request to decide the motion without a response and request until noon pacific July 26 to file a response.

increase in encounters at the southwest border, which would overwhelm the immigration system, incentivize human smuggling, lead to extreme overcrowding in border facilities, and undermine the ability of the Department of Homeland Security (DHS) and the Department of Justice (DOJ) to effectively manage the asylum and immigration system. The Court's order immediately harms the public by vacating this Rule, issued in accordance with the Departments' broad and express statutory authority over asylum. The order also undermines the Executive Branch's efforts, including its ongoing international diplomatic efforts, to share the burdens of irregular migration with other Western Hemisphere countries. Defendants acted within their statutory and constitutional authority to address an anticipated influx of migrants, and the Court's injunction irreparably harms the Government and jeopardizes important national interests. The organizational Plaintiffs, by contrast, have identified only speculative harms to their abstract missions and to their administrative interests they claim they would suffer from implementation of the Rule.

## STANDARD OF REVIEW

In deciding a motion to stay an order pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

## ARGUMENT

**I. The Balance of Harms Weighs Strongly in Favor of a Stay.**

As explained below and in Defendants' previous submissions, ECF No. 176-1 at 34-35; ECF No. 182 at 24-25, the serious and irreparable harms to the Government and public from the Court's order outweigh any harm Plaintiffs might suffer if the order is stayed pending appeal. The Supreme Court has reached similar conclusions in other cases involving border management and foreign policy when it stayed in full the injunction issued by this court in *Barr v. East Bay Sanctuary Covenant*, 140 S. Ct. 3 (2019), and by other district courts in *Trump v. Hawaii*, 138 S. Ct. 542 (2017) and *Trump v. Int'l Refugee Assistance Project (IRAP)*, 138 S. Ct. 542 (2017). The

Supreme Court and Ninth Circuit held similarly when they stayed an injunction restraining the Migrant Protection Protocols, *Innovation L. Lab v. McAleenan*, 924 F.3d 503, 510 (9th Cir. 2019); *Wolf v. Innovation L. Lab*, 140 S. Ct. 1564 (2020), as did the Supreme Court and Fifth Circuit concerning injunctions pertaining to the border wall—another significant border management issue, *Trump v. Sierra Club*, 140 S. Ct. 1 (2019) (granting stay pending appeal); *El Paso Cty., Texas v. Trump*, 982 F.3d 332, 337 (5th Cir. 2020) (noting a motion panel had stayed the district court's injunction pending appeal), *cert. denied*, No. 20-298 (2021). In those cases, the Supreme Court and circuit courts necessarily determined the harms to the Government's border-management and foreign-policy interests from the injunctions were irreparable and outweighed any harms to the plaintiffs' interests. *See Nken*, 556 U.S. at 434. The Government's foreign policy and border-management interests here—which relate to efforts with Mexico and other countries to address irregular migration, as well as the Government's efforts to prevent an unprecedented increase in the number of migrants seeking to illegally enter the United States at the southwest land border that would overwhelm the Departments' ability to effectively manage the asylum system, the border, and removal of noncitizens—are similarly weighty.

This Court's order undermines the Executive Branch's constitutional and statutory authority to implement its immigration priorities and secure the border. The Executive Branch's protection of these interests warrants the utmost deference, particularly where, as here, it acts based on "[p]redictive judgment[s]" regarding the Rule's effect on the border and negotiations with foreign countries. *Dep't of the Navy v. Egan*, 484 U.S. 518, 529 (1988); *see Holder v. Humanitarian Law Project*, 561 U.S. 1, 33-35 (2010). Thus, a stay pending appeal is appropriate where the Court's order presents "not merely an erroneous adjudication of a lawsuit between private litigants, but an improper intrusion by a federal court into the workings of a coordinate branch of the Government." *INS v. Legalization Assistance Project*, 510 U.S. 1301, 1305-06 (1993) (O'Connor, J., in chambers).

The Court's order preventing the Government's chosen means of implementing its statutory authorities concerning asylum and expedited removal imposes irreparable harm on the Government and the public, as previously explained. ECF No. 176-1 at 34-35; ECF No. 182 at

24-25. The injunction frustrates the "public interest in effective measures to prevent the entry of" unauthorized noncitizens at the Nation's borders, *United States v. Cortez*, 449 U.S. 411, 421 n.4 (1981), by setting aside the Executive Branch's chosen means of responding to an anticipated, imminent increase in encounters at the southwest border—of tens of thousands of noncitizens seeking to enter our country in response to the end of Title 42, overwhelming the immigration system, incentivizing human smuggling, and leading to dangerous overcrowding in border facilities. The public interest is served by encouraging noncitizens to avail themselves of lawful, safe, and orderly pathways to entering and seeking asylum in this country and elsewhere, and ensuring the Departments' continued ability to safely, effectively, and humanely enforce and administer U.S. immigration law, including provisions concerning asylum and removal. The relief ordered by the Court thus would "deeply intrude[] into the core concerns of the executive branch," *Adams v. Vance*, 570 F.2d 950, 954 (D.C. Cir. 1978), and undermine the "efficient administration of the immigration laws at the border," *Innovation Law Lab*, 924 F.3d at 510.

As the Government has already explained, but for the Rule, which depends on a balance of both consequences and incentives, encounters were predicted to have been significantly higher, overwhelming border enforcement resources at great risk to the public, migrants, and DHS officers. 88 Fed. Reg. at 31,315, 31,331, 31,337-38, 31,442; ECF 176-2 (Declaration of Blas Nuñez-Neto, Assistant Secretary for Border and Immigration Policy), ¶¶ 3, 7-24. Indeed, in the run-up to the Title 42 order's termination, encounters rose to record levels, averaging up to 10,000 per day, causing dangerous overcrowding in facilities and overwhelming limited CBP and ICE resources. *Id*., ¶¶ 9-12. While, as a result of the Rule, those numbers dropped after May 11 to an average of 3,400 per day, DHS statistical models show that absent the Rule, those numbers could rapidly rise again to 10,000 encounters a day or higher, causing a potentially significant spike in encounters at the border. *Id*., ¶¶ 4, 25-37; *see also id*., ¶¶ 27-39 (describing serious harms to DHS's ability to effectively enforce the immigration laws if the Rule is vacated). And DHS recently reported in June the lowest encounter numbers since February 2021. *See* CBP Releases June 2023 Monthly Update (July 18, 2023), *available at* https://www.cbp.gov/newsroom/national-media-release/cbp-releases-june-2023-monthly-update

(noting that "the U.S. Border Patrol recorded 99,545 encounters between ports of entry along the Southwest border: a 42% decrease from May 2023," that "[t]otal Southwest border encounters in June, including individuals who presented at ports of entry with or without a CBP One appointment, were 144,607, a 30% decrease from May 2023," and that "[t]hese are the lowest monthly Southwest border encounter numbers since February 2021"); *see also* https://www.cbp.gov/newsroom/stats/southwest-land-border-encounters (listing statistics)).[2] The Rule is a direct cause of that decrease. ECF 176-2, ¶¶ 13-24.

Further, the Supreme Court has warned of "the danger of unwarranted judicial interference in the conduct of foreign policy," *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 116 (2013), and has cautioned against judicial orders that undermine "sensitive and weighty interests of … foreign affairs," *Humanitarian Law Project*, 561 U.S. at 33-34. The Court's order does just that, by vacating a rule that implements the result of ongoing diplomatic negotiations and is necessary to securing continued foreign Government cooperation with the United States' foreign policy goals. ECF 176-2, ¶¶ 40-47.

Moreover, the extraordinary harms the United States faces as a result of the order significantly outweigh any harm the four organizational Plaintiffs might face from a stay pending appeal. Indeed, Plaintiffs do not identify a single noncitizen affected by the Rule and instead allege abstract goals or speculative injuries "in terms of money, time and energy"—but that is not irreparable injury that can outweigh the harms caused by the order. *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Nor is the claimed loss of an opportunity to comment sufficient. *See Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 545 (1987); *Elk Assocs. Funding Corp. v. U.S. Small Bus. Admin.*, 858 F. Supp. 2d 1, 31 (D.D.C. 2012). And Plaintiffs may not rely on possible harm to third parties whom they do not represent in asserting injury warranting relief. *See United States v. Texas*, 143 S. Ct. 1964, 1971 (2023) (explaining that individuals or entities not directly regulated by immigration law lack Article III standing to challenge the Executive Branch's decisions concerning enforcement or non-enforcement of those laws against third parties).

---

[2] *See United States v. Orozco-Acosta*, 607 F.3d 1156, 1164 n.5 (9th Cir. 2010) (taking judicial notice of statistics compiled by DHS and DOJ); *United States v. Esquivel*, 88 F.3d 722, 726-27 (9th Cir. 1996) (similar, on appeal, even if not presented to the district court).

## II. Defendants Are Likely to Prevail on the Merits.

Recognizing this Court has reached a contrary conclusion, Defendants nonetheless respectfully submit a stay pending appeal is additionally warranted because Defendants are likely to succeed on the merits of their appeal. *See Nken*, 556 U.S. at 434. Specifically, as Defendants explained in their briefing and at argument, the Rule is consistent with the asylum statute, is not arbitrary and capricious, and satisfies all applicable procedural requirements. ECF No. 176-1 at 10-32; ECF No. 182 at 2-22.

## CONCLUSION

For the reasons stated above and in Defendants' prior briefing, Defendants respectfully request the Court grant a stay pending appeal, and respectfully request a decision by end of the day, July 26, 2023.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

By: /s/ *Erez Reuveni*
EREZ REUVENI
Assistant Director
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov

PATRICK GLEN
CHRISTINA P. GREER
*Senior Litigation Counsel*

Dated: July 25, 2023            *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the Northern District of California by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Erez Reuveni*
EREZ REUVENI
Assistant Director
United States Department of Justice
Civil Division