Omar C. Jadwat*
Lee Gelernt*
Anand Balakrishnan**
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*ojadwat@aclu.org*
*lgelernt@aclu.org*
*abalakrishnan@aclu.org*

Katrina Eiland (SBN 275701)
Morgan Russell (SBN 296137)
Spencer Amdur (SBN 320069)
Oscar Sarabia Roman (SBN 341385)
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0770
F: (415) 395-0950
*keiland@aclu.org*
*mrussell@aclu.org*
*samdur@aclu.org*
*osarabia@aclu.org*

*Attorneys for Plaintiffs (additional counsel listed on following page)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| East Bay Sanctuary Covenant, *et al.*, <br><br>*Plaintiffs*, <br><br>v. <br><br>Joseph R. Biden, President of the United States, *et al.*, <br><br>*Defendants*. | Case No.: 18-cv-06810-JST <br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO STAY ORDER AND FINAL JUDGMENT PENDING APPEAL** |

Melissa Crow*
CENTER FOR GENDER & REFUGEE STUDIES
1121 14th Street, NW, Suite 200
Washington, DC 20005
T: (202) 355-4471
F: (415) 581-8824
crowmelissa@uchastings.edu

Anne Peterson (SBN 258673)
Blaine Bookey (SBN 267596)
Julie Bourdoiseau (SBN 340462)
Karen Musalo (SBN 106882)
CENTER FOR GENDER & REFUGEE STUDIES
200 McAllister Street
San Francisco, CA 94102
T: (415) 610-5729
F: (415) 581-8824
petersonanne@uchastings.edu

Robert Pauw**
CGRS Cooperating Attorney
GIBBS HOUSTON PAUW
1000 Second Avenue, Suite 1600
Seattle, WA 98104
T: (206)682-1080
F: (206)689-2270
rpauw@ghp-law.net

Keren Zwick*
Richard Caldarone*
Colleen Cowgill (SBN 321542)
Mary Georgevich*
NATIONAL IMMIGRANT JUSTICE CENTER
224 S. Michigan Ave., Suite 600
Chicago, IL 60604
T: (312) 660-1370
F: (312) 660-1505
kzwick@heartlandalliance.org
rcaldarone@heartlandalliance.org
ccowgill@heartlandalliance.org
mgeorgevich@heartlandalliance.org

Michelle (Minju) Y. Cho (SBN 321939)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
T: (415) 621-2493
F: (415) 255-1478
mcho@aclunc.org

*Attorneys for Plaintiffs*

*Admitted Pro hac vice
** Application for admission pro hac vice forthcoming*

# INTRODUCTION

The Court should deny the government's motion for a stay of this Court's summary judgment order pending appeal. ECF No. 190 ("Mot."). The Court has already stayed its order for 14 days at the government's request to permit it to seek emergency relief from the Court of Appeals. The government's motion presents no persuasive reason for the Court to depart from that judgment and grant a longer stay.

The government's predictions that the Court's vacatur of the Rule will result in an unmanageable increase in border encounters are based on an inapt comparison to the days before Title 42 expired. Moreover, this Court's order will leave in place the parole programs and other policies the government has touted as reducing encounter numbers. The government's vague appeals for deference to its border and foreign policy plans are foreclosed by the Ninth Circuit's decisions affirming injunctions against the two prior asylum bans. Meanwhile, the government ignores the harm to the public interest that results from unlawfully removing asylum seekers to persecution. And as the reasoning of this Court's order makes clear, the government is not likely to succeed on the merits of its appeal.

# ARGUMENT

## I.   The Balance of Harms Weighs Decisively Against a Longer Stay.

The core of the government's equitable argument is its renewed assertion that *the Rule* has caused a significant decrease in encounters at the southwest border since Title 42 ended, such that vacatur will cause an unmanageable increase. Mot. 4-5. But the government's predictions are flawed for numerous reasons.

For example, the government assumes that, without the Rule, encounter numbers will return to the levels that occurred in the final days before Title 42 ended. But as the government has acknowledged, encounter numbers were anomalously high under Title 42, which imposed no legal consequences on expulsion to Mexico and therefore encouraged repeat crossings. ECF No. 181 at 30. Because of this, people had a particular incentive to attempt repeated crossings in the final days before the policy's announced end on May 11, that is "before—not after—Title 42's expiration." ECF No. 176-2 ¶ 22. It makes no sense to assume that, without the Rule, encounters under Title 8

with its attendant consequences would match encounters under Title 42, much less the unusually high numbers in the final days of Title 42.

Relatedly, the government's assertion that the Rule caused a substantial decrease in encounters from May to June relies on a flawed comparison of *total* encounters, which include repeat encounters. *See* Mot. 4-5. As the Rule acknowledges, "39 percent of all Title 42 expulsions [were] followed by a re-encounter of the same individual within 30 days versus a 9 percent 30-day reencounter rate for Title 8 repatriations." 88 Fed. Reg. 31,314, 31,335 (May 16, 2023). Because this dramatically different re-encounter rate distorts the encounter figures for May, the more relevant comparison would be the difference in *unique* encounters between May and June. There were 136,673 "unique individuals encountered" at the southern border in May.[1] Notably, DHS has not made public the equivalent unique encounter figure for June.[2] But assuming the 144,607 total southwest border encounters in June[3]—all of which were under Title 8—involved the same 9 percent re-encounter rate as prior Title 8 encounters over the last three years, 88 Fed. Reg. at 31,335, that would mean there were approximately 131,600 unique encounters in June. That is just 4 percent fewer unique encounters than the 136,673 unique encounters in May.

Additionally, vacatur of the Rule will leave in place other initiatives like the parole programs and the policy of removing certain third-country nationals to Mexico, which the government has touted as "yielding a substantial decrease in encounter numbers." *See, e.g.*, 88 Fed. Reg. at 31,316. The CBP One scheduling system will also remain available. *See* ECF No. 182 at 7 n.4 (acknowledging that the existence of such "pathways" do not depend on the Rule). Whatever benefits these programs provide the agencies will therefore be unaffected by the Court's order.

The government also broadly warns against "judicial interference" in its asserted "border-management and foreign-policy interests." Mot. 3, 5. However, the prior asylum bans that this Rule repackages even more explicitly asserted "foreign affairs" concerns, as part of their rationale

---

[1] Customs & Border Protection, CBP Releases May 2023 Monthly Operational Update (June 20, 2023), https://www.cbp.gov/newsroom/national-media-release/cbp-releases-may-2023-monthly-operational-update.
[2] *See* Customs & Border Protection, CBP Released June 2023 Monthly Update (July 18, 2023), https://www.cbp.gov/newsroom/national-media-release/cbp-releases-june-2023-monthly-update.
[3] *Id.*

2

for bypassing notice and comment. Nonetheless, this Court's injunctions were affirmed on the merits by the Ninth Circuit, which held in both cases that the same equitable factors applicable here favored enjoining those earlier rules. *E. Bay Sanctuary Covenant (EBSC) v. Garland*, 994 F.3d 962, 984-85 (9th Cir. 2021); *EBSC v. Biden*, 993 F.3d 640, 677-79 (9th Cir. 2021). While "the public has an interest in relieving burdens on the asylum system and the efficient conduct of foreign affairs," "as [this Court] noted, 'shortcutting the law, or weakening the boundary between Congress and the Executive, are not the solutions to these problems.'" *EBSC v. Garland*, 994 F.3d at 985.

The government also wrongly disregards the public interest in "'ensuring that we do not deliver [noncitizens] into the hands of their persecutors,' and 'preventing [noncitizens] from being wrongfully removed, particularly to countries where they are likely to face substantial harm.'" *EBSC v. Biden*, 993 F.3d at 678 (citations omitted). Contrary to the government's assertion that "Plaintiffs do not identify a single noncitizen affected by the Rule," Mot. 5, it is undisputed that every week that passes with the Rule in effect, thousands more noncitizens are being barred from asylum and ordered removed solely because of the Rule. ECF No. 176-2 ¶ 16 (more than 4,000 noncitizens ordered removed due to the Rule from May 12 to June 13, 2023, with "thousands more" being processed under the Rule as of June 16).

**II.    The Government is Unlikely to Prevail on the Merits.**

The government's motion does not identify any specific defects in this Court's reasoning, instead simply directing the Court to its prior briefing on the merits of Plaintiffs' claims. Mot. 6. For the reasons set forth in the Court's Order and in Plaintiffs' summary judgment briefs, ECF No. 169-1 and 181, the government is unlikely to prevail on the merits in its appeal.

**CONCLUSION**

The Court should deny the government's motion for a stay pending appeal.

| | |
|---|---|
| Dated: July 26, 2023 | Respectfully submitted, |
| | /s/ Katrina Eiland |
| Lee Gelernt* | Katrina Eiland (SBN 275701) |
| Omar Jadwat* | Morgan Russell (SBN 296137) |
| Anand Balakrishnan** | Spencer Amdur (SBN 320069) |
| AMERICAN CIVIL LIBERTIES UNION | Oscar Sarabia Roman (SBN 341385) |
| FOUNDATION | AMERICAN CIVIL LIBERTIES UNION |
| IMMIGRANTS' RIGHTS PROJECT | FOUNDATION |
| 125 Broad St., 18th Floor | IMMIGRANTS' RIGHTS PROJECT |
| New York, NY 10004 | 39 Drumm Street |
| T: (212) 549-2660 | San Francisco, CA 94111 |
| F: (212) 549-2654 | T: (415) 343-1198 |
| lgelernt@aclu.org | F: (415) 395-0950 |
| ojadwat@aclu.org | keiland@aclu.org |
| abalakrishnan@aclu.org | mrussell@aclu.org |
| | samdur@aclu.org |
| Melissa Crow* | osarabia@aclu.org |
| CENTER FOR GENDER & REFUGEE STUDIES | |
| 1121 14th Street, NW, Suite 200 | |
| Washington, D.C. 20005 | Keren Zwick* |
| T: (202) 355-4471 | Richard Caldarone* |
| F: (415) 581-8824 | Colleen Cowgill (SBN 321542) |
| crowmelissa@uchastings.edu | Mary Georgevich* |
| | NATIONAL IMMIGRANT JUSTICE CENTER |
| Anne Peterson (SBN 258673) | 224 S. Michigan Ave., Suite 600 |
| Blaine Bookey (SBN 267596) | Chicago, Illinois 60604 |
| Julie Bourdoiseau (SBN 340462) | T: (312) 660-1370 |
| Karen Musalo (SBN 106882) | F: (312) 660-1505 |
| CENTER FOR GENDER & REFUGEE STUDIES | kzwick@heartlandalliance.org |
| 200 McAllister Street | rcaldarone@heartlandalliance.org |
| San Francisco, CA 94102 | ccowgill@heartlandalliance.org |
| T: (415) 610-5729 | mgeorgevich@heartlandalliance.org |
| F: (415) 581-8824 | |
| petersonanne@uchastings.edu | Michelle (Minju) Y. Cho (SBN 321939) |
| | AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA, INC. |
| Robert Pauw** | 39 Drumm Street |
| CGRS Cooperating Attorney | San Francisco, CA 94111 |
| GIBBS HOUSTON PAUW | T: (415) 621-2493 |
| 1000 Second Avenue, Suite 1600 | F: (415) 255-1478 |
| Seattle, WA 98104 | mcho@aclu.org |
| T: (206)682-1080 | |
| F: (206)689-2270 | |
| rpauw@ghp-law.net | |

*Attorneys for Plaintiffs*

*\*Admitted Pro hac vice*

*\*\* Application for pro hac vice admission forthcoming*