BRETT A. SHUMATE
Assistant Attorney General
DREW C. ENSIGN
Deputy Assistant Attorney General
SAMUEL P. GO
Assistant Director
KATHERINE J. SHINNERS
Senior Litigation Counsel

      U.S. Department of Justice
      Civil Division
      Office of Immigration Litigation
      P.O. Box 878, Ben Franklin Station
      Washington, D.C. 20044
      Telephone: (202) 598-8259
      Katherine.j.shinners@usdoj.gov

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| East Bay Sanctuary Covenant, *et al.*, | ) CASE NO. 4:18-cv-06810-JST |
|     Plaintiffs, | ) |
|   v. | ) DEFENDANTS' NOTICE REGARDING ) INTERPRETATION OF MAY 7 ORDER |
|  Donald J. Trump, *et al.*, | ) |
|     Defendants. | ) |
| | ) |

## <u>DEFENDANTS' NOTICE REGARDING INTERPRETATION OF MAY 7 ORDER</u>

On May 7, 2026, the Court issued an Order (ECF 226, the "May 7 Order"), reaffirming its prior order (ECF 187) that had granted Plaintiffs' Motion for Summary Judgment, denied Defendants' Motion for Summary Judgment, and vacated the Circumvention of Lawful Pathways ("the Rule"), 88 Fed. Reg. 31,314 (May 16, 2023).

Defendants write to notify the Court of their position that judgment has not been entered in this matter. Vacatur is a final, not a preliminary, remedy. But final remedies do not become effective until appealable, when final judgment is entered. *See* Fed. R. Civ. P. 54(a) (judgment is "any order from which an appeal lies"); 54(b) (any order that adjudicates fewer than all the claims "may be revised at any time

NOTICE
4:18-CV-06810 JST               1

before the entry of a judgment adjudicating all the claims"). Here, there remain claims pending in this case that challenge a different Rule and that were not decided by the Court's summary judgment order, *see* Am. Compl. (ECF 164) ¶¶ 238-245, and the Court has not directed entry of a partial final judgment under Federal Rule of Civil Procedure 54(b). Thus, to the extent the May 7, 2026 Order ordered relief in the form of vacatur of the Rule, Defendants do not understand that vacatur relief to be immediately effective because the Court has not entered final judgment and the Court did not issue a preliminary injunction under Rule 65. *See Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("partial summary judgment as applied to an interlocutory summary adjudication is often a misnomer" as "partial summary judgment is merely a determination before the trial that certain issues shall be deemed established in advance of the trial"); Fed. R. Civ. P. 54(b) (providing that, absent certification of partial final judgment, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties").

Undersigned counsel has notified Plaintiffs of Defendants' position and of the intent to file this notice with the Court; Plaintiffs' counsel indicated that Plaintiffs intend to file a response to this notice.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

SAMUEL P. GO
Assistant Director

By: */s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8259
Email: katherine.j.shinners@usdoj.gov

Dated: May 20, 2026                     Attorneys for Defendants